**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES HAUGEN,** | : | |
| | : | Case No. 1:18-cv-07297 |
| **Plaintiff,** | : | |
| | : | Judge Elaine E. Bucklo |
| **v.** | : | |
| | : | |
| **ROUNDY'S ILLINOIS, LLC d/b/a** | : | |
| **MARIANO'S,** | : | |
| | : | **DEFENDANT'S ANSWER AND** |
| **Defendant.** | : | **AFFIRMATIVE DEFENSES** |

Now comes Defendant Roundy's Illinois, LLC d/b/a Mariano's ("Defendant") and for its

Answer to the Complaint states as follows:

### I.    NATURE OF ACTION

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,*

the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS

§105/1 *et seq.,* and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the

Municipal Code of Chicago.

**ANSWER**:    To the extent the allegations in Paragraph 1 purport to characterize the

Complaint, Defendant denies those allegations because the Complaint speaks for itself.  Defendant

denies any remaining allegations in Paragraph 1.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C.

§§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* and for the supplemental Illinois

statutory claim and Chicago municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the

Northern District of Illinois in that during all times relevant to the employment relationship,

Plaintiff performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

**ANSWER**:  Defendant admits it engages in business in this district and that Plaintiff worked for Defendant in this district.  The remaining allegations in Paragraph 2 call for legal conclusions to which no responses are required.  Defendants deny any remaining allegations in Paragraph 2.

III.    **THE PARTIES**

3.    Defendant, ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S (herein referred to as "Defendant"), operates a chain of grocery stores that sell food, prepared food, beverages, including alcoholic beverages and other consumer products to customers. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(l)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

**ANSWER**:  Defendant admits it operates a chain of grocery stores.  Defendant neither admits nor denies that it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) or that it is an "employer", as these are legal conclusions to which no responses are required.  Defendants deny any remaining allegations in Paragraph 3.

4.    Plaintiff, JAMES HAUGEN (hereinafter referred to as "Plaintiff"), is a former employee who performed customer service and general store clerk duties under the direction of Defendant's management and who was compensated as a salary-exempt employee and denied

overtime compensation for hours worked in excess of 40 in a workweek. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant and were improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**ANSWER**:  Defendant admits Plaintiff was a former employee, that he was properly classified as exempt, and that he did not receive overtime compensation for hours worked in excess of 40 in a workweek.  Defendant denies that Plaintiff has identified a set of similarly situated Plaintiffs appropriate for class or collective treatment and denies that Plaintiff was entitled to overtime.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies the same.

5.     The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were and are subject to the non-compliant policies and practices alleged herein – namely the misclassification as "salary-exempt" and non-payment of overtime for hours worked in excess of 40 in a work week. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

**ANSWER**:  Defendant denies the allegations in Paragraph 5.

6.     The total amount of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information that is substantially, if not completely, within the control and possession of Defendant,

in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

**ANSWER**:  Defendant admits it maintains employment records.  Defendant denies that Plaintiff has identified a set of similarly situated persons appropriate for class or collective treatment and denies the remaining allegations in Paragraph 6.

## IV.       STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

7.       Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**ANSWER**:  To the extent the allegations in Paragraph 7 purport to characterize Plaintiff's Complaint, Defendant denies those allegations because the Complaint speaks for itself.  Defendant denies Plaintiff's claims have any merit and denies any remaining allegations in Paragraph 7.

### Illinois Minimum Wage Law

8.       Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.,* Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

**ANSWER**:  To the extent the allegations in Paragraph 8 purport to characterize Plaintiff's Complaint, Defendant denies those allegations because the Complaint speaks for itself.  Defendant denies Plaintiff's claims have any merit and denies any remaining allegations in Paragraph 8.

**Chicago Minimum Wage Ordinance**

9.      Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the

Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back

wages earned on or before the date three (3) years prior to the filing of this action. Each and every

Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under

this Count V.

