IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JAMES HAUGEN,** | : |
| | : Case No. 1:18-cv-07297 |
| **Plaintiff,** | : |
| | : Judge Elaine E. Bucklo |
| **v.** | : |
| | : Magistrate Judge Rowland |
| **ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S,** | : |
| | : |
| **Defendant.** | : |
| | : |

**REPORT OF PARTIES' PLANNING MEETING
UNDER FED. R. CIV. P. 26(f)**

Pursuant to the Court's Minute Entry (Doc. 6) Plaintiff James Haugen ("Plaintiff") and Defendant Roundy's Illinois, LLC d/b/a Mariano's ("Defendant") hereby submit the following report of their planning conference:

1. <u>The Nature of the Case</u>

   A. Identify the attorneys of record for each party, including the lead trial attorney:

      1. Plaintiff: John W. Billhorn (lead trial attorney) and Samuel D. Engelson

      2. Defendant: David K. Montgomery (lead trial attorney), Elizabeth A. Simmons Callan, Mark B. Gerano, Christopher Griesmeyer.

   B. State the basis for federal jurisdiction.

      1. Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq*

      2. Describe the nature of the claims asserted in the complaint and any counterclaims.

      1. Claims asserted in the complaint:

Plaintiff brings claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* the Portal-to-Portal Act, 29 U.S.C. § 251, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago alleging that he was misclassified as "salary-exempt" and was not paid for overtime hours worked in excess of 40 in a work week. Defendant denies Plaintiff's claims, denies he was misclassified, and denies Plaintiff was entitled to any overtime payments.

    2. Counterclaims: None.

2. <u>Pending Motions and Case Plan</u>

    A. Identify all pending motions: None.

    B. Confirm the parties have read the district court's standing order for the MIDP program. Describe your discussions regarding MIDP, including resolved and unresolved disagreements regarding such discovery.

    The Parties have read the Court's standing order for the MIDP program. The parties do not have any disagreements regarding such discovery at this time.

    C. Submit a proposal for a discovery plan, including the following information.

        1. The type of discovery needed:

The Parties agree that discovery in this matter should be bifurcated. Phase I discovery will be limited to issues relevant to Plaintiff's anticipated Motion for Conditional Certification of his claims under the Fair Labor Standards Act ("FLSA") and the individual claims of the named Plaintiff. The Parties wish to avoid costly and potentially unnecessary class-wide written and deposition discovery until such time as the Court decides whether conditional certification is appropriate. Phase II discovery, if necessary, would address the merits of Plaintiff's class claims and alleged damages and any additional discovery necessary, should commence after the Motion for Conditional Certification has been fully briefed and ruled on. The dates outlined herein pertain to Phase I discovery only. After the Court decides Plaintiff's Motion for Conditional Certification, within fourteen (14) days, the Parties agree to conduct another Rule 26(f) conference and submit another Joint Discovery Plan outlining proposed dates for Phase II discovery, if necessary, further motion briefing, and trial.

        2. Defendant answered Plaintiff's complaint on January 2, 2019. Pursuant to the Court's standing order regarding the Mandatory Initial Discovery Pilot program, parties shall each submit their responses to the Mandatory Initial Discovery Pilot program by February 1, 2019. However, given that the Parties are engaging in

discussions toward an early resolution to this matter, the Parties respectfully request that this Court extend the Parties' deadline to submit MIDP to March 1, 2019.

3. A Date to Issue Written Discovery: If the Parties are permitted a 30-day extension, the parties shall issue written discovery by May 1, 2019.

4. A fact discovery completion date:

    The Parties shall complete Phase I fact discovery by August 1, 2019.

5. An expert discovery completion date, including dates for the delivery of expert reports:

    The Parties do not anticipate the need for expert discovery at this time but would reserve the right to revisit this issue at the conclusion of fact discovery.

6. A date for final supplementation of MIDP: The parties shall provide any MIDP supplemental materials by April 1, 2019.

7. A date for the filing of dispositive motions:

Plaintiff shall file his motion for conditional certification by October 1, 2019. Defendant shall file its memorandum in opposition by November 1, 2019. Plaintiff shall file any reply by November 15, 2019.

D. Discuss the anticipated scope, if any, of electronically stored information ("ESI") in the case and the potential methodologies for identifying ESI for production. Submit the parties' agreements regarding ESI and identify any areas of disagreement regarding ESI.

The Parties anticipate that ESI will be produced during this litigation in the form of emails, computer files, and other electronically-stored documents. The Parties agree that ESI should be initially produced in paper or PDF format and need only be produced in native format upon request and upon a showing by the requesting party that production in native format is necessary in order to discover relevant information, and subject to appropriate objections.

E. Indicate whether a jury is requested, the probable length of trial, and the earliest possible date when the case will be ready for trial.

Plaintiff made a demand for a jury trial. The length and anticipated date of trial will be determined once the Court decides whether this action will proceed as a collective or class action.

3. <u>Consent to Proceed Before a Magistrate Judge.</u>

The parties do not unanimously consent to proceed before a Magistrate Judge.

4. Status of Settlement Discussions.

   A. Indicate whether any settlement discussions have occurred: Yes.

   B. Describe the status of any settlement discussions.

The parties have exchanged initial emails as to how a settlement could potentially be reached but have not engaged in substantive discussions at this time.

   C. Specify whether the parties request a settlement conference. Not at this time.

|  | Respectfully submitted, |
|---|---|
| /s/ John W. Billhorn<br>John W. Billhorn<br>BILLHORN LAW FIRM<br>53 West Jackson Blvd., Suite 840<br>Chicago, IL 60604<br>Telephone: (312) 853-1450<br>Email: jbillhorn@billhornlaw.com<br><br>*Counsel for Plaintiff* | /s/<br>Christopher S. Griesmeyer (ARDC #6269851) (*by permission*)<br>GREIMAN, ROME & GRIESMEYER, LLC<br>2 North LaSalle Street, Suite 1601<br>Chicago, IL 60602<br>Telephone: (312) 428-2750<br>Email: cgriesmeyer@grglegal.com<br><br>David K. Montgomery (admitted *Pro Hac Vice*) (*by permission*)<br>Elizabeth Simmons Callan (admitted *Pro Hac Vice*) (*by permission*)<br>Mark B. Gerano (admitted *Pro Hac Vice*) (*by permission*)<br>JACKSON LEWIS P.C.<br>PNC Center, 26th Floor<br>201 E. Fifth Street<br>Cincinnati, OH 45202<br>Telephone: (513) 898-0050<br>Facsimile: (513) 898-0051<br>Email: david.montgomery@jacksonlewis.com<br>Email:elizabeth.simmonscallan@jacksonlewis.com<br>Email: mark.gerano@jacksonlewis.com<br><br>*Counsel for Defendant* |