IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HAUGEN AND CHRISTIAN GOLDSTON, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S <br><br> Defendant. | No. 18-cv-07297 <br><br> **Honorable Judge Elaine E. Bucklo** <br><br> Magistrate Judge Rowland |

## PLAINTIFFS' MOTION TO COMPEL
## DEFENDANT'S ANSWERS TO WRITTEN DISCOVERY

**NOW COME** Plaintiffs, by their attorneys of record, and for their Motion To Compel Defendant's Answers to Written Discovery, pursuant to F.R.C.P. 37(3)(b)(iii)-(iv), state as follows:

1. On November 1, 2018, Plaintiff filed this complaint under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law 820 ILCS 105/1, *et seq*. and the Chicago Minimum Wage Ordinance § 1-24-10 of the Municipal Code of Chicago. (CM/ECF Doc. 1)

2. On January 11, 2019, Plaintiff Christian Goldston filed his Consent form. (CM/ECF Doc. 14).

3. On May 1, 2019, Plaintiffs issued their first sets of Interrogatories and Requests for the Production of Documents to Defendant.

4. On June 26, 2019, following a twenty-one (21) day extension, and additional five (5) day extension, Defendant submitted their incomplete responses to Plaintiffs' written

1

discovery. Defendant improperly objected to Interrogatories Nos. 7, 9, 10 and 12 and Request for Production of Documents No. 6. (**See attached as Exhibit A and Exhibit B**).

5. On July 8, 2019, in accordance with L.R. 37.2, Plaintiffs submitted a letter to Defendants in an attempt to resolve the discovery dispute without involving the Court.

6. On July 16, 2019, Defendant responded to Plaintiffs' L.R. 37.2 letter stating that they would not provide the information to which Plaintiffs are entitled, without any reference to or support from relevant case law.

7. Over the course of the last three (3) weeks, Plaintiffs' counsel has attempted to engage in additional good-faith discussion regarding Defendant's refusal to answer the discovery requests detailed above, including offering to reduce the scope of the requests. Defendant has continued to refuse to produce all of the information sought by Plaintiffs. See attached **Declaration of John W. Billhorn and Samuel D. Engelson**.

8. The Northern District of Illinois has routinely and consistently permitted plaintiffs to obtain through discovery information related to the class of similarly situated plaintiffs, including names, employment information and contact information for the purpose of identifying persons eligible to receive a Court-approved Notice of the lawsuit, even prior to a plaintiff's motion for conditional certification. See *Acevedo v. Ace Coffee Bar, Inc.,* 248 F.R.D. 550, 553 (N.D.Ill.,2008) "…provisional certification is not necessarily a prerequisite for conducting limited discovery" for defining the proposed class" *Acevedo* at 553. The Court in *Acevedo* continued that:

> Collective actions under Section 216(b) necessitate a broader scope of discovery in order to identify similarly situated employees who may wish to opt-in to the suit. *Hammond,* 216 F.R.D. at 671. Because Plaintiffs are entitled to structure their suit to proceed as a class under Section 216(b), and because they may proceed with limited discovery prior to provisional certification, Defendants must comply with Plaintiffs' Interrogatories and Requests for

2

>    Production of Documents pertaining to the addresses and phone numbers of similarly situated employees.

*Acevedo* at 554 (N.D.Ill., 2008).

9. Additionally, Courts within both the Northern District of Illinois and the Seventh Circuit have permitted plaintiffs to discover the same at other stages in collective action litigation. See *Muir v. Guardian Heating and Cooling Services, Inc.*, 2017 WL 959028, (N.D.Ill., 2017); *Boltinghouse v. Abbott Laboratories, Inc.*, 196 F.Supp.3d 838, 844 (N.D.Ill., 2016)[1]; *Shumate v. Genesco, Inc.*, 2018 WL 259942, at *5 (S.D.Ind., 2018)[2].

10. Defendant has no basis to object or otherwise withhold the information requested by Plaintiffs' discovery relative to the class of People Service Managers ("PSM"s). The Seventh Circuit and Northern District of Illinois have soundly and repeatedly rejected arguments made by Defendant employers that objected and refused to produce information relative to the putative class either pre or post conditional certification. See *Acevedo* at 554-55[3]; *Russell v. Illinois Bell Telephone Co.*, 575 F.Supp.2d 930, 939 (N.D.Ill., 2008)[4].

11. The information sought by the Plaintiffs through Interrogatories and Requests for Production of Documents is relevant and proportionate in accordance with the Federal Rules of Civil Procedure, within the scope of the first phase of collective action discovery and has been supported by a bevy of case law in this Circuit.

12. Throughout the R.37.2 dialogue, Defendant has consistently and exclusively anchored its assertion that it should not be required to submit the requested information on

---

[1] "Plaintiffs' request for potential plaintiffs' names, phone numbers, and physical addresses is standard practice in this district." *Boltinghouse* at 844.
[2] Plaintiff was entitled to discover the names, addresses, telephone numbers, email addresses, and dates of employment of similarly situated employees to inform them of this pending action. *Shumate* at 5.
[3] The Court rejected Defendants' argument that information relative to the putative class should not be produced in the interest of privacy. *Acevedo* at 554-55.
[4] Plaintiff's interest in locating and contacting similarly situated employees outweighs the limited privacy interests. *Russell* at 939.

the argument that the Parties, in their planning report to the Court, "agreed" to conduct "bifurcated" discovery. While the planning report did indeed contemplate bifurcated discovery, that agreement of course contemplated only that discovery related to details of work hours and pay rates and resulting damages of absent class members, should this Court ultimately grant preliminary or conditional certification under either §216(b) of the FLSA or under FRCP 23, that agreement does not negate the long-standing authority that allows class representative Plaintiffs to learn the identity and contact information of potential class members. These individuals may possess their own claims and at the very least, would be expected to possess information relative to the named Plaintiffs' claims and the claims of the potential class.

13. Furthermore, should Plaintiffs' case take the form of a collective action pursuant to 29 U.S.C. §216(b), Defendants' delays have prejudiced unknown members of the Plaintiff Class as certain class members may be forced to surrender otherwise compensable work weeks which, because of Defendants' refusal to appropriately respond to Plaintiffs' discovery, could fall outside of the applicable statute of limitations. Plaintiffs request that should this case take the form of a §216(b) opt-in collective action under the provisions of the FLSA, any opt-in Plaintiff who suffers a loss of work weeks to the statute of limitations should have their limitations period tolled for an amount of time commensurate with Defendant's delayed discovery responses.

WHEREFORE, Plaintiffs request this Court to enter an Order requiring Defendant respond in full to all outstanding written discovery within fourteen (14) days. Plaintiff also

4

requests that this Court enter an Order tolling the statute of limitations for all similarly situated plaintiffs for the duration of Defendants' delay, and for such other relief the Court deems appropriate under the circumstances.

Respectfully Submitted,

*Electronically Filed 8/12/2019*

/s/ John W. Billhorn

Samuel D. Engelson
Attorneys for Plaintiff

Billhorn Law Firm
53 W. Jackson Blvd., Suite 401
Chicago, Illinois 60604