**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMES HAUGEN, ET AL. ) | |
| ) | Case No.  1:18-CV-07297 |
| Plaintiffs, ) | |
| ) | Judge Elaine E. Bucklo |
| v. ) | |
| ) | |
| ROUNDY'S ILLINOIS, LLC d/b/a ) | |
| MARIANO'S ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S
RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

**I.      INTRODUCTION AND BACKGROUND**

The Court should deny Plaintiffs' Motion to Compel because the parties expressly agreed (and the Court ordered) that the information Plaintiffs seek would be provided only if the Court conditionally certifies Plaintiffs' FLSA claim as a collective action.

Plaintiffs brought claims under the Fair Labor Standards Act, among other statutes, alleging that Mariano's misclassified its People Service Managers ("PSM"). Plaintiffs' Complaint seeks collective treatment of their claims, but Plaintiffs have not yet requested (and the Court has not granted) even conditional certification of the putative collective action.

At the outset of the litigation, the parties agreed to limit pre-certification discovery to issues related only to Plaintiffs' individual claims and issues relevant to a motion for conditional certification.  The parties' expressly incorporated this agreement in their Rule 26(f) report:  "**Phase I discovery [is] limited to issues relevant to Plaintiff's anticipated Motion for Conditional Certification of his claims under the Fair Labor Standards Act ("FLSA") and the individual claims of the named Plaintiff.**"  (Dkt. 16; PageID # 55 (emphasis added).)  The parties also set

out their reason for limiting pre-certification discovery: "[t]he parties wish to avoid costly and potentially unnecessary class-wide written and deposition discovery until such time as the Court decides whether conditional certification is appropriate." (Dkt. 16; PageID # 55.) The Court later adopted the Parties' bifurcated discovery plan. (*See* Dkt. 17.)

Despite their agreement and the Court's order adopting it (Dkt. 17), Plaintiffs served discovery requests that seek extensive, class-wide information. The discovery requests[1] seek, among other things:

- The names, addresses, phone numbers, and email address for all potential collective members (Int. No. 9);

- All documents related to every potential collective member (Request No. 4);

- All payroll records for every potential collective member (Request No. 6);

- All time records for every potential collective member (Request No. 7);

- A detailed description of job duties for every potential collective member (Request No. 8); and

- The names of every "general manager" at every Mariano's store in the Chicago area (Int. No. 11).

Given the Court's order limiting Phase I discovery, Mariano's objected to providing this class-wide information. In response, Plaintiffs' counsel agreed to withdraw some of the discovery requests "for the time being," but insisted on obtaining information responsive to Interrogatory No. 7 (requesting information about the job description), No. 9 (requesting contact information for all potential collective members), and No. 10 (requesting a list of Mariano's stores). (*See* July 24, 2019 email, attached as Ex. B.) Although Plaintiffs omitted it from their motion to compel, Mariano's responded to all but Interrogatory No. 9, which is the only issue now before the Court.

---

[1] Plaintiffs' discovery requests and Mariano's responses are attached as Ex. A.

(*See* Mariano's supplemental discovery responses, Ex. A.) The information sought in Interrogatory No. 9 - names, addresses, phone numbers, and email address for all potential collective members – is plainly not related to Plaintiffs' individual claims, nor is it relevant to Plaintiffs' anticipated motion for conditional certification. Indeed, such information is the epitome of what would be included in the second phase of discovery: information related to other potential plaintiffs.

Mariano's has consistently tried to resolve this discovery dispute. (*See* Email correspondence, Ex. C.) Although Plaintiffs have maintained that they are entitled to the contact information for every potential collective member, they have not been willing to engage in any sort of meaningful discussion about a compromise without Mariano's providing all of the contact information. Indeed, there is no reason the Plaintiffs need any of the information they seek at this stage in the litigation; that is why they agreed at the outset of this litigation not to seek it before conditional certification. Plaintiffs are not entitled to the contact information unless and until the Court grants conditional certification, and so their motion to compel should be denied.

## II. ARGUMENT

### A. The Court's Order Prohibits Plaintiffs From Obtaining the Information They Seek.

The parties' Rule 26(f) report and the Court's order adopting it unambiguously prohibit the discovery Plaintiffs seek. In it, the parties agreed to bifurcate discovery. (Doc. 16.) The parties limited "Phase I discovery [ ] to issues relevant to Plaintiff's anticipated Motion for Conditional Certification of his claims under the Fair Labor Standards Act ("FLSA") and the individual claims of the named Plaintiff" so that the parties could "avoid costly and potentially unnecessary class-wide written and deposition discovery until such time as the Court decides whether conditional certification is appropriate." (Dkt. 16; PageID # 55.)

Despite their agreement and the Court's order accepting it (Dkt. 17), Plaintiffs now seek the "costly and potentially unnecessary class-wide written and deposition discovery" that they previously agreed not to seek during this phase of the litigation. Simply put, the Court's order does not allow Plaintiffs to obtain the contact information for all potential collective members at this stage in the case. For this reason, alone, the Court should deny the Plaintiffs' motion.

### B. Plaintiffs are not Entitled to the Information They Seek.

Plaintiffs are not entitled to the names, addresses, telephone numbers, and email addresses for all of the potential collective members before conditional certification. They present no authority from a case with similar facts to suggest that such contact information is discoverable before conditional certification. Rather, Plaintiffs premise their argument on *Acevedo v. Ace Coffee*, an easily-distinguishable case in which a district court allowed plaintiffs to discover the identity of potential class members under a set of vastly different facts. 248 F.R.D. 550 (N.D. Ill. 2008). In *Acevedo*, unlike here, the parties had not specifically limited initial discovery to only the named Plaintiffs and issues relevant to conditional certification. Plaintiffs cite no authority, and Mariano's is aware of no authority, that suggests a party may obtain contact information of an entire potential class despite a Court order prohibiting such discovery. Second, the employees in *Acevedo* were not management-level employees. Here, the employees at issue are all human resource managers, and the only reason Plaintiffs want their contact information is so they can make direct contact with them. Before conditional certification, it would be inappropriate to allow Plaintiffs' counsel to contact management-level employees of Mariano's directly and outside the presence of Mariano's counsel. Making this contact may even violate ethical rules. In short, *Acevedo* does not apply here, and Plaintiffs are not entitled to the contact information for Mariano's human resources managers prior to an order conditionally certifying this case as a collective action.

