IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HAUGEN AND CHRISTIAN GOLDSTON, on behalf of themselves, and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S <br><br> Defendant. | N<sup>o.</sup> 18-cv-07297 <br><br> **Honorable Judge Elaine E. Bucklo** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR STAGE-ONE CONDITIONAL CERTIFICATION
AND NOTICE TO PUTATIVE CLASS MEMBERS**

**I. INTRODUCTION**

Plaintiffs, James Haugen and Christian Goldston (the "named Plaintiffs" or "Plaintiffs"), filed this collective action on behalf of past and present employees who worked in Defendant's (hereinafter "Defendant" or "Roundy's") grocery stores as "People Service Managers" (PSMs). Per the First Amended Complaint's allegations, Plaintiffs and other similarly situated PSMs, in violation of the Fair Labor Standards Act (FLSA) and Illinois wage laws, were improperly classified as exempt and were paid a fixed salary for all hours worked over 40 in a work week. Plaintiffs allege Defendant subjected them and numerous other PSMs[1] to a common but illegal practice of classifying them as exempt and paying them a fixed rate of pay for all hours worked – including those hours over 40 in a single week, resulting in the nonpayment of overtime for those

---

[1] During a hearing before the Court on Plaintiffs' Motion To Compel answers to written discovery, defense counsel stipulated that there has been 88 similarly situated PSMs employed by Roundy's within the applicable three (3) year statute of limitations.

1

hours over 40. Pursuant to 29 USC §216(b), Plaintiffs move here for stage-one conditional certification of a Putative Class consisting of:

> **All individuals who worked for any of Roundy's Illinois LLC 44 "Mariano's" grocery stores in the past three (3) years and who were paid a fixed salary for all hours worked including those in excess of 40 hours in a single workweek.**

As demonstrated below, Plaintiffs easily satisfy the modest legal burden which requires them to identify a common policy or practice alleged to violate the FLSA.[2] Therefore, this Court should grant Plaintiffs' Motion and authorize them to send Notice of this action to other similarly situated hourly employees who were similarly paid consistent with the definition set forth above.

## II. SUPPORTING FACTS

### A. Defendants' Business Model Spans Forty-Four Stores in the Greater Chicagoland Area and the Function of the PSM Position is Consistent Throughout.

Roundy's Illinois bills itself a leading grocer in the Midwest which operates over 150 retail grocery stores under the Pick 'n Save, Copps, Metro Market and Mariano's retail banners in Wisconsin and Illinois, with over 40 locations throughout the Chicagoland area. https://www.roundys.com/. On its website, Roundy's PSM position is listed as "FLSA: Exempt" https://jobs.kroger.com/marianos/job/Chicago-People-Services-Manager-Mariano%E2%80%99s-IL-60661/517932800/ (showing job postings for PSM position); *see also* job description for position of People Service Manager, **Exhibits 3 and 5**. Plaintiff Haugen was employed by Roundy's as a PSM from approximately September of 2014 until February of 2019 at two (2) different Mariano locations (See **Exhibit 1**, **Exhibit 10**, Interrogatory Answer No. 10). Plaintiff

---

[2] Plaintiffs' Motion is supported by the Declarations of Plaintiffs James Haugen **(Exhibit 1)** and Christian Goldston **(Exhibit 2)**; Defendant's PSM Job Description signed by Plaintiff Haugen, produced by Defendant bate stamp No. 30-32 **(Exhibit 3)**; Plaintiff Haugen's Employment Offer Letter **(Exhibit 4)**; Defendant's PSM Job Description signed by Plaintiff Goldston, produced by Defendant bate stamp No. 137-139 **(Exhibit 5)**; Plaintiff Goldston's Employment Offer Letter, produced by Defendant bate stamp No. 140 **(Exhibit 6)**; Plaintiffs' time records, produced by Defendant as bate stamp Nos. 181-197 **(Exhibit 7)**; List of Defendant's 44 Store Locations in Chicagoland Area, produced by Defendant as bate stamp 208-209 **(Exhibit 8)**; HR Weekly "Visit" Notes of 12/22/16, produced by Defendant as bate stamp 1-2 **(Exhibit 9)**. Defendant's First Supplemental Answers to Plaintiffs' First Set of Interrogatories **(Exhibit 10)**.

