# EXHIBIT - 10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HAUGEN, ET AL. ) | |
| ) | Case No. 1:18-CV-07297 |
| Plaintiffs, ) | |
| ) | Judge Elaine E. Bucklo |
| v. ) | |
| ) | |
| ROUNDY'S ILLINOIS, LLC d/b/a ) | |
| MARIANO'S ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFFS JAMES HAUGEN, ET AL.'S FIRST SET OF INTERROGATORIES

Defendant Roundy's Illinois, LLC, d/b/a Mariano's provides its First Supplemental Answers to Plaintiffs' First Set of Interrogatories.

### GENERAL OBJECTIONS

1. These General Objections are incorporated by reference, as if fully stated herein, with respect to each and every answer and response to each and every interrogatory and document request (collectively, "discovery requests") contained herein.

2. Defendant objects to Plaintiffs' discovery requests to the extent that they seek information or documents that are subject to the attorney-client privilege, work product immunity, or are otherwise privileged or immune from discovery. Moreover, Defendant does not intend by these answers and responses to waive any claim of privilege or immunity. If Defendant produces any information or document that is protected by a privilege or immunity, such production shall be deemed inadvertent and shall not constitute a waiver of the applicable privilege.

*[handwritten: Deductions M8.13]*

*[handwritten: Haugh Filed 11/1/18    11/1/15]*

1

3. Defendant objects to Plaintiffs' discovery requests to the extent they seek information or documents not in Defendant's custody or control.

4. Defendant objects to Plaintiffs' discovery requests to the extent that they attempt to impose obligations greater than those imposed by the Federal Rules of Civil Procedure, the Local Rules of Court, and/or any Order of the Court.

5. Defendant objects to Plaintiffs' discovery requests to the extent they request information regarding individuals who are not parties to this case.

## GENERAL RESPONSES

1. Without waiver or limitation of the foregoing General Objections or of any objections to specific document requests at any time, all answers of Defendant are made without waiving:

   a. all questions as to competency, relevancy, materiality, privilege, and admissibility of any answers and responses given;

   b. the right to object, on any ground, to the use of any information produced or the subject matter thereof;

   c. the right at any time to revise, correct, supplement, clarify, and/or amend the answers and responses hereinafter set forth;

   d. the right to object to a demand for further discovery relating to the subject matter of the answers and responses herein;

   e. the right to move for a protective order; and

   f. the right of any party to object on any ground to the use of any information or document provided in response to these discovery requests in any subsequent proceedings in, or the trial of, this or any other action.

2. The information in these answers and responses is not based solely on the knowledge of the executing party, but includes the knowledge of Defendant, its agents, representatives, and, unless privileged, its attorneys.

3. The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and responses and does not necessarily purport to be the precise language of the executing party.

4. Discovery in this matter is not yet complete. Given the stage of litigation, Defendant fully reserves its right to alter, amend, modify, or otherwise revise its answers and responses if, for any reason, such revisions become appropriate or warranted. Should it be necessary, upon Defendant's receipt of or discovery of information or documents that supplement, correct, or modify the information or documents provided in these answers and responses, supplemental answers and/or responses will be prepared and submitted as required by the Federal Rules of Civil Procedure.

5. As used in these responses, the terms "will produce" or "will be produced" mean that Defendant will make the requested documents available for inspection and copying at a time and place to be agreed upon by counsel for the parties to the extent such documents (1) exist, (2) are in Defendant's possession, custody, or control, (3) can be located following a reasonable search, (4) have not been made available for inspection previously in this action, and (5) are not covered by any of the general or specific objections contained herein.

## INTERROGATORIES

1. Please identify by name and address all individuals who contributed any information used in conjunction with any answer contained herein, and specifically identify what information was contributed by each such individual and to what specific interrogatory the information was contributed.

3

ANSWER: **Objection**. This Interrogatory seeks information protected under the attorney-client privilege and the attorney work-product doctrine. Subject to and without waiving any of the foregoing objections, Defendant is a corporate party and its answers are the product of information from numerous individuals and documents.

2. Please state the specific job titles of the named Plaintiffs, James Haugen and Christian Goldston, and produce all contents of Plaintiffs' employee files (in conjunction with Request to Produce No. 1).

ANSWER: Plaintiffs James Haugen and Christian Goldston were People Service Managers. Answering further, see Defendant's Response to Request to Produce No. 1.

3. Please state whether the corporate Defendant manages and administers its own payroll system for employee compensation. If Defendant does not maintain its own payroll system, please list the name and address of each company or entity the corporate Defendant has utilized for said payroll system services within the last three (3) years.

ANSWER: **Objection**. This Interrogatory is vague in that the terms "manages" and "administers" are undefined. Subject to and without waiving any of the foregoing objections, Kroger Payroll processes Defendant's payroll.

4. Please describe in detail how time worked by People Service Managers (hereinafter referred to as "PSM" or "PSMs") was recorded and identify any time-keeping system used to record time in the last three (3) years.

4

ANSWER: **Objection**. This Interrogatory is vague in that the term "recorded" is undefined. Further objecting, this Interrogatory seeks information outside that scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiff and his individual claims. Subject to and without waiving any of the foregoing objections, Defendant schedules People Service Managers for certain hours each week, but it does not require People Services Managers to record their time worked because People Service Managers are salary exempt employees.

5. Identify the named Plaintiffs' basis of pay and basis of pay for each individual identified in Interrogatory No. 9 (e.g. salary, hourly, piece-rate, or shift pay, commissions) rate(s) of pay (e.g. $500 per week, $10.00 per hour, $110.00 per shift, percentage of sales, etc.) during the relevant period.

ANSWER: **Objection.** This Interrogatory seeks information that is outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiff and his individual claims. Further objecting, this Interrogatory is vague in that the term "basis of pay" is undefined. Subject to and without waiving any of the foregoing objections, Defendant will produce documents reflecting Plaintiffs' pay.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see* ROUNDYS_000029, 000033, 000045, 000052, 000140, and 000199-207.

6. For the three (3) years preceding the filing of this Complaint, please state the day-to-day job duties of the named Plaintiffs, James Haugen and Christian Goldston, including any job duties the named Plaintiffs performed that were not expressly described in Plaintiffs' written job descriptions.

ANSWER: Plaintiffs' job duties are set forth in the job description produced with Defendant's MIDP responses, bates labeled Roundys000030-32.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see also* ROUNDYS_000137-139.

7. Please state when the job description of PSM was implemented.

ANSWER: **Objection.** This Interrogatory is overbroad in that it seeks information from outside the relevant time period. Subject to and without waiving any of the foregoing objections, the job description bates labeled Roundys00030-32 was in place during the period of time Plaintiffs were in the PSM role.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, the job description bates labeled ROUNDYS_000030-32 and ROUNDYS_000137-139 was the only job description applicable to PSMs between November 1, 2015 and November 1, 2018.

8. Please state and describe in detail the job description and duties of any job category that the PSM position was created to replace or supplement.

6

ANSWER: **Objection**. This Interrogatory is vague in that the terms "job category" and "replace" and "supplement" are not defined. Further objecting, this Interrogatory is overbroad in that it seeks information from outside the relevant time period. Subject to and without waiving the foregoing objections, none.

9. Please state the names, addresses telephone numbers and email addresses for all PSMs employed by Defendant within the last three (3) years.

ANSWER: **Objection**. This Interrogatory seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims.

10. Please state the name and addresses for each store location where PSMs were employed and utilized.

ANSWER: **Objection**. This Interrogatory seek information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims. Subject to and without waiving any of the foregoing objections, Plaintiff Haugen worked as a PSM at the following stores:

Mariano's Edgewater: 5201 N. Sheridan Rd.; Chicago, IL 60640; and

Mariano's Glenview: 25 Waukegan Rd.; Glenview, IL 60025.

Plaintiff Goldston worked at the following store:

Mariano's 16th and Clark: 1615 S. Clark St.; Chicago, IL 60616.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see* ROUNDYS_000208-209.

11. Please state the names, addresses, telephone numbers and email addresses for each General Manager (or equivalent) employed at each location identified in the Interrogatory above within the last three (3) years and identify whether the General Manager is a current or former employee of Defendant. If a General Manager identified in this Interrogatory is a former employee, please state whether Defendant is asserting its control over them.

ANSWER: **Objection**. This Interrogatory is vague in that the term "General Manager (or equivalent)" is not defined. Further objecting, the term "asserting its control over them" is vague. Subject to and without waiving any of the foregoing objections, John Boudart was the store director at the Edgewater store when Plaintiff Haugen worked there and Jared Anderson and Jeff Swanson were the store directors at the Glenview store when Plaintiff Haugen worked there. Donald Jeffers, Jeremy Trimble, Luis Elvir, Megan Gleeson, and Marvin Gomez were store directors at the 16th and Clark store during Plaintiff Goldston's employment.

12. For each of the past and present employees identified in answer to Interrogatory No 9, if any individual's day-to-day job duties were different than those of the named Plaintiffs (as described in your answer to Interrogatory No 6. above), please describe in substance the manner in which any such individual's day-to-day job duties differed from those of the named Plaintiffs.

ANSWER: **Objection**. This Interrogatory seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their

8

individual claims. Subject to and without waiving any of the foregoing objections, see Answer to Interrogatory No. 9.

13. Please explain in detail any tools or resources the named Plaintiffs and the PSMs identified in Interrogatory No. 6 used in their job-related decision-making process, including any tools or resources that may have been required or provided by Defendant, (i.e. handbooks, manuals, template forms, computer programs, verbal or written direction, etc.)

ANSWER: **Objection**. This Interrogatory seeks information outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims. Further objecting, this Interrogatory is vague in that the terms "tools" and "resources" are undefined. Subject to and without waiving any of the foregoing objections, pursuant to Fed. R. Civ. P. 33(d), Defendant will produce documents in response to this Interrogatory.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see* ROUNDYS_000147-172.

14. For each job of the store locations identified in Interrogatory No.10 and all PSMs identified in Interrogatory No.6, for the three (3) years preceding the filing of this complaint, please identify the manner in which Defendant recorded, or otherwise documented the amount of time employees worked (i.e., computer log-on, electronic punch or swipe system, manual, hand written time sheet, etc.,) and describe the sequence of payroll processing, including the identify of any individuals responsible for said process from the point in which the employee time is recorded to the issuance of the payroll check.

ANSWER: **Objection.** This Interrogatory seeks information that is not proportionate to the needs of this case and that is outside the scope of Phase I discovery to the extent it seeks information related to individuals other than Plaintiffs and their individual claims. Subject to and without waiving any of the foregoing objections, Defendant does not require its salaried exempt employees to record their work time.

15. Please identify any and all investigations, audits, inquiries or other involvement Defendant have had at any time with any government agency related to Defendant's wage and hour or compensation policies and practices, including but not limited to any investigations, audits, inquiries or other involvement with the United States Department of Labor or the Illinois Department of Labor. For each circumstance identified, please also state the nature or subject of such investigation, the date upon which the event occurred and pursuant to Plaintiffs' Request For Production, please produce copies of any and all documents related.

ANSWER: **Objection**. This Interrogatory seeks information that is irrelevant and not proportionate to the needs of this case.

16. For each affirmative defense asserted by Defendant in their response to Plaintiffs' Complaint, please state the factual basis or defense for each defense asserted, identify the person or persons who have provided any information relative to the factual basis of the defense, and identify any and all documents which relates to or support said factual basis of the defense.

ANSWER: **Objection**. This Interrogatory seeks information that is protected under the attorney-client privilege and the attorney work product doctrine. Subject to and without waiving any

10

of the foregoing objections, Defendant's defenses speak for themselves. Further answering, pursuant to Fed. R. Civ. P. 33(d), see documents produced.

SUPPLEMENTAL ANSWER: Subject to and without waiving any of the foregoing objections or any objections in Defendant's responses to Plaintiffs' document requests, *see* ROUNDYS_000001-209.

Respectfully submitted,

/s/ David K. Montgomery
David K. Montgomery (*pro hac vice*)
Matthew R. Byrne (*pro hac vice*)
Mark B. Gerano (*pro hac vice*)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: matthew.byrne@jacksonlewis.com
Email: mark.gerano@jacksonlewis.com

Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com
Email: amaxwell@grglegal.com

*Counsel for Defendant*
*Mariano's Illinois, LLC, d/b/a Mariano's*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2019, a true and accurate copy of the foregoing Defendant Roundy's Illinois, LLC d/b/a Mariano's Supplemental Answers to Plaintiffs James Haugen et al.'s First Set of Interrogatories was served via email upon the following:

>John W. Billhorn
>Samuel Engelson
>BILLHORN LAW FIRM
>53 West Jackson Blvd., Suite 401
>Chicago, IL 60604
>Telephone: (312) 853-1450
>Email: jbillhorn@billhornlaw.com
>Email: sengelson@billhornlaw.com
>
>*Counsel for Plaintiffs*

/s/ *David K. Montgomery*

4834-0426-4607, v. 1