## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HAUGEN,** | : | |
| | : | Case No. 1:18-cv-07297 |
| **Plaintiff,** | : | |
| | : | Judge Elaine E. Bucklo |
| **v.** | : | |
| | : | |
| **ROUNDY'S ILLINOIS, LLC d/b/a** | : | |
| **MARIANO'S,** | : | |
| | : | **DEFENDANT'S ANSWER TO** |
| **Defendant.** | : | **PLAINTIFFS' FIRST AMENDED** |
| | : | **COMPLAINT** |

Now comes Defendant Roundy's Illinois, LLC d/b/a Mariano's ("Defendant") and for its

Answer to Plaintiffs' First Amended Complaint (the "Complaint") states as follows:

## I.     NATURE OF ACTION

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,*

the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.,* the Cook County Minimum Wage

Ordinance of the Municipal Code of Cook County § 42-11, *et seq,* and the Chicago Minimum

Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**ANSWER**:     To the extent the allegations in Paragraph 1 purport to characterize the

Complaint, Defendant denies those allegations because the Complaint speaks for itself.  Defendant

denies any remaining allegations in Paragraph 1.

## II.     JURISDICTION AND VENUE

2.      Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C.

§§ 206-207, and for the supplemental Illinois statutory claim, Cook County statutory claim and

Chicago municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of

Illinois in that during all times relevant to the employment relationship, Plaintiff performed work

in this district and is a resident of this district and Defendant is or was engaged in business in this district.

**ANSWER**:  Defendant admits it engages in business in this district and that Plaintiffs worked for Defendant in this district.  The remaining allegations in Paragraph 2 call for legal conclusions to which no responses are required.  Defendant denies any remaining allegations in Paragraph 2.

### III.  THE PARTIES

3.  Defendant, ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S (herein referred to as "Defendant"), operates a chain of grocery stores that sell food, prepared food, beverages, including alcoholic beverages and other consumer products to customers. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(l)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

**ANSWER**:  Defendant admits it operates a chain of grocery stores.  Defendant neither admits nor denies that it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) or that it is an "employer", as these are legal conclusions to which no responses are required.  Defendant denies any remaining allegations in Paragraph 3.

4.  Plaintiff, JAMES HAUGEN (hereinafter referred to as "Plaintiff" or "Haugen"), is a former employee who performed customer service and general store clerk duties under the

direction of Defendant's management and who was compensated as a salary-exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek.

**ANSWER**:  Defendant admits Plaintiff Haugen was a former employee, that he was properly classified as exempt, and that he did not receive overtime compensation for hours worked in excess of 40 in a workweek.  Defendant denies all remaining allegations in Paragraph 4.

5.     Plaintiff, CHRISTIAN GOLDSTON (hereinafter referred to as "Plaintiff" or "Goldston"), is a former employee who performed customer service and general store clerk duties under the direction of Defendant's management and who was compensated as a salary-exempt employee and denied overtime compensation for hours worked in excess of 40 in a workweek.

**ANSWER**:  Defendant admits Plaintiff Goldston was a former employee, that he was properly classified as exempt, and that he did not receive overtime compensation for hours worked in excess of 40 in a workweek.  Defendant denies all remaining allegations in Paragraph 5.

6.     All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendant and were improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

**ANSWER:**  Defendant denies that Plaintiffs have identified a set of similarly situated Plaintiffs appropriate for class or collective treatment and denies that Plaintiffs were entitled to overtime.  Defendant denies any remaining allegations in Paragraph 6.

## IV.     STATUTORY VIOLATIONS

**Collective Action Under the Fair Labor Standards Act**

7.      Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**ANSWER**:  To the extent the allegations in Paragraph 7 purport to characterize the Complaint, Defendant denies those allegations because the Complaint speaks for itself.  Defendant denies Plaintiffs' claims have any merit and denies any remaining allegations in Paragraph 7.

**Illinois Minimum Wage Law**

8.      Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.,* Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

**ANSWER**:  To the extent the allegations in Paragraph 8 purport to characterize the Complaint, Defendant denies those allegations because the Complaint speaks for itself.  Defendant denies Plaintiffs' claims have any merit and denies any remaining allegations in Paragraph 8.

**Cook County Minimum Wage Ordinance**

9.      Pursuant to the Cook County Minimum Wage Ordinance ("CCMWO"), Municipal Code of Cook County § 42-11, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

**ANSWER**: To the extent the allegations in Paragraph 9 purport to characterize the Complaint, Defendant denies those allegations because the Complaint speaks for itself. Defendant denies Plaintiffs' claims have any merit and denies any remaining allegations in Paragraph 9.

### Chicago Minimum Wage Ordinance

10. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count VI of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI.

**ANSWER**: To the extent the allegations in Paragraph 10 purport to characterize the Complaint, Defendant denies those allegations because the Complaint speaks for itself. Defendant denies Plaintiffs' claims have any merit and denies any remaining allegations in Paragraph 10.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

11. Plaintiffs, at all times pertinent to the cause of action, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

**ANSWER**: Defendant admits it employed Plaintiffs. Defendant denies any remaining allegations in Paragraph 11.

12. During Plaintiffs' employments, Defendant paid Plaintiffs on exempt salary compensation plans. The job duties and reporting structures of Plaintiffs, and other members of the Plaintiff Class who were similarly improperly classified as salary exempt, did not and do not qualify under any of the salary exemptions established by the FLSA.

**ANSWER**: Defendant admits it properly paid Plaintiffs on an exempt salary basis. Defendant denies any remaining allegations in Paragraph 12.

13.     Plaintiffs worked a minimum schedule of five (5) days per week for ten (10) hours per day.  Plaintiffs almost always worked in excess of their minimum schedules.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14.     Plaintiffs, over the course of their employments, performed significant hours of non-exempt manual labor and other non-exempt duties typically performed by hourly store associate employees, such as operating the cash registers, bagging groceries, stocking shelves, cutting and arranging flowers, slicing deli products and delivering catering orders to residences and businesses.

**ANSWER:**     Defendant denies the allegations in Paragraph 14.

15.     Plaintiffs worked under the constant and exclusive direction of Defendant's management employees.

**ANSWER:**     Defendant denies the allegations in Paragraph 15.

16.     Plaintiffs, and members of the Plaintiff class, worked in excess of forty (40) hours in a workweek without pay for all hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

**ANSWER**:  Defendant admits that it did not pay Plaintiffs overtime compensation for work in excess of 40 hours per workweek.  Defendant denies that Plaintiffs have identified a set of similarly situated persons appropriate for class or collective treatment, denies that Plaintiffs were owed overtime, and denies the remaining allegations in Paragraph 16.

17.     Defendant has, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiffs, requiring work to be performed without pay

at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek.

**ANSWER**:  Defendant denies the allegations in Paragraph 17.

18.    The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.  To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

**ANSWER**:    Defendant admits it maintains employment records.  Defendant denies that Plaintiffs have identified a set of similarly situated persons appropriate for class or collective treatment and denies the remaining allegations in Paragraph 18.

19.    The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.  Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

**ANSWER:**    Defendant denies the allegations in Paragraph 19.

20.    The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees.  Those past and present employees are entitled to receive Notice of these proceedings and afforded the opportunity to join their individual claims.

**ANSWER**:    Defendant denies the allegations in Paragraph 20.

## COUNT I

## VIOLATIONS OF FAIR LABOR STANDARDS ACT

1-20.    Paragraphs 1 through 20 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 20 of this Count I.

**ANSWER**: Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

21.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

**ANSWER**: Defendant denies the allegations in Paragraph 21.

22.    Defendant has during certain times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, as described above.

**ANSWER**: Defendant denies the allegations in Paragraph 22.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)    prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)    Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d)    such additional relief as the Court deems appropriate under the circumstances.

**ANSWER**: In response to the unnumbered "WHEREFORE" Paragraph, including all of its subparts, Defendant denies Plaintiffs are entitled to the relief they seek or any relief whatsoever.

## COUNT II

## WILLFULL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-22. Paragraphs 1 through 22 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 22 of Count II.

**ANSWER**: Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

23. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER**: Defendant denies the allegations in Paragraph 23.

24. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

**ANSWER**: Defendant denies the allegations in Paragraph 24.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     such additional relief the Court deems appropriate under the circumstances.

**ANSWER**:  In response to the unnumbered "WHEREFORE" paragraph, including all of its subparts, Defendant denies Plaintiffs are entitled to the relief they seek or any relief whatsoever.

## COUNT III

## LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT

1-24.    Paragraphs 1 through 24 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 24 of Count III.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

25.     In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

**ANSWER**:  Defendant denies the allegations in Paragraph 25.

10

26.     The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

**ANSWER**:  Defendant denies the allegations in Paragraph 26.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)     such additional relief the Court deems appropriate under the circumstances.

**ANSWER**:  In response to the unnumbered "WHEREFORE" paragraph, Defendant denies Plaintiffs are entitled to the relief they seek or any relief whatsoever.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-27.[1]  Paragraphs 1 through 27 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 27 of this Count IV.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

28.     As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

**ANSWER**:  Defendant denies the allegations in Paragraph 28.

---

[1] The Amended Complaint does not contain a Paragraph 27.

29.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

**ANSWER**:  To the extent the allegations in Paragraph 29 purport to characterize the Illinois Minimum Wage Law, Defendant denies those allegations because the Illinois Minimum Wage Law speaks for itself.  Defendant denies any remaining allegations in Paragraph 29.

30.     Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

**ANSWER**:  Defendant denies the allegations in Paragraph 30.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendant to pay to Plaintiffs' reasonable attorneys fees, costs, and litigation expenses, as provided by statute;

(e)     for such additional relief the Court deems just and appropriate under the circumstances.

**ANSWER**:  In response to the unnumbered "WHEREFORE" Paragraph, including all of its subparts, Defendant denies Plaintiff is entitled to the relief he seeks or any relief whatsoever.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE COOK COUNTY MINIMUM WAGE ORDINANCE

1-30.    Paragraphs 1 through 30 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 30 of this Count V.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

31.    Plaintiffs were each an "employee" under the CCMWO § 44-12 of the Municipal Code of Cook County and were not exempt from the overtime provisions of the CCMWO §§ 44-15.

**ANSWER**:  The allegations in Paragraph 31 call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32.    Defendant was an "employer" as defined in the CCMWO§ 44-12.

**ANSWER**:  The allegations in Paragraph 32 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 32.

33.    Under § 44-15, for all weeks during which Plaintiffs, and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

**ANSWER**:  Defendant denies the allegations in Paragraph 33.

34.    Defendant's failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CCMWO § 44-15.

**ANSWER**:  Defendant denies the allegations in Paragraph 34.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid wages;

(c)     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     Such additional relief the Court deems just and appropriate under the circumstances.

**ANSWER**:  In response to the unnumbered "WHEREFORE" Paragraph, including all of its subparts, Defendant denies Plaintiffs are entitled to the relief sought or any relief whatsoever.

## COUNT VI

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-34.   Paragraphs 1 through 34 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 34 of this Count VI.

**ANSWER**:  Defendant incorporates its answers to the foregoing paragraphs as though fully restated herein.

35.     Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

**ANSWER**:   The allegations in Paragraph 35 call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36.     Defendant was an "employer" as defined in the CMWO§ 1-24-10.

**ANSWER**:  The allegations in Paragraph 36 call for a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37.     Under § 1-24-040, for all weeks during which Plaintiffs and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

**ANSWER**:  Defendant denies the allegations in Paragraph 37.

38.     Defendant's failure and refusal to pay any overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

**ANSWER**:  Defendant denies the allegations in Paragraph 38.

 WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b)     Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c)     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d)     Such other and further relief as this Court deems appropriate and just.

**ANSWER**:  In response to the unnumbered "WHEREFORE" Paragraph, including all of its subparts, Defendant denies Plaintiffs are entitled to the relief sought or any relief whatsoever.

39.   Defendant denies any allegation not expressly admitted herein.

## DEFENSES[2]

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiffs bear the burden of proof as to any or all of these defenses.

### FIRST DEFENSE

Plaintiffs' claims are barred to the extent that the Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, as they are without merit as to both law and fact.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of payment. Plaintiffs were paid all compensation owed.

### FOURTH DEFENSE

Plaintiffs' claims are barred to the extent that Defendant's actions have been taken in good faith, in conformity with, and in reliance upon, rulings, administrative regulations, interpretations, orders, opinions, practices, or enforcement policies of the Department of Labor, including but not limited to within the meaning of 29 U.S.C. § 259.

### FIFTH DEFENSE

---

[2] Defendant asserts its defenses with the understanding that the Court has not granted any motion for certification, and therefore the only claims presently before the Court are Plaintiffs' individual claims; no claims of the allegedly similarly situated persons are before the Court. To the extent that this matter may subsequently be certified as a collective action—which Defendant opposes—Defendant's defenses would apply equally to the collective or class action claims. Additional defenses may also need to be added at that time.

Plaintiffs' claims must be dismissed as Plaintiffs were exempt employees and therefore not entitled to overtime compensation. Plaintiffs were exempt pursuant to the administrative and executive exemptions, at a minimum.

### SIXTH DEFENSE

Plaintiffs' claims are barred to the extent they exceed what is available under federal, state and local laws or ordinances.

### SEVENTH DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of release, waiver, estoppel, unclean hands, and laches.

### EIGHTH DEFENSE

Plaintiffs' collective action claims are barred to the extent that Plaintiffs lack standing to bring the proposed collective action under the FLSA or any other law.

### NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by virtue of the fact that Defendant took and takes reasonable steps to ensure that its employees were and are paid properly, and despite Defendant's open door practices, at no time prior to the filing of this lawsuit did Plaintiffs ever bring any concerns or complaints to Defendant similar to those alleged in this lawsuit. Had such claim or concern been raised, Defendant would have investigated the matter and taken whatever remedial steps necessary, if any, to remedy the situation.

### TENTH DEFENSE

Plaintiffs' collective action claims are barred to the extent that Plaintiff is not similarly situated to the purported collective action members whom Plaintiffs seek to represent.

### ELEVENTH DEFENSE

Plaintiffs' claims for liquidated damages are barred because Defendant acted reasonably and in good faith at all times, and had reasonable grounds for believing that it fully complied with applicable law.

## TWELFTH DEFENSE

Plaintiffs' attempts to proceed as a collective action has no basis in law or fact and Defendant should be awarded its fees and costs in defending against any attempt to proceed in this manner.

## THIRTEENTH DEFENSE

Even if Plaintiffs were non-exempt employees (which they were not), Plaintiffs' claims would be barred to the extent Plaintiff seek compensation for time that does not constitute compensable working time within the meaning of the FLSA.

## FOURTEENTH DEFENSE

Even if Plaintiffs were non-exempt employees (which they were not), if Plaintiffs were not compensated for any hours worked, which Defendant denies, then such hours were worked without notice to Defendant, and were worked in violation of Defendant's policy and without the knowledge and sufferance of Defendant.

## FIFTEENTH DEFENSE

Plaintiffs cannot maintain this action as a collective action because no common questions of law or fact exist.

## SIXTEENTH DEFENSE

Plaintiffs have not alleged claims sufficient to bring a collective action.

## SEVENTEENTH DEFENSE

Plaintiffs have been paid all amounts to which they are legally entitled.

## EIGHTEENTH DEFENSE

Even if Plaintiffs' allegations are true (which Defendant denies), to the extent that the time for which Plaintiffs allege that Plaintiffs were not compensated, such time was insubstantial or insignificant, and these periods of time are "de minimis" and are not compensable under the FLSA, Illinois state law, or any applicable local law or ordinance.

## NINETEENTH DEFENSE

Plaintiffs cannot establish the requirements under the FLSA for a collective action.

## TWENTIETH DEFENSE

Even if Plaintiffs were non-exempt employees (which they were not), then to the extent that Plaintiffs were not compensated for compensable working time, they were not compensated for this time as a direct result of their failure to follow Defendant's reasonable procedures for reporting time worked.

## TWENTY FIRST DEFENSE

Plaintiffs' claims are barred either in whole or in part due to accord and satisfaction.

## TWENTY SECOND DEFENSE

To the extent that Plaintiffs received any overpayments during their employment with Defendant, any recovery in this matter is subject to a set-off for those overpayments.

## TWENTY THIRD DEFENSE

Plaintiffs are not entitled to prejudgment interest.

## TWENTY FOURTH DEFENSE

Plaintiffs cannot establish that any acts or omissions of Defendant were willful violations of the law.

## TWENTY FIFTH DEFENSE

Even if Plaintiff were non-exempt and entitled to overtime compensation (which they were not), they would only be entitled to half time pay, as their salaries were intended to fully compensate them for all hours worked.

## TWENTY SIXTH DEFENSE

Defendant reserves the right to assert such other defenses as may arise during the course of this litigation.

WHEREFORE, having fully answered, Defendant demands Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded its costs and attorney's fees associated with defending against Plaintiffs' claims.

Respectfully submitted,

/s/ David K. Montgomery
David K. Montgomery (admitted *Pro Hac Vice*)
Matthew R. Byrne (admitted *Pro Hac Vice*)
Mark B. Gerano (admitted *Pro Hac Vice*)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email:matthew.byrne@jacksonlewis.com
Email: mark.gerano@jacksonlewis.com

Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com

*Counsel for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on September 9, 2019, the foregoing was electronically filed with the Court's CM/ECF system, which will send electronic notification to all counsel of record

*/s/ David K. Montgomery*
David K. Montgomery

4834-1598-9922, v. 1