**ANSWER**:  To the extent the allegations in Paragraph 9 purport to characterize Plaintiff's

Complaint, Defendant denies those allegations because the Complaint speaks for itself.  Defendant

denies Plaintiff's claims have any merit and denies any remaining allegations in Paragraph 9.

**V.      FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

10.      Plaintiff, at all times pertinent to the cause of action, was employed by Defendant,

said employment being integral and indispensable to Defendant's business.

**ANSWER**:  Defendant admits it employed Plaintiff.  Defendant denies any remaining

allegations in Paragraph 10.

11.      During Plaintiff's employment, Defendant paid Plaintiff on an exempt salary

compensation plan. The job duties of Plaintiff, and other members of the Plaintiff class who were

similarly classified, did not and do not qualify under any of the salary exemptions established by

the FLSA.

**ANSWER**:  Defendant admits it properly paid Plaintiff on an exempt salary basis.

Defendant denies any remaining allegations in Paragraph 11.

12.      Plaintiff, and members of the Plaintiff class, worked in excess of forty (40) hours

in a workweek without pay for all hours worked over forty (40) at a rate of time and one-half their

regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein

relied upon.

5

**ANSWER**:  Defendant admits that it did not pay Plaintiff overtime compensation for work in excess of 40 hours per workweek.  Defendant denies that Plaintiff has identified a set of similarly situated persons appropriate for class or collective treatment, denies that Plaintiff was owed overtime, and denies the remaining allegations in Paragraph 12 of the Complaint.

13.     Defendant has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, requiring work to be performed without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek.

**ANSWER**:  Defendant denies the allegations in Paragraph 13.

## COUNT I

## VIOLATIONS OF FAIR LABOR STANDARDS ACT

1-13.   Paragraphs 1 through 13 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 13 of this Count I.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

14.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

**ANSWER**:  Defendant denies the allegations in Paragraph 14.

15.     Defendant has during certain times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, as described above.

**ANSWER**:  Defendant denies the allegations in Paragraph 15.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d)     for such additional relief as the Court deems appropriate under the circumstances.

**ANSWER**:  In response to the unnumbered "WHEREFORE" Paragraph, including all of its subparts, Defendant denies Plaintiff is entitled to the relief he seeks or any relief whatsoever.

## COUNT II

### WILLFULL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-15.   Paragraphs 1 through 15 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 15 of Count II.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

16.     Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER**:  Defendant denies the allegations in Paragraph 16.

17.     Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

**ANSWER**:  Defendant denies the allegations in Paragraph 17.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     for such additional relief the Court deems appropriate under the circumstances.

**ANSWER**:  In response to the unnumbered "WHEREFORE" paragraph, including all of its subparts, Defendant denies Plaintiff is entitled to the relief he seeks or any relief whatsoever.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-17.    Paragraphs 1 through 17 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 17 of Count III.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

18.     In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER**:  Defendant denies the allegations in Paragraph 18.

19.     The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

**ANSWER**:  Defendant denies the allegations in Paragraph 19.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding liquidated damages equal to the amount of all unpaid compensation;

(b)     awarding Plaintiffs reasonable attorney's fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)     for such additional relief the Court deems appropriate under the circumstances.

**ANSWER**:  In response to the unnumbered "WHEREFORE" paragraph, Defendant denies Plaintiff is entitled to the relief he seeks or any relief whatsoever.

**COUNT IV**

**SUPPLEMENTAL STATE LAW CLAIM**
**VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW**

1-19.    Paragraphs 1 through 20 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 20 of this Count IV.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

20.     As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

**ANSWER**:  Defendant denies the allegations in Paragraph 20.

21.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

**ANSWER**:  To the extent the allegations in Paragraph 21 purport to characterize the Illinois Minimum Wage Law, Defendant denies those allegations because the Illinois Minimum Wage Law speaks for itself.  Defendant denies any remaining allegations in Paragraph 21.

22.     Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

**ANSWER**:  Defendant denies the allegations in Paragraph 22.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)  declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)  awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)  allowing this Court to retain jurisdiction of the case until such time it is assured Defendant have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)  directing Defendant to pay to Plaintiffs reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e)  for such additional relief the Court deems just and appropriate under the circumstances.

**ANSWER**:  In response to the unnumbered "WHEREFORE" Paragraph, including all of its subparts, Defendant denies Plaintiff is entitled to the relief he seeks or any relief whatsoever.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-22.  Paragraphs 1 through 23 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count V.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

23.  Plaintiff, and members of the Plaintiff Class, was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

**ANSWER**:   The allegations in Paragraph 23 call for legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24.    Defendant was an "employer" as defined in the CMWO§ 1-24-10.

**ANSWER**:   The allegations in Paragraph 24 call for a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations in Paragraph 24.

25.    Under § 1-24-040, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

**ANSWER**:  Defendant denies the allegations in Paragraph 25.

26.    Defendant's failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**ANSWER**:  Defendant denies the allegations in Paragraph 26.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs regular hourly rate of pay for all hours which Plaintiff and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b)    Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c)    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)    Such other and further relief as this Court deems appropriate and just.

**ANSWER**:  In response to the unnumbered "WHEREFORE" Paragraph, including all of its subparts, Defendant denies Plaintiff is entitled to the relief he seeks or any relief whatsoever.

27.   Defendant denies any allegation not expressly admitted herein.

## DEFENSES[1]

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiff bears the burden of proof as to any or all of these defenses.

## FIRST DEFENSE

Plaintiff's claims are barred to the extent that the Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, as they are without merit as to both law and fact.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of payment. Plaintiff was paid all compensation owed.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and in reliance upon, rulings, administrative regulations, interpretations,

---

[1] Defendant asserts its defenses with the understanding that the Court has not granted any motion for certification, and therefore the only claims presently before the Court are Plaintiff's individual claims; no claims of the allegedly similarly situated persons are before the Court. To the extent that this matter may subsequently be certified as a collective action—which Defendant opposes—Defendant's defenses would apply equally to the collective or class action claims. Additional defenses may also need to be added at that time.

orders, opinions, practices, or enforcement policies of the Department of Labor, including but not limited to within the meaning of 29 U.S.C. § 259.

### FIFTH DEFENSE

Plaintiff's claims must be dismissed as Plaintiff was an exempt employee and therefore not entitled to overtime compensation. Plaintiff was exempt pursuant to the administrative and executive exemptions, at a minimum.

### SIXTH DEFENSE

Plaintiff's claims are barred to the extent they exceed what is available under federal, state and local laws or ordinances.

### SEVENTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of release, waiver, estoppel, unclean hands, and laches.

### EIGHTH DEFENSE

Plaintiff's collective action claims are barred to the extent that Plaintiff lacks standing to bring the proposed collective action under the FLSA and the proposed class action under Illinois state law.

### NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by virtue of the fact that Defendant took and takes reasonable steps to ensure that its employees were and are paid properly, and despite Defendant's open door practices, at no time prior to the filing of this lawsuit did Plaintiff ever bring any concerns or complaints to Defendant similar to those alleged in this lawsuit. Had such claim or concern been raised, Defendant would have investigated the matter and taken whatever remedial steps necessary, if any, to remedy the situation.

**TENTH DEFENSE**

Plaintiff's collective action claims are barred to the extent that Plaintiff is not similarly situated to the purported collective action members whom Plaintiff seeks to represent, and Plaintiff's class action claims are barred to the extent that Plaintiff is unable to satisfy the requirements of Rule 23.

**ELEVENTH DEFENSE**

Plaintiff's claims for liquidated damages are barred because Defendant acted reasonably and in good faith at all times, and had reasonable grounds for believing that it fully complied with applicable law.

**TWELFTH DEFENSE**

Plaintiff's attempts to proceed as a collective action and as a class action have no bases in law or fact and Defendant should be awarded its fees and costs in defending against any attempt to proceed in this manner.

**THIRTEENTH DEFENSE**

Even if Plaintiff were a non-exempt employee (which he was not), Plaintiff's claims would be barred to the extent Plaintiff seeks compensation for time that does not constitute compensable working time within the meaning of the FLSA.

**FOURTEENTH DEFENSE**

Even if Plaintiff were a non-exempt employee (which he was not), if Plaintiff was not compensated for any hours worked, which Defendant denies, then such hours were worked without notice to Defendant, and were worked in violation of Defendant's policy and without the knowledge and sufferance of Defendant.

### FIFTEENTH DEFENSE

Plaintiff cannot maintain this action as a collective action or as a class action because no common questions of law or fact exist.

### SIXTEENTH DEFENSE

Plaintiff has not alleged claims sufficient to bring a collective action or a class action.

### SEVENTEENTH DEFENSE

Plaintiff has been paid all amounts to which he is legally entitled.

### EIGHTEENTH DEFENSE

Even if Plaintiff's allegations are true (which Defendant denies), to the extent that the time for which Plaintiff alleges that Plaintiff was not compensated, such time was insubstantial or insignificant, and these periods of time are "de minimis" and are not compensable under the FLSA or Illinois state law.

### NINETEENTH DEFENSE

Plaintiff cannot establish the requirements under the FLSA for a collective action or the requirements under Rule 23 for a class action.

### TWENTIETH DEFENSE

Even if Plaintiff were a non-exempt employee (which he was not), then to the extent that Plaintiff was not compensated for compensable working time, he was not compensated for this time as a direct result of his failure to follow Defendant's reasonable procedures for reporting time worked, pursuant to *White v. Baptist Memorial Hospital*, 699 F.3d 869 (6th Cir. 2012), and similar cases.

### TWENTY FIRST DEFENSE

Plaintiff's claims are barred either in whole or in part due to accord and satisfaction.

**TWENTY SECOND DEFENSE**

To the extent that Plaintiff received any overpayments during his employment with Defendant, any recovery in this matter is subject to a set-off for those overpayments.

**TWENTY THIRD DEFENSE**

Plaintiff is not entitled to prejudgment interest.

**TWENTY FOURTH DEFENSE**

Plaintiff cannot establish that any acts or omissions of Defendant were willful violations of the law.

**TWENTY FIFTH DEFENSE**

Even if Plaintiff was non-exempt and entitled to overtime compensation (which he was not), he would only be entitled to half time pay, as his salary was intended to fully compensate him for all hours worked.

**TWENTY SIXTH DEFENSE**

Defendant reserves the right to assert such other defenses as may arise during the course of this litigation.

WHEREFORE, having fully answered, Defendant demands Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs and attorney's fees associated with defending against Plaintiff's claims.

Respectfully submitted,
**ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S,**
**Defendant**

/s/ Christopher S. Griesmeyer
Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com

-and-

David K. Montgomery (admitted *Pro Hac Vice*)
Elizabeth Simmons Callan (admitted *Pro Hac Vice*)
Mark B. Gerano (admitted *Pro Hac Vice*)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: elizabeth.simmonscallan@jacksonlewis.com
Email: mark.gerano@jacksonlewis.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 2, 2019, a true and correct copy of the foregoing **Defendant's Answer and Affirmative Defenses to the Complaint** was electronically filed with the Court's CM/ECF system, which will provide notice to all counsel of record registered to receive notices.


Dated: January 2, 2019                Respectfully submitted,
                                      **ROUNDY'S ILLINOIS, LLC d/b/a**
                                      **MARIANO'S**

                                      /s/ Christopher S. Griesmeyer
                                      Christopher S. Griesmeyer (ARDC #6269851)
                                      GREIMAN, ROME & GRIESMEYER, LLC
                                      2 North LaSalle Street, Suite 1601
                                      Chicago, Illinois 60602
                                      Phone: (312) 428-2750/Fax: (312) 332-2781
                                      Email: cgriesmeyer@grglegal.com


4833-8076-3780, v. 1