### C.  **Plaintiffs Present No Basis to Toll the Statute of Limitations.**

Plaintiffs seek to toll the statute of limitations for future potential opt-in collective members – in other words, for individuals who are not currently parties to the case, and who may never become parties to the case.  The request is premature, provides no adequate basis of tolling, and therefore it must be denied.

Courts may not toll a statute of limitations for prospective plaintiffs because doing so would amount to an impermissible advisory opinion.  *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986); *Sylvester v. Wintrust Fin. Corp.*, 2014 U.S. Dist. LEXIS 135907, at *2-4 (N.D. Ill. 2014) (noting that the court had declined to toll the statute of limitations in a previous decision for putative class members because it could not toll the statute of limitations for individuals who were not yet parties to the case); *Piekarski v. Amedisys Ill., LLC*, 2013 U.S. Dist. LEXIS 74871, at *9 (N.D. Ill. 2013) (declining to toll the statute of limitations for potential collective action members because they were not currently before the court).  For this reason, alone, the request should be denied.

Moreover, Plaintiffs cannot establish the elements required to toll the statute of limitations. A litigant is entitled to equitable tolling only if the litigant establishes:  (1) that he has pursued his rights diligently and (2) that some extraordinary circumstance prevented timely filing.  *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755-56 (2016).  A delay caused by a good-faith objection to discovery is not an extraordinary circumstance.  *See, e.g., Boice v. M+W U.S., Inc.,* 2016 U.S. Dist. LEXIS 122408, *48-48 (N.D.N.Y. 2016)("Where a defendant who genuinely believes that certain discovery is not required by the laws, and such argument is not entirely frivolous or without merit, the defendant's opposition to a plaintiff's demand for this discovery, and any resulting delay due to this opposition, would not appear to amount to an extraordinary

circumstance warranting a toll of the statute of limitations."). And Mariano's didn't cause any delay in discovery anyway; it promptly responded to discovery requests, served supplemental discovery responses, and engaged in multiple telephone and email communications in a good-faith attempt to resolve any remaining discovery dispute. (*See* Ex. C.) Moreover, although it has provided Plaintiffs several dates for manager depositions, Plaintiffs have yet to respond or schedule such depositions. For these reasons, the Court should deny Plaintiffs' request to toll the statute of limitations.

## III. CONCLUSION

For all of these reasons, Defendant Roundy's of Illinois, LLC d/b/a Mariano's requests the Court deny Plaintiffs' Motion to Compel Discovery.

Respectfully submitted,

/s/ David K. Montgomery
David K. Montgomery (*pro hac vice*)
Matthew R. Byrne (*pro hac vice*)
Mark B. Gerano (*pro hac vice*)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: matthew.byrne@jacksonlewis.com
Email: mark.gerano@jacksonlewis.com

Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com
Email: amaxwell@grglegal.com

*Counsel for Defendant*
*Mariano's Illinois, LLC, d/b/a Mariano's*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August 2019, I electronically filed the foregoing,

with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to

those registered to receive electronic notices via email transmission at the email addresses provided

by them including the following:

>John W. Billhorn
>Samuel Engelson
>BILLHORN LAW FIRM
>53 West Jackson Blvd., Suite 401
>Chicago, IL 60604
>Telephone:  (312) 853-1450
>Email:  jbillhorn@billhornlaw.com
>Email:  sengelson@billhornlaw.com

>*Counsel for Plaintiff*

>*/s/ Christopher S. Griesmeyer*
>Christopher S. Griesmeyer (ARDC #6269851)
>GREIMAN, ROME & GRIESMEYER, LLC
>2 North LaSalle Street, Suite 1601
>Chicago, IL 60602
>Telephone: (312) 428-2750
>Email: cgriesmeyer@grglegal.com

4842-2848-0160, v. 1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HAUGEN, ET AL. | ) | |
| | ) | Case No.  1:18-CV-07297 |
| Plaintiffs, | ) | |
| | ) | Judge Elaine E. Bucklo |
| v. | ) | |
| | ) | |
| ROUNDY'S ILLINOIS, LLC d/b/a | ) | |
| MARIANO'S | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S
FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFFS JAMES HAUGEN, ET AL.'S
FIRST SET OF INTERROGATORIES**

Defendant Roundy's Illinois, LLC, d/b/a Mariano's provides its First Supplemental Answers to Plaintiffs' First Set of Interrogatories.

**GENERAL OBJECTIONS**

1.      These General Objections are incorporated by reference, as if fully stated herein, with respect to each and every answer and response to each and every interrogatory and document request (collectively, "discovery requests") contained herein.

2.      Defendant objects to Plaintiffs' discovery requests to the extent that they seek information or documents that are subject to the attorney-client privilege, work product immunity, or are otherwise privileged or immune from discovery. Moreover, Defendant does not intend by these answers and responses to waive any claim of privilege or immunity. If Defendant produces any information or document that is protected by a privilege or immunity, such production shall be deemed inadvertent and shall not constitute a waiver of the applicable privilege.

1

3.      Defendant objects to Plaintiffs' discovery requests to the extent they seek information or documents not in Defendant's custody or control.

4.      Defendant objects to Plaintiffs' discovery requests to the extent that they attempt to impose obligations greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of Court, and/or any Order of the Court.

5.      Defendant objects to Plaintiffs' discovery requests to the extent they request information regarding individuals who are not parties to this case.

## GENERAL RESPONSES

1.      Without waiver or limitation of the foregoing General Objections or of any objections to specific document requests at any time, all answers of Defendant are made without waiving:

a.      all questions as to competency, relevancy, materiality, privilege, and admissibility of any answers and responses given;

b.      the right to object, on any ground, to the use of any information produced or the subject matter thereof;

c.      the right at any time to revise, correct, supplement, clarify, and/or amend the answers and responses hereinafter set forth;

d.      the right to object to a demand for further discovery relating to the subject matter of the answers and responses herein;

e.      the right to move for a protective order; and

f.      the right of any party to object on any ground to the use of any information or document provided in response to these discovery requests in any subsequent proceedings in, or the trial of, this or any other action.

2.      The information in these answers and responses is not based solely on the knowledge of the executing party, but includes the knowledge of Defendant, its agents, representatives, and, unless privileged, its attorneys.

3.      The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and responses and does not necessarily purport to be the precise language of the executing party.

4.      Discovery in this matter is not yet complete. Given the stage of litigation, Defendant fully reserves its right to alter, amend, modify, or otherwise revise its answers and responses if, for any reason, such revisions become appropriate or warranted. Should it be necessary, upon Defendant's receipt of or discovery of information or documents that supplement, correct, or modify the information or documents provided in these answers and responses, supplemental answers and/or responses will be prepared and submitted as required by the Federal Rules of Civil Procedure.

5.      As used in these responses, the terms "will produce" or "will be produced" mean that Defendant will make the requested documents available for inspection and copying at a time and place to be agreed upon by counsel for the parties to the extent such documents (1) exist, (2) are in Defendant's possession, custody, or control, (3) can be located following a reasonable search, (4) have not been made available for inspection previously in this action, and (5) are not covered by any of the general or specific objections contained herein.

## **INTERROGATORIES**

1.      Please identify by name and address all individuals who contributed any information used in conjunction with any answer contained herein, and specifically identify what information was contributed by each such individual and to what specific interrogatory the information was contributed.

3

ANSWER:  **Objection**.  This Interrogatory seeks information protected under the attorney-client privilege and the attorney work-product doctrine.  Subject to and without waiving any of the foregoing objections, Defendant is a corporate party and its answers are the product of information from numerous individuals and documents.

2.      Please state the specific job titles of the named Plaintiffs, James Haugen and Christian Goldston, and produce all contents of Plaintiffs' employee files (in conjunction with Request to Produce No. 1).

ANSWER:  Plaintiffs James Haugen and Christian Goldston were People Service Managers. Answering further, see Defendant's Response to Request to Produce No. 1.

3.      Please state whether the corporate Defendant manages and administers its own payroll system for employee compensation. If Defendant does not maintain its own payroll system, please list the name and address of each company or entity the corporate Defendant has utilized for said payroll system services within the last three (3) years.

ANSWER:  **Objection**.  This Interrogatory is vague in that the terms "manages" and "administers" are undefined.  Subject to and without waiving any of the foregoing objections, Kroger Payroll processes Defendant's payroll.

4.      Please describe in detail how time worked by People Service Managers (hereinafter referred to as "PSM" or "PSMs") was recorded and identify any time-keeping system used to record time in the last three (3) years.

ANSWER:  **Objection**.  This Interrogatory is vague in that the term "recorded" is undefined.  Further objecting, this Interrogatory seeks information outside that scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiff and his individual claims.  Subject to and without waiving any of the foregoing objections, Defendant schedules People Service Managers for certain hours each week, but it does not require People Services Managers to record their time worked because People Service Managers are salary exempt employees.

5.      Identify the named Plaintiffs' basis of pay and basis of pay for each individual identified in Interrogatory No. 9 (e.g. salary, hourly, piece-rate, or shift pay, commissions) rate(s) of pay (e.g. $500 per week, $10.00 per hour, $110.00 per shift, percentage of sales, etc.) during the relevant period.

ANSWER:  **Objection.**  This Interrogatory seeks information that is outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiff and his individual claims.  Further objecting, this Interrogatory is vague in that the term "basis of pay" is undefined.  Subject to and without waiving any of the foregoing objections, Defendant will produce documents reflecting Plaintiffs' pay.

SUPPLEMENTAL ANSWER:  Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see* ROUNDYS_000029, 000033, 000045, 000052, 000140, and 000199-207.

6.      For the three (3) years preceding the filing of this Complaint, please state the day-to-day job duties of the named Plaintiffs, James Haugen and Christian Goldston, including any job duties the named Plaintiffs performed that were not expressly described in Plaintiffs' written job descriptions.

ANSWER:  Plaintiffs' job duties are set forth in the job description produced with Defendant's MIDP responses, bates labeled Roundys000030-32.

SUPPLEMENTAL ANSWER:  Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see also* ROUNDYS_000137-139.

7.      Please state when the job description of PSM was implemented.

ANSWER:  **Objection.**  This Interrogatory is overbroad in that it seeks information from outside the relevant time period.  Subject to and without waiving any of the foregoing objections, the job description bates labeled Roundys00030-32 was in place during the period of time Plaintiffs were in the PSM role.

SUPPLEMENTAL ANSWER:  Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, the job description bates labeled ROUNDYS_000030-32 and ROUNDYS_000137-139 was the only job description applicable to PSMs between November 1, 2015 and November 1, 2018.

8.      Please state and describe in detail the job description and duties of any job category that the PSM position was created to replace or supplement.

6

ANSWER:  **Objection**.  This Interrogatory is vague in that the terms "job category" and "replace" and "supplement" are not defined.  Further objecting, this Interrogatory is overbroad in that it seeks information from outside the relevant time period.  Subject to and without waiving the foregoing objections, none.

9.      Please state the names, addresses telephone numbers and email addresses for all PSMs employed by Defendant within the last three (3) years.

ANSWER:  **Objection**.  This Interrogatory seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims.

10.      Please state the name and addresses for each store location where PSMs were employed and utilized.

ANSWER:  **Objection**.  This Interrogatory seek information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims.  Subject to and without waiving any of the foregoing objections, Plaintiff Haugen worked as a PSM at the following stores:

Mariano's Edgewater:  5201 N. Sheridan Rd.; Chicago, IL 60640; and

Mariano's Glenview:  25 Waukegan Rd.; Glenview, IL 60025.

Plaintiff Goldston worked at the following store:

Mariano's 16th and Clark:  1615 S. Clark St.; Chicago, IL 60616.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see* ROUNDYS_000208-209.

11.     Please state the names, addresses, telephone numbers and email addresses for each General Manager (or equivalent) employed at each location identified in the Interrogatory above within the last three (3) years and identify whether the General Manager is a current or former employee of Defendant. If a General Manager identified in this Interrogatory is a former employee, please state whether Defendant is asserting its control over them.

ANSWER: **Objection**. This Interrogatory is vague in that the term "General Manager (or equivalent)" is not defined. Further objecting, the term "asserting its control over them" is vague. Subject to and without waiving any of the foregoing objections, John Boudart was the store director at the Edgewater store when Plaintiff Haugen worked there and Jared Anderson and Jeff Swanson were the store directors at the Glenview store when Plaintiff Haugen worked there. Donald Jeffers, Jeremy Trimble, Luis Elvir, Megan Gleeson, and Marvin Gomez were store directors at the 16th and Clark store during Plaintiff Goldston's employment.

12.     For each of the past and present employees identified in answer to Interrogatory No 9, if any individual's day-to-day job duties were different than those of the named Plaintiffs (as described in your answer to Interrogatory No 6. above), please describe in substance the manner in which any such individual's day-to-day job duties differed from those of the named Plaintiffs.

ANSWER: **Objection**. This Interrogatory seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their

individual claims.  Subject to and without waiving any of the foregoing objections, see Answer to Interrogatory No. 9.

13.    Please explain in detail any tools or resources the named Plaintiffs and the PSMs identified in Interrogatory No. 6 used in their job-related decision-making process, including any tools or resources that may have been required or provided by Defendant, (i.e. handbooks, manuals, template forms, computer programs, verbal or written direction, etc.)

ANSWER:  **Objection**.  This Interrogatory seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims.  Further objecting, this Interrogatory is vague in that the terms "tools" and "resources" are undefined.  Subject to and without waiving any of the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Defendant will produce documents in response to this Interrogatory.

SUPPLEMENTAL ANSWER:  Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see* ROUNDYS_000147-172.

14.    For each job of the store locations identified in Interrogatory No.10 and all PSMs identified in Interrogatory No.6, for the three (3) years preceding the filing of this complaint, please identify the manner in which Defendant recorded, or otherwise documented the amount of time employees worked (i.e., computer log-on, electronic punch or swipe system, manual, hand written time sheet, etc.,) and describe the sequence of payroll processing, including the identify of any individuals responsible for said process from the point in which the employee time is recorded to the issuance of the payroll check.

ANSWER: **Objection.**  This Interrogatory seeks information that is not proportionate to the needs of this case and that is outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims.  Subject to and without waiving any of the foregoing objections, Defendant does not require its salaried exempt employees to record their work time.

15.     Please identify any and all investigations, audits, inquiries or other involvement Defendant have had at any time with any government agency related to Defendant's wage and hour or compensation policies and practices, including but not limited to any investigations, audits, inquiries or other involvement with the United States Department of Labor or the Illinois Department of Labor. For each circumstance identified, please also state the nature or subject of such investigation, the date upon which the event occurred and pursuant to Plaintiffs' Request For Production, please produce copies of any and all documents related.

ANSWER: **Objection**.  This Interrogatory seeks information that is irrelevant and not proportionate to the needs of this case.

16.     For each affirmative defense asserted by Defendant in their response to Plaintiffs' Complaint, please state the factual basis or defense for each defense asserted, identify the person or persons who have provided any information relative to the factual basis of the  defense, and identify any and all documents which relates to or support said factual basis of the defense.

ANSWER:  **Objection**.  This Interrogatory seeks information that is protected under the attorney-client privilege and the attorney work product doctrine.  Subject to and without waiving any

of the foregoing objections, Defendant's defenses speak for themselves.  Further answering, pursuant to Fed. R. Civ. P. 33(d), see documents produced.

SUPPLEMENTAL ANSWER:  Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see* ROUNDYS_000001-209.

Respectfully submitted,

/s/ David K. Montgomery
David K. Montgomery (*pro hac vice*)
Matthew R. Byrne (*pro hac vice*)
Mark B. Gerano (*pro hac vice*)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: matthew.byrne@jacksonlewis.com
Email: mark.gerano@jacksonlewis.com

Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com
Email: amaxwell@grglegal.com

*Counsel for Defendant*
*Mariano's Illinois, LLC, d/b/a Mariano's*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2019, a true and accurate copy of the foregoing Defendant Roundy's Illinois, LLC d/b/a Mariano's Supplemental Answers to Plaintiffs James Haugen et al.'s First Set of Interrogatories was served via email upon the following:

> John W. Billhorn
> Samuel Engelson
> BILLHORN LAW FIRM
> 53 West Jackson Blvd., Suite 401
> Chicago, IL 60604
> Telephone: (312) 853-1450
> Email: jbillhorn@billhornlaw.com
> Email: sengelson@billhornlaw.com
>
> *Counsel for Plaintiffs*

*/s/ David K. Montgomery*

4834-0426-4607, v. 1

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HAUGEN, ET AL. | ) | |
| | ) | Case No. 1:18-CV-07297 |
| Plaintiffs, | ) | |
| | ) | Judge Elaine E. Bucklo |
| v. | ) | |
| | ) | |
| ROUNDY'S ILLINOIS, LLC d/b/a | ) | |
| MARIANO'S | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S
FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Roundy's Illinois, LLC, d/b/a Mariano's provides its First Supplemental Response to Plaintiffs' Request for the Production of Documents.

**GENERAL OBJECTIONS**

1.      These General Objections are incorporated by reference, as if fully stated herein, with respect to each and every answer and response to each and every interrogatory and document request (collectively, "discovery requests") contained herein.

2.      Defendant objects to Plaintiffs' discovery requests to the extent that they seek information or documents that are subject to the attorney-client privilege, work product immunity, or are otherwise privileged or immune from discovery. Moreover, Defendant does not intend by these answers and responses to waive any claim of privilege or immunity. If Defendant produces any information or document that is protected by a privilege or immunity, such production shall be deemed inadvertent and shall not constitute a waiver of the applicable privilege.

1

3.      Defendant objects to Plaintiffs' discovery requests to the extent they seek information or documents not in Defendant's custody or control.

4.      Defendant objects to Plaintiffs' discovery requests to the extent that they attempt to impose obligations greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of Court, and/or any Order of the Court.

5.      Defendant objects to Plaintiffs' discovery requests to the extent they request information regarding individuals who are not parties to this case.

## **GENERAL RESPONSES**

1.      Without waiver or limitation of the foregoing General Objections or of any objections to specific document requests at any time, all answers of Defendant are made without waiving:

a.      all questions as to competency, relevancy, materiality, privilege, and admissibility of any answers and responses given;

b.      the right to object, on any ground, to the use of any information produced or the subject matter thereof;

c.      the right at any time to revise, correct, supplement, clarify, and/or amend the answers and responses hereinafter set forth;

d.      the right to object to a demand for further discovery relating to the subject matter of the answers and responses herein;

e.      the right to move for a supplemental protective order; and

f.      the right of any party to object on any ground to the use of any information or document provided in response to these discovery requests in any subsequent proceedings in, or the trial of, this or any other action.

2.     The information in these answers and responses is not based solely on the knowledge of the executing party, but includes the knowledge of Defendant, its agents, representatives, and, unless privileged, its attorneys.

3.     The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and responses and does not necessarily purport to be the precise language of the executing party.

4.     Discovery in this matter is not yet complete. Given the stage of litigation, Defendant fully reserves its right to alter, amend, modify, or otherwise revise its answers and responses if, for any reason, such revisions become appropriate or warranted. Should it be necessary, upon Defendant's receipt of or discovery of information or documents that supplement, correct, or modify the information or documents provided in these answers and responses, supplemental answers and/or responses will be prepared and submitted as required by the Federal Rules of Civil Procedure.

5.     As used in these responses, the terms "will produce" or "will be produced" means that Defendant will make the requested documents available for inspection and copying at a time and place to be agreed upon by counsel for the parties to the extent such documents (1) exist, (2) are in Defendant's possession, custody, or control, (3) can be located following a reasonable search, (4) have not been made available for inspection previously in this action, and (5) are not covered by any of the general or specific objections contained herein.

## DOCUMENTS REQUESTED

1.     The complete employee files of the named Plaintiffs, **JAMES HAUGEN AND CHRISTIAN GOLDSTON,** and the complete employee file of each and every person who joins this case in the future.

ANSWER:  Defendant will produce Plaintiffs' personnel files.

SUPPLEMENTAL ANSWER:  *See* ROUNDYS_000023-136 and ROUNDYS_000137-146.

2.     A complete copy of any and all printed materials indicating a job description for the position of People Service Manager ("PSM") held by the Plaintiffs, **JAMES HAUGEN AND CHRISTIAN GOLDSTON**.

ANSWER:  Defendant produced Plaintiff Haugen's signed job description with its MIDP production.  *See* ROUNDYS_000030-32.  Defendant will produce Plaintiff Goldston's signed job description.

SUPPLEMENTAL ANSWER:  *See* ROUNDYS_000137-139.

3.     A complete copy of any and all printed materials indicating a job description for the position of any similar predecessor position maintained by Defendant prior to the implementation of the PSM position (as identified in Interrogatory No. 8).

ANSWER:  **Objection.**  This Request seeks information that is not proportional to the needs of this case, and is vague and ambiguous with respect to the phrase "any similar predecessor position."  Subject to and without waiving any of the foregoing objections, none.

4.     With regard to Interrogatory Nos. 6-14, please produce any and all copies of any documents related.

ANSWER:  **Objection**.  This Request seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their

individual claims. Subject to and without waiving the foregoing objection, Defendant will produce non-privileged documents, if any, responsive to this Request relating to Plaintiffs.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections set forth in Defendant's interrogatory responses, *see* ROUNDYS_000030-32; ROUNDYS_000137-139; ROUNDYS_000147-172; ROUNDYS_000181-207; and ROUNDYS_000208-209.

5. With regard to Interrogatory Nos. 15-16, please produce any and all copies of any documents related.

ANSWER: Defendant will produce non-privileged documents, if any, responsive to this Request.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections set forth in Defendant's interrogatory responses, *see* ROUNDYS_000001 – ROUNDYS_000209.

6. Any and all payroll records, in Defendants' possession, including weekly, bi-weekly, or semi-monthly payroll detail journals, receipt and disbursement journals, and other documents, including paystubs, showing hours worked, gross pay, deductions, tips, commissions and net pay or otherwise indicating compensation paid to the named Plaintiffs and all PSMs identified in Interrogatory No. 9 within the last three (3) years.

ANSWER: **Objection**. This Request seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their

individual claims. Subject to and without waiving the foregoing objection, Defendant will produce documents responsive to this Request relating to Plaintiffs.

<u>SUPPLEMENTAL ANSWER</u>: Subject to and without waiving any of the foregoing objections or any objections in Defendant's interrogatory responses, *see* ROUNDYS_000198-207.


7. Copies of any and all time cards or other documents which in any manner records time worked by the named Plaintiffs and all PSMs identified in Interrogatory No. 9 for the last three (3) years and any similar documents relative to any Plaintiff who join the case in the future.

<u>ANSWER</u>: **Objection**. This Request seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims. Subject to and without waiving the foregoing objections, Defendant will produce non-privileged documents, if any, responsive to this Request.

<u>SUPPLEMENTAL ANSWER</u>: Subject to and without waiving any of the foregoing objections or any objections in Defendant's interrogatory responses, *see* ROUNDYS_000181-197.


8. Copies of any and all documents, including any correspondence, which discuss or reflect Defendant's requirements that Plaintiffs and PSMs identified in Interrogatory No. 9 were assigned and performed job duties typically performed by Defendant's hourly employees.

<u>ANSWER</u>: **Objection**. This Request seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims. Subject to and without waiving the foregoing objection, Defendant has no documents responsive to this Request relating to Plaintiffs. Defendant has no such requirements.

9.      Copies of any and all documents, including schedules, time cards and the like, that state job duty assignments or rotations to which the named Plaintiffs and PSMs identified in Interrogatory No. 9 were assigned and performed duties that were typically performed by Defendant's hourly employees.

ANSWER:  **Objection**.  This Request seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims.   Subject to and without waiving the foregoing objection, Defendant has no documents responsive to this Request relating to Plaintiffs.


10.     A complete copy of any and all printed materials indicating the practices, procedures or policies utilized in Defendants' payroll system, including but not limited to any written company policies pertaining to the issues of hourly pay and overtime compensation, as well as policies pertaining to payment for trainings held by Defendant and the rounding of time for purposes of payroll, and all written corporate policies in this regard.

ANSWER:  **Objection**.  This Request seeks information that is irrelevant and not proportional to the needs to this case.  Plaintiffs were salary exempt employees, and therefore any policies regarding hourly pay, overtime compensation, rounding of time, and compensation for training would not have applied to them.


11.     A complete copy of any and all employee handbooks, booklets, pamphlets, or any other such printed material indicating Defendants' employment instructions, practices, policies, or procedures utilized within the last three (3) years, and all written corporate policies in this regard.

<u>ANSWER:</u>  **Objection**.  This Request seeks information that is irrelevant and not proportional to the needs of this case.  Further objecting, this Request is vague in that the terms "employment instructions, practices, policies, or procedures" are not defined.  Subject to and without waiving any of the foregoing objections, Defendant will produce documents responsive to this Request.

<u>SUPPLEMENTAL ANSWER</u>:  Subject to and without waiving any of the foregoing objections or any objections in Defendant's interrogatory responses, *see* ROUNDYS_000147-170.

Respectfully submitted,

/s/ David K. Montgomery
David K. Montgomery (*pro hac vice*)
Matthew R. Byrne (*pro hac vice*)
Mark B. Gerano (*pro hac vice*)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: matthew.byrne@jacksonlewis.com
Email:  mark.gerano@jacksonlewis.com

Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com
Email: amaxwell@grglegal.com

*Counsel for Defendant*
*Mariano's Illinois, LLC, d/b/a Mariano's*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2019, a true and accurate copy of the foregoing Supplemental Responses to Plaintiffs' First Request for the Production of Documents was served via email upon the following:

> John W. Billhorn
> Samuel Engelson
> BILLHORN LAW FIRM
> 53 West Jackson Blvd., Suite 401
> Chicago, IL 60604
> Telephone:  (312) 853-1450
> Email:  jbillhorn@billhornlaw.com
> Email:  sengelson@billhornlaw.com

*Counsel for Plaintiff*

*/s/ David K. Montgomery*

4840-6519-4655, v. 1

# EXHIBIT B

Redacted: Attorney/Client Privilege

**From:** John Billhorn <jbillhorn@billhornlaw.com>
**Sent:** Wednesday, July 24, 2019 4:59 PM
**To:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>
**Subject:** RE: Haugen, Goldston v Roundy's

David, we can resolve these discovery issues by having your client answer the following Interrogatories previously propounded. This dialogue is made more difficult by the fact that in your response to our R.37.2 correspondence, you did not specify any consideration of the case law we cited as to any particular Interrogatory. While we will withdraw a couple of the Interrogs, several of the Interrogs as tendered are directly on point with what the case law says we are entitled to at this juncture.

**Interrogatory No. 7**: You have not answered the question. Please state when the PSM job description as produced relative to the named Plaintiffs was implemented. We are entitled to know what scope of the Plaintiff Class 3-year window was subject to this job description was

**Interrogatory No. 9**: The case law in this district is clear that we are entitled to this information.

**Interrogatory No. 10**: We are entitled to know at what stores PSMs were being utilized. Not just where the Plaintiffs worked, but all stores where PSMs were employed during the relevant time period.

In several of the responses to Interrogatories and our Request to Produce, the response is phrased "Defendant will produce documents responsive to this Request" or some similar response. There are then bate stamped documents 137 through 207 produced, but the responses do not indicate which bate stamp document is responsive to which Request To Produce. You are required to specify which documents is being tendered in response to which inquiry. As part of our R.37.2 dialogue, we request that you tender an amended response to our Request to Produce (and to the extent

1

applicable, the Interrogatories where the same response is found) within the next 14 days and specify which bate stamp documents are relevant to our particular requests.  If any document produced in conjunction with your client's MIDs (BS 1-136) is responsive to one of Plaintiffs' particular Request, that document should also be specifically referenced by bate stamp number.

Also, the Parties need to get a Motion on file for an extension of time to complete first phase discovery, which we have as closing August 1, 2019.  I will draft a Joint Motion and get it to you for review, as we need to get that on file in the next few days.

Please let me know your thoughts on our now constricted interrogatories (i.e. – will you answer them) and your position on the extension of time.  Thanks.


**Sincerely,**

**John W. Billhorn**

**Billhorn Law Firm**
**53 W. Jackson Blvd.**
**Suite 401**
**Chicago, IL. 60604**
**Phone: 312-853-1450**
**Fax: 312-853-1459**

# EXHIBIT C

| | |
|---|---|
| **From:** | John Billhorn <jbillhorn@billhornlaw.com> |
| **Sent:** | Wednesday, August 7, 2019 2:11 PM |
| **To:** | Montgomery, David K. (Cincinnati) |
| **Cc:** | Samuel Engelson; Gerano, Mark B. (Cincinnati); Tomamichel, Denise (Cincinnati) |
| **Subject:** | RE: Haugen, Goldston v Roundy's |

David, even though I don't have to explain to you "why that information is needed" (the case law is the explanation that controls), I did actually already do that. But, I will do it again so that it is clear to the Court that we fulfilled our R.37.2 obligations.

It is elementary that other PSMs would possess knowledge and information regarding the scope of services and day to day job duties the PSM position requires and entails. Such evidence would be highly relevant to the named Plaintiffs' claim and the hot issue of whether or not the salary classification claimed by your client is supported. And, naturally, evidence of other PSMs' scope of services and day to day job duties will be squarely relevant to the scope/existence of any class. That's why the case law strongly supports the notion that we are entitled to the information pre-conditional certification and moreover, why your argument that in agreeing to a bifurcation we somehow waived our right to this discovery.

Your position has been clear that you will not provide the names or the contact information for these relevant witnesses, and we are preparing our Motion.

Sincerely,

**John W. Billhorn**

**Billhorn Law Firm**
**53 W. Jackson Blvd.**
**Suite 401**
**Chicago, IL. 60604**
**Phone: 312-853-1450**
**Fax: 312-853-1459**
**www.billhornlaw.com**

---

**From:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Sent:** Wednesday, August 07, 2019 12:10 PM
**To:** John Billhorn <jbillhorn@billhornlaw.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Gerano, Mark B. (Cincinnati) <Mark.Gerano@Jacksonlewis.com>; Tomamichel, Denise (Cincinnati) <Denise.Tomamichel@jacksonlewis.com>
**Subject:** RE: Haugen, Goldston v Roundy's

To be clear- we have never taken the position that you cannot gather any evidence about the scope of the class. Indeed we provided you with the number of class members during one of our calls and in an effort to resolve our disputes we also agreed to respond to Interrogatories 7 and 10, even though those seek class wide evidence.

Our dispute is limited to your narrow request to provide personal contact information for People Service Managers. You still have not provided any explanation as to why that information is needed. If we knew why it was needed it we could probably propose alternatives to address any legitimate discovery concerns you may have.

1

We are preparing the responses to 7 and 10 and we are also specifying which documents were produced pursuant to which request. We will provide those to you on or before Monday, August 12.

**David Montgomery**
Attorney at Law
**Jackson Lewis P.C.**
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Direct: (513) 322-5032 | Main: (513) 898-0050 | Mobile: (513) 276-0803

50 California Street
9th Floor
San Francisco, CA 94111
Main: (415) 394-9400
David.Montgomery@jacksonlewis.com | www.jacksonlewis.com
*Winner, ILTA's Innovative Law Firm of the Year*

**From:** John Billhorn <jbillhorn@billhornlaw.com>
**Sent:** Tuesday, August 6, 2019 5:16 PM
**To:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Gerano, Mark B. (Cincinnati) <Mark.Gerano@Jacksonlewis.com>
**Subject:** RE: Haugen, Goldston v Roundy's

David, your communications are very transparent –it is not your intent to solve this discovery dispute.  We already talked on the phone once about this, I narrowed the requests, you still refuse to discuss the application of the case law and hang your hat only on the hook that we "agreed to bifurcated discovery".  I can only assume that is what you would have told me in another phone conversation, so to my point in the last email, why have the phone call.  If there is something more you want to offer, pick up the phone and call me.

It's obvious that your view of "bifurcated" means that we can't now gather evidence about our client's claims via evidence from other PSMs nor can we gather any evidence about the scope of the potential class. That's way too narrow of a view under the set of rules we are working with.

Moreover, your responses never thoroughly address the full bucket of issues.  You continue to ignore the following subjects.

First, you have agreed to answer Interrogatories Nos. 7 and 10.  Please indicate in writing **when** (meaning what day) you will provide those answers.

Second, in the July 24 email to you that started this failed 37.2 discourse, I pointed out that:

> *In several of the responses to Interrogatories and our Request to Produce, the response is phrased "Defendant will produce documents responsive to this Request" or some similar response.  There are then bate stamped documents 137 through 207 produced, but the responses do not indicate which bate stamp document is responsive to which Request To Produce.  You are required to specify which document is being tendered in response to which inquiry.  As part of our R.37.2 dialogue, we request that you tender an amended response to our Request to Produce (and to the extent applicable, the Interrogatories where the same response is found) within the next 14 days and specify which bate stamp documents are relevant to our particular requests.  If any*

2

*document produced in conjunction with your client's MIDs (BS 1-136) is responsive to one of Plaintiffs' particular Request, that document should also be specifically referenced by bate stamp number.*

If you choose not to respond to those parts of our Rule 37.2 dialogue, we can easily incorporate those deficiencies into our Motion To Compel, which will be filed shortly.

**Sincerely,**

**John W. Billhorn**

**Billhorn Law Firm**
**53 W. Jackson Blvd.**
**Suite 401**
**Chicago, IL. 60604**
**Phone: 312-853-1450**
**Fax: 312-853-1459**
*www.billhornlaw.com*

---

**From:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Sent:** Tuesday, August 06, 2019 2:54 PM
**To:** John Billhorn <jbillhorn@billhornlaw.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Gerano, Mark B. (Cincinnati) <Mark.Gerano@Jacksonlewis.com>
**Subject:** RE: Haugen, Goldston v Roundy's

John-

Sorry you weren't willing to discuss in advance. I was hoping to hear an explanation for why you need contact information for our client's managers and to explore whether there is some other solution that would serve any legitimate purpose. We remain open to having that discussion.

The case law is clearly distinguishable because in our case the parties specifically agreed to bifurcated discovery. Moreover, you are seeking private contact information of non- party managers- including current managers.

You also requested available dates for depositions. We can make the store directors available on August 28, 29, and 30. Will those dates work for you?

**David Montgomery**
Attorney at Law
**Jackson Lewis P.C.**
PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Direct: (513) 322-5032 | Main: (513) 898-0050 | Mobile: (513) 276-0803

50 California Street
9th Floor
San Francisco, CA 94111
Main: (415) 394-9400

David.Montgomery@jacksonlewis.com | www.jacksonlewis.com
*Winner, ILTA's Innovative Law Firm of the Year*

---

**From:** John Billhorn <jbillhorn@billhornlaw.com>
**Sent:** Friday, August 2, 2019 4:04 PM
**To:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Gerano, Mark B. (Cincinnati) <Mark.Gerano@Jacksonlewis.com>
**Subject:** RE: Haugen, Goldston v Roundy's

Sure, we can discuss further. Monday or Tuesday is good. But I sense this going to a Motion to Compel, and under this district's case law on this subject I think a refusal to provide us with this info and a resulting ruling against your client would be ripe for an award of our fees. So I would like an explanation from you in writing as to why you think the existing case law is inapplicable. Then we can talk.

On the other hand, if you would like to talk more substantively about how we get this case into as class notice form and to the finish line, that subject might be a more productive phone conversation.

I know you asked for a briefing schedule on the Motion to add the R. 23. I am pretty confident, even though it's discretionary, that judge Bucklo will allow the amendment. I've tried to encourage the defense, from the very beginning, to avoid the inevitable discovery and motion practice costs of this case and get it to its likely, ultimate position as efficiently as possible. So if that's what you want to talk about, let me know what is food for you on Monday or Tuesday or next week. If your client is still in a position to oppose this route, then I would like your LR. 37.2 response in writing.

Let me know. Thanks David.

**Sincerely,**

**John W. Billhorn**

**Billhorn Law Firm**
**53 W. Jackson Blvd.**
**Suite 401**
**Chicago, IL. 60604**
**Phone: 312-853-1450**
**Fax: 312-853-1459**

---

**From:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Sent:** Friday, August 02, 2019 2:05 PM
**To:** John Billhorn <jbillhorn@billhornlaw.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Gerano, Mark B. (Cincinnati) <Mark.Gerano@Jacksonlewis.com>
**Subject:** RE: Haugen, Goldston v Roundy's

We are fine with No 7 and 10.

Regarding no 9, can we discuss further on mon or tue?

**David Montgomery**
Attorney at Law
**Jackson Lewis P.C.**

PNC Center
26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Direct: (513) 322-5032 | Main: (513) 898-0050 | Mobile: (513) 276-0803

50 California Street
9th Floor
San Francisco, CA 94111
Main: (415) 394-9400
David.Montgomery@jacksonlewis.com | www.jacksonlewis.com
***Winner, ILTA's Innovative Law Firm of the Year***

---

**From:** John Billhorn <jbillhorn@billhornlaw.com>
**Sent:** Friday, August 2, 2019 2:00 PM
**To:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>
**Subject:** RE: Haugen, Goldston v Roundy's

David,

May I expect a response to you regarding these discovery issues. Our LR 37.2 letter to you was sent 9 days ago.

While I understand there is the outstanding issue of our amendment and inclusion of R.23 claims, whether this case proceeds on R.23, 216(b) or even if it was filed as just an individual claim, we are entitled to the identity of others who were employed in this same position and provided the same services to your client.

When do you intent on responding to our LR 37.2?

**Sincerely,**

**John W. Billhorn**

**Billhorn Law Firm**
**53 W. Jackson Blvd.**
**Suite 401**
**Chicago, IL. 60604**
**Phone: 312-853-1450**
**Fax: 312-853-1459**

---

**From:** John Billhorn
**Sent:** Wednesday, July 24, 2019 3:59 PM
**To:** Montgomery, David K. (Cincinnati) <David.Montgomery@jacksonlewis.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>
**Subject:** RE: Haugen, Goldston v Roundy's

David, we can resolve these discovery issues by having your client answer the following Interrogatories previously propounded. This dialogue is made more difficult by the fact that in your response to our R.37.2 correspondence, you did not specify any consideration of the case law we cited as to any particular Interrogatory. While we will withdraw a couple of the Interrogs, several of the Interrogs as tendered are directly on point with what the case law says we are entitled to at this juncture.

**Interrogatory No. 7**:  You have not answered the question.  Please state when the PSM job description as produced relative to the named Plaintiffs was implemented.  We are entitled to know what scope of the Plaintiff Class 3-year window was subject to this job description was

**Interrogatory No. 9**:  The case law in this district is clear that we are entitled to this information.

**Interrogatory No. 10**:  We are entitled to know at what stores PSMs were being utilized.  Not just where the Plaintiffs worked, but  all stores where PSMs were employed during the relevant time period.

In several of the responses to Interrogatories and our Request to Produce, the response is phrased "Defendant will produce documents responsive to this Request" or some similar response.  There are then bate stamped documents 137 through 207 produced, but the responses do not indicate which bate stamp document is responsive to which Request To Produce.  You are required to specify which documents is being tendered in response to which inquiry.  As part of our R.37.2 dialogue, we request that you tender an amended response to our Request to Produce (and to the extent applicable, the Interrogatories where the same response is found) within the next 14 days and specify which bate stamp documents are relevant to our particular requests.  If any document produced in conjunction with your client's MIDs (BS 1-136) is responsive to one of Plaintiffs' particular Request, that document should also be specifically referenced by bate stamp number.

Also, the Parties need to get a Motion on file for an extension of time to complete first phase discovery, which we have as closing August 1, 2019.  I will draft a Joint Motion and get it to you for review, as we need to get that on file in the next few days.

Please let me know your thoughts on our now constricted interrogatories (i.e. – will you answer them) and your position on the extension of time.  Thanks.


**Sincerely,**

**John W. Billhorn**

**Billhorn Law Firm**
**53 W. Jackson Blvd.**
**Suite 401**
**Chicago, IL. 60604**
**Phone: 312-853-1450**
**Fax: 312-853-1459**