Goldston was employed by Roundy's as a PSM from approximately June of 2016 to January of 2019 at one Mariano's store (See **Exhibit 2**, **Exhibit 10**, Interrogatory Answer No. 10). Although the specifics of Plaintiffs' and other PSM's job duties and Defendant's reliance upon the salary exempt classification is not yet at issue, already established is that the PSM position had no supervisory duties (See PSM Job Description, **Exhibits 3 and 5**) and was premised upon mostly manual and clerical duties including making sure the breakroom and other spaces were properly cleaned, the bulletin board was populated with necessary notices, and trash compactor and liquor areas were secure (See weekly "HR Visit Notes" exemplar for week of December 22, 2016, attached as **Exhibit 9**).

    **B.**     **Roundy's Employed Plaintiffs and the Putative Class Members on an "Salary Exempt" Status With no Compensation for Hours Worked over 40 in a Workweek.**

Roundy's maintained a common practice and policy applicable to Plaintiffs and all PSMs in the 44 Illinois stores, misclassifying the position as exempt from the federal and state wage and hour laws requiring the payment of time and one-half for work in excess of forty hours in a workweek. See Affidavits of Plaintiff (**Exhibits 1 and 2**); See Job Descriptions and Offer Letters, (**Exhibits 3, 4, 5 and 6**).

    **C.**     **Plaintiffs and the Putative Class Members Regularly Worked More Than 40 Hours a Week Without Receiving Overtime.**

Plaintiffs and the Putative Class Members customarily worked more than 40 hours a week. See Affidavits of Plaintiffs (**Exhibits 1 and 2**); See Plaintiffs' Time Records, depicting consistent 11-hour shifts (**Exhibit 7**)[3]; When Plaintiffs and the Putative Class Members worked more than 40 hours per week, Roundy's paid them a fixed salary without any overtime premium at the rates required by federal and state law. See PSM Job Description and Employment Offer letters to both Plaintiffs (**Exhibits 3, 4, 5 and 6**).

---

[3] Defendant's production of Plaintiffs' time records (Exhibit 7) did not differentiate between Plaintiff Haugen and Plaintiff Goldston except by extrapolation of relative employment dates.

### D. Roundy's Pay Practice With Regard to PSMs Was Systematically Applied to All Putative Class Members.

The illegal and invalid salary exempt classification pay practice used by Roundy's was widespread and systematically applied to Plaintiffs and the Putative Class Members. See Affidavits of Plaintiffs (**Exhibits 1 and 2**). All PSM positions offered by Roundy's are claimed to be and are classified as salary exempt. See https://jobs.kroger.com/marianos/job/Chicago-People-Services-Manager-Mariano%E2%80%99s-IL-60661/517932800/.

## II. LEGAL STANDARDS

### A. This District Adopts a Two-Stage Certification Process Wherein Plaintiffs' Burden is Minimal at the Initial Conditional Certification Stage.

The FLSA provides an action may be maintained against an employer by any one or more employees on behalf of himself and other employees similarly situated. *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). Courts in this District (including this Court) apply a two-step approach to determine if an FLSA claim should proceed as a collective action. *Bergman v. Kindred Healthcare, Inc.*, 949 F.Supp.2d 852, 855 (N.D. Ill. 2013); *Pieksma v. Bridgeview Bank Mortg. Co., LLC*, No. 15-C-7312, 2016 WL 7409909, at *1 (N.D. Ill. Dec. 22, 2016) (Alonso, J.).

The first stage – where this case is now – involves conditionally certifying a class for notice purposes using a "low standard of proof." *Id.*; *Creal v. Group O, Inc*., 155 F.Supp.3d 831, 837 (N.D. Ill. 2016); *Briggs v. PNC Fin. Servs. Grp., Inc.,* No. 15-cv-10447, 2016 WL 1043429, at * 1 (N.D. Ill. Mar. 16, 2016) (St. Eve, J.); *Sylvester v. Wintrust Fin. Corp.*, No. 12-C-01899, 2013 WL 5433593, at *2 (N.D. Ill. Sept. 30, 2013). At this initial stage, Plaintiffs need only make a "**minimal showing** that others in the potential Class are similarly situated." *Creal*, 155 F.Supp.3d at 837 (emphasis added). To carry this burden, Plaintiffs must only "make a **modest factual showing** sufficient to demonstrate that [they] and potential plaintiffs together were victims of a common policy or plan that [allegedly] violated the law." *Id.*; *Russell v. Ill. Bell Tel. Co.*, 575 F.Supp.2d 930, 933 (N.D. Ill. 2008); *Pieksma*, 2016 WL 7409909 at *1; *Salmans v. Byron Udell &*

4

*Assoc., Inc.*, No. 12-C-3452, 2013 WL 707992, at *5 (N.D. Ill. Feb. 26, 2013) (noting "[a]ll that is necessary at this stage is for the plaintiffs to establish that the class was subject to a common policy that allegedly violates [the FLSA.]").

Importantly, potential plaintiffs need not be identically situated, only similarly situated. *See Russell v. Ill. Bell Tel. Co., Inc.*, 721 F.Supp.2d 804, 812 (N.D. Ill. 2010); *Hundt v. DirectSat USA, LLC,* No. 08-C-7238, 2010 WL 2079585, at *2 (N.D. Ill. May 24, 2010) ("Plaintiff need not show that potential class members performed identical duties to meet this standard."). And "whether ... [class] discrepancies will become important down the road does not affect the current question of conditional certification." *Smallwood v. Ill. Bell Tel. Co.,* 710 F.Supp.2d 746, 751 (N.D. Ill. 2010).

For this reason, courts do not "focus on the day-to-day work activities performed by each class member" until step two of the certification analysis. *Id.*; *see also Petersen v. Marsh USA, Inc.,* No. 10–1506, 2010 WL 5423734, at *5 (N.D. Ill. Dec. 23, 2010) ("the rigorous comparison of day-to-day job responsibilities urged by defendants is inappropriate at the conditional certification stage"); *Betancourt v. Maxim Healthcare Servs., Inc.,* No. 10–4763, 2011 WL 1548964, at *7 (N.D. Ill. Apr. 21, 2011) ("defendant's arguments about the predominance of individualized inquiries and the dissimilarities between plaintiff and other employees are only properly raised after the parties have conducted discovery [at the second stage of certification]."). Indeed, plaintiffs can be similarly situated despite differences in job titles, functions, or pay**.** *Jirak v. Abbott Labs., Inc.*, 566 F.Supp.2d 845, 848-49 (N.D. Ill. 2008); *Garza v. CTA*, No. 00-C-0438, 2001 WL 503036, at *3 (N.D. Ill. May 8, 2001) (existence of different pay and job positions did not prevent plaintiffs from operating under the same policies that entitle them to overtime pay); *see also Lamarr v. Ill. Bell Tel. Co*., No. 15-C-8660, 2017 WL 2264348, at *3 (N.D. Ill. May 24, 2017) (rejecting employer's argument that differences in calculating potential class members' damages precluded conditional certification).

Ultimately, if Plaintiffs meet this low burden, which they do, Court approved Notice may be issued to prospective plaintiffs who may opt into the Action. *Creal*, 155 F.Supp.3d at 837. It is not until the second step of the certification process (which follows the completion of the opt-in process and discovery), where courts analyze whether "there is sufficient similarity between the named and opt-in plaintiffs to allow the matter to proceed to trial on a collective basis." *Jirak*, 566 F.Supp.2d at 848.

### B. Conditional Certification is Generally Ruled on Before Substantial Discovery Occurs.

Critically, courts in this District generally decide whether to conditionally certify a class before the Parties conduct discovery by looking only at the pleadings and accompanying affidavits or declarations. *See, e.g., Creal*, 155 F.Supp.3d at 837 (noting once an FLSA collective action is conditionally certified discovery follows during the second stage of conditional certification); *Briggs*, 2016 WL 1043429 at *2 (granting conditional certification of nationwide class of employees alleged to be misclassified as exempt before any discovery occurred); *Blakes v. Ill. Bell Tel. Co.*, 2011 U.S. Dist. LEXIS 43147, at *3-4 (N.D. Ill. Apr. 21, 2011) (denying employer's motion for pre-conditional certification discovery and noting "[a]llegations in the pleadings coupled with the named plaintiffs' affidavits can suffice to meet the lenient first-stage evidentiary requirement."); *Betancourt*, 2011 WL 1548964 at *7; *Aon Corp. Wage & Hour Emp't Practices Litig.*, No. 08-CV-5802, 2010 U.S. Dist. LEXIS 34888, 2010 WL 1433314, at *4 (N.D. Ill. April 8, 2010).

Thus, it is not surprising courts in this District (including this Court) routinely deny employers' attempts to engage in detailed discovery and predicate a ruling on conditional certification on the employer first conducting "certification discovery". *See e.g., Pieksma*, 2016 WL 7409909 at *1 (wherein this Court granted conditional certification and denied an employer's request to depose declarants, obtain answers to already-issued discovery, and submit additional

briefing following discovery prior to ruling on certification); *Ivery v. RMH Franchise Corp.*, 280 F.Supp.3d 1121, 1137-38 (N.D. Ill. 2017) (denying employer's request to conduct pre-conditional certification discovery, finding "notice should precede discovery" because conditional certification is meant only "to determine the size and contour of the group of employees who may become collective members and whether those potential members are 'similarly situated.'"); *Briggs v. PNC Fin. Servs. Grp., Inc.,* No. 15-cv-10447, 2016 WL 401701, at *2 (N.D. Ill. Jan. 20, 2016) (St. Eve, J.) (denying employer's request for pre-certification depositions because of the lenient certification standard and granting employees' request for protective order); *Blakes*, 2011 U.S. Dist. LEXIS 43147 at *3-4 (denying employer's request to conduct pre-certification discovery before responding to conditional certification motion).

      **C.**     **Conditional Certification Does Not Require a Decision on the Merits.**

At this initial stage, "[t]he court does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Bergman*, 949 F.Supp.2d at 855-56; *Nehmelman v. Penn Nat'l Gaming, Inc.*, 822 F.Supp.2d 745, 751 (N.D. Ill. 2011)[4]("[T]he court does not consider the merits of a plaintiff's claims, or witness credibility.); *Pieksma*, 2016 WL 7409909 at *1; *Briggs*, 2016 WL 1043429 at *2; *see also Larsen v. Clearchoice Mobility, Inc.*, No. 11 C 1701, 2011 WL 3047484, at *1 (N.D. Ill. July 25, 2011) ("[T]he court does not resolve factual disputes or decide substantive issues going to the merits."). Rather, only at stage-two, after the opt-in period closes and discovery is complete, does the court apply a more stringent standard to determine whether to "revoke conditional certification or divide

---

[4] Roundy's can be expected to ask the Court to allow the taking of Plaintiffs' depositions before it is required to respond to Plaintiffs' Motion For Conditional Certification, despite the fact it previously argued (successfully) before this Court that Plaintiffs should not have access to the identity of other PSMs who would have information as first hand witnesses. This is not surprising as doing so would benefit Roundy's by: (1) continuing to run the statutes of limitations on potential class members' valuable unpaid overtime claims; and (2) potentially employ a heightened standard for conditional certification in this matter due to completion of significant discovery. *See Sylvester*, 2013 WL 5433593 at *3 (declining to apply an "intermediate" level of scrutiny). Any such request by Roundy's should be denied for the reasons stated herein.

the class into subclasses." *Sylvester*, 2013 WL 5433593, at *3. This is because the risk of error in conditionally certifying a class is "insignificant" because "should further discovery reveal that the named positions, or corresponding claims, are not substantially similar the defendants will challenge the certification and the court will have the opportunity to deny final certification." *Craig v. Rite Aid Corp.*, No. 08-cv-2317, 2009 WL 4723286, at *2 (M.D. Pa. Dec. 9, 2009).

### i. Arguments Related to Roundy's Exemption Defenses Go to the Merits And Are Irrelevant to The Court's Decision Regarding Conditional Certification.

Courts in this District routinely grant conditional certification without making factual determinations on employers' exemption defenses because such defenses are merits-based and irrelevant at this initial certification stage. *See, e.g., Briggs*, 2016 WL 1043429 at *5 (noting employer's attempts to defeat conditional certification by arguing its exemption defenses would require fact-intensive analyses particular to each plaintiff's employment duties were premature because exemption defenses go to the merits of the claims and defenses); *Salmans*, 2013 WL 707992 at *5 (noting arguments relating to exemption defenses are inappropriate at the initial conditional certification stage). And, even if any exemption defenses were applicable, that is not enough to prevent conditional certification of a class. *See e.g.*, *Turner*, 2016 WL 6638849 at *7. Courts throughout the federal judiciary have ruled similarly.

### III. ARGUMENT

#### A. Any Potential Differences Between Plaintiffs and Other PSMs is Not a Basis Upon Which Conditional Certification Should be Denied.

"[P]urported dissimilarities between members of [the] Plaintiffs' proposed class are irrelevant because the common scheme or policy alleged affects all hourly employees paid straight time for overtime. In sum, the alleged FLSA violations in this case do not turn on the nature of the work performed . . . . [b]ecause Plaintiff alleges that the compensation scheme is in of itself a violation of the FLSA, no further factual inquiry into the job duties of each putative class member is necessary. As such, liability can be determined collectively without limiting the class to specific

8

job position". *Kilmon v. Saulsbury Industries, Inc.*, No. 7:17-cv-00099-RAJ-DC, Doc. 45, at *5 (W.D.Tex. Dec. 13, 2017). Mere uniformity of a pay practice justifies conditional certification in FLSA cases. *Wellman v. Grand Isle Shipyard, Inc.,* No. CIV.A. 14-831, 2014 WL 5810529, at *4 (E.D. La. Nov. 7. 2014) (holding that an allegation of common pay practice constitutes a "factual nexus which binds then named Plaintiffs and the potential class members together). See also *Thiessen v General Electric Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001) (stating that disparate factual and employment settings of individual plaintiffs and various defenses available to defendant that are individual to each plaintiff are factors to be considered at the second stage analysis); *Swartz v. D-J Engineering, Inc.*, No. 12-CV-1029-JAR, 2013 WL 5348585, at * 6 (D.Kan. Sept. 24, 2013) (refusing to consider employer's arguments that conditional certification was improper based on alleged exemption defenses); *Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 682 (D.Kan. 2004) (refusing to consider "legal and factual issues unique to each employee such as whether the employee was an exempt employee" for conditional certification at the notice stage); *Jones v. Cretic Energy Servs., LLC*, 149 F.Supp. 761, 774 (S.D. Tex. Dec. 9, 2015); *Turner v. Nine Energy Service, LLC*, Civ. A. No. H-15-3670, 2016 WL 6638849, at *7 (S.D. Tex. Oct. 4, 2016) (Johnson, M.J.), *adopted at* 2016 WL 6652747 (S.D. Tex. Nov. 9, 2016); *McPherson v. LEAM Drilling Systems, LLC*, No. 4:14-CV-02361, Doc. 84 (S.D. Tex. Mar. 30, 2015) (granting conditional certification of nationwide class of oilfield workers over employer's objections that individualized analyses were required due to various exemption defenses and noting that employer could later move to decertify the class); *Dreyer v. Baker Hughes Operations, Inc*., Civ. A. No. H-08-1212, 2008 WL 5204149, at *2-3 (S.D. Tex. Dec. 11, 2008) (rejecting employer's argument that the application of multiple FLSA exemptions counseled against conditional certification because "exemptions are merits-based defenses to an FLSA claim" that "cannot defeat conditional certification.").

### B. Plaintiffs Satisfy the Modest Factual Showing Required to Issue Notice.

Plaintiffs present ample evidence to meet the modest factual showing required to demonstrate they and the Putative Class Members together were victims of a common policy or plan alleged to violate the law. *See Creal*, 155 F.Supp.3d at 837. Indeed, the record contains substantial allegations showing Plaintiffs and the Putative Class Members are similarly situated because they all:

- Worked as PSMs for Roundy's;
- Were classified as "salary exempt";
- Regularly worked in excess of 40 hours a week; and
- Were not paid overtime for hours worked in excess of 40 hours in any given week.

The pleadings, declarations, personnel records, time records and pay records attached to this Motion demonstrate Plaintiffs and various Putative Class Members were all paid a set salary and did not receive overtime pay for hours in excess of forty despite regularly working more than 40 hours a week. This evidence is more than sufficient to meet Plaintiffs' modest factual burden at the initial stage of conditional certification.

### C. The Court Should Approve Plaintiffs' Proposed Notice and Schedule.

Plaintiffs' proposed notice and consent forms, attached as **Exhibit 11**, are accurate, simple to understand, and convey all information necessary at this stage. "Absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice." *Sylvester*, 2013 WL 5433593 at *6. "The only thing that matters to the Court is that the notice of lawsuit and consent form convey accurately and fairly all the necessary information at this stage." *Id.* Plaintiffs further proposes the following distribution plan and Notice schedule:

| DEADLINE | SUBJECT |
| --- | --- |
| **10 days from order approving notice to Potential Class Members** | Defendant to provide to Plaintiffs' counsel in Excel (.xlsx) format the following information regarding all Putative Class Members: full name; last known address(es) with city, state, and zip Code; last known e-mail address(es) (non-company address if applicable); last known telephone number(s); beginning date(s) of employment; and ending date(s) of employment (if applicable). |

| | |
|---|---|
| **20 days from order approving notice to Potential Class Members** | Plaintiffs' Counsel shall send a copy of the Court-approved Notice and Consent Form to the Putative Class Members by First Class U.S. Mail, email, and text message. Defendant shall be required to post the Notice and Consent Forms at all 44 Mariano locations for 60 days in an area frequented by PSMs and open and obvious to PSMs. Plaintiffs' Counsel may follow-up the mailed and emailed Notice and Consent Forms with contact by telephone of former employees or those Putative Class Members whose mailed contact information is not valid. |
| **60 days from mailing of Notice and Consent Forms to Potential Class Members** | The Putative Class Members shall have 60 days to return their signed Consent forms to Plaintiffs' Counsel for filing with the Court. Defendant may remove the posted Notice and Consent forms. |
| **30 days from mailing of Notice and Consent Forms to Potential Class Members** | Plaintiffs' Counsel is authorized to mail, email, and text a second, identical copy of the Notice and Consent Form to the Putative Class Members reminding them of the deadline for the submission of the Consent forms. |

### i. Courts Routinely Require the Production of Names, Addresses, Email Addresses, and Phone Numbers and Allow Notice Be Sent Via U.S. Mail, Email, Text Messaging, and Job Postings.

Plaintiffs request the Court order Roundy's to provide their counsel with the names, current or last known physical addresses, email addresses (both personal and work, if available), and telephone numbers for Putative Class Members and to allow Notice to be disseminated through U.S. Mail, Email, text message, and posting at Roundy's jobsites. Doing so will ensure the Putative Class Members will receive notice of this Action and are given an adequate opportunity to join. Production of this information and sending Notice in the manner proposed by Plaintiffs is routine in FLSA cases and helps ensure the potential class members will receive "accurate and timely notice" of the pending collective action, as necessary to effectuate the remedial purposes of the FLSA. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Pieksma*, 2016 WL 7409909 at *6.21. Courts in this District have routinely allowed for Notice by mail, email, cell phone texts and posting.[5]

---

[5] *See also Grosscup v. KPW Management, Inc*., 261 F.Supp.3d 867, 880 (N.D. Ill. 2017) (authorizing notice be sent by email because "communication by email is the norm" and "enhances the chance potential plaintiffs receive the notice."); *Boltinghouse v. Abbot Labs., Inc.,* 196 F.Supp.3d 838, 844 (N.D. Ill. 2016) (permitting notice to be sent by both mail and email because doing so advances the remedial purposes of the FLSA by increasing the likelihood that all potential opt-in plaintiffs will receive notice); *Nehmelman v. Penn. Nat. Gaming, Inc.,* 822 F.Supp.2d 745, 767 (N.D. Ill. 2011); *Muir v. Guardian Heating and Cooling Servs., Inc*., No. 16-C-9755, 2017 WL 959028, at *10 (N.D. Ill. Mar. 13, 2017) (finding "[i]t is common practice to grant a request for potential plaintiffs' names, phone numbers, and physical addresses" and providing "email addresses are also standard fare."); *Gonzalez v. J. Salerno & Son, Inc.*, No.

11

### ii. Plaintiffs Should Be Allowed to Send an Identical Reminder Notice.

Plaintiffs' request for a 60-day notice period is reasonable. *See e.g., Rottman v. Old Second Bancorp, Inc.*, 735 F.Supp.2d 988, 994 (N.D. Ill. 2010) (90 days); *Smallwood,* 710 F.Supp.2d at 753 (60 days); *Kelly v. Bank of Am., N.A.*, No. 10-C-5332, 2011 WL 7718421, at *2 (N.D. Ill. Sept. 23, 2011) (60 days). Plaintiffs seeks send an identical reminder notice to all potential opt-in plaintiffs half-way through the notice period in the same manner described above. Providing a simple reminder is consistent with the objective of the Notice procedure embedded in the FLSA – i.e., to provide all necessary opportunities for Putative Class Members to pursue their legitimate claims. Courts in this District routinely authorize reminder notices to be sent. *See, e.g.*, *Ivery*, 280 F.Supp.3d at 1140 (authorizing a reminder mailing and email to potential class members half-way through the notice period); *Boltinghouse,* 196 F.Supp.3d at 844 (N.D. Ill. 2016) (finding the sending of a reminder notice "reasonable" and authorizing plaintiffs to send a reminder notice); *Soto v. Wings 'R US Romeoville, Inc.*, No. 15-CV-10127, 2016 WL 4701444, at *9 (N.D. Ill. Sept. 8, 2016); *see also Knox v. Jones Grp.*, 208 F.Supp.954, 964-65 (S.D. Ind. 2016) (authorizing the use of a reminder notice and finding no "harm will result from potential class members being informed of their rights twice," and that reminder notices are "commonplace and will not appear to endorse the merits of the case."). This District has frequently allowed Notice by mail, email, text and follow up telephone.

---

16-CV-5120, 2017 WL 2193248, at *6 (N.D. Ill. May 18, 2017); *Watson v. Jimmy John's, LLC*, No. 15-C-6010, 2016 WL 106333, at *1 (N.D. Ill. Jan. 5, 2016) (finding "allowing email notice will facilitate, rather than complicate, the notice process, and that the likelihood that unauthorized reproduction or dissemination of manipulated notices will disrupt the litigation is slight."); *Blakes v. Ill. Bell Tel. Co.,* No. 11 C 336, 2011 WL 2446598, at *10 (N.D. Ill. Jun. 15, 2011)(authorizing the posting of notice "wherever other employment related postings are placed"); *Anyere v. Wells Fargo, Co., Inc.,* No. 09-C-2769, 2010 WL 1542180, at *5 (N.D. Ill. April 12, 2010) (ordering employer to produce potential class members' names, addresses, email addresses, telephone numbers, and social security numbers); *Brashier v. Quincy Property, LLC,* No. 3:17-CV-3022, 2018 WL 1934069, at *6-7 (C.D. Ill. April 24, 2018) (finding notice by text message appropriate); *Owens v. GLH Capital Enterprise, Inc*., No. 3:16-CV-1109-NJR-SCW, 2017 WL 2985600, at *5 (S.D. Ill. July 13, 2017) (permitting notice be sent via text message);

### iii. Plaintiffs Should Be Allowed to Follow-up with Select Potential Class Members by Telephone.

Plaintiffs requests the certification schedule accommodate follow-up to certain Putative Class Members by telephone (pursuant to an agreed upon script) if the Notice and Consent Forms sent to such individuals are returned as undeliverable. Employees who have left the employment of a company frequently do not provide their former employer with up-to-date contact information. *See Lopez v. WS Energy Svcs., LLC*, No. 2:15-cv-135, Doc. 33, at *3 (S.D. Tex. Oct. 15, 2015). "[T]elephone numbers … provide a more stable means of contacting a person who has moved than a mailing address." *Jasov. Bulldog Conn. Specialists LLC*, No. 2:15-cv-269, Doc. 17 (S.D. Tex. Oct. 15, 2015).

## IV. CONCLUSION

Plaintiffs easily satisfy their modest factual burden to show they are similarly situated to the Putative Class Members because together, they were the victims of a common policy or plan alleged to violate the law (the FLSA). Thus, the Court should grant Plaintiff's Motion and authorize Notice be issued to the Putative Class Members as described herein.

          Respectfully Submitted,

          ***Electronically Served 08/26/2019***

          /s/John W. Billhorn
          _____
          John W. Billhorn

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450
jbillhorn@billhornlaw.com