IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HAUGEN, ET AL. ) | |
| ) | Case No. 1:18-CV-07297 |
| Plaintiffs, ) | |
| ) | Judge Elaine E. Bucklo |
| v. ) | |
| ) | |
| ROUNDY'S ILLINOIS, LLC d/b/a ) | |
| MARIANO'S ) | |
| ) | |
| Defendant. ) | |

BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR STAGE-ONE
CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE CLASS

I.  INTRODUCTION

Plaintiffs James Haugen ("Haugen") and Christian Goldston ("Goldston")(together, "Plaintiffs") ask this Court to conditionally certify this matter as a collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"). In their First Amended Complaint, Plaintiffs allege they are similarly situated because, "over the course of their employment . . . they perform significant hours of non-exempt manual labor and other non-exempt duties [] such as operating the cash registers, bagging groceries, stocking shelves, cutting and arranging flowers, slicing deli products and delivering catering orders to residences and business." (Am. Compl. ¶ 14, Dkt. 38, PageID# 164.) But, their motion for conditional certification provides absolutely no factual support for this allegation. Indeed, they never mention it, let alone base their motion for conditional certification on it. Instead, they argue that conditional certification should be granted simply because they worked in the same exempt job category and were not paid overtime. There is no authority suggesting that such superficial allegations can support conditional certification. If

1

there were, every misclassification claim would be subject to automatic certification. This is not the law in this district or anywhere else.

It is not surprising that Plaintiffs now have chosen to ignore the central allegation of their case, because they testified that the job duties they actually performed are not at all similar. During deposition, named Plaintiff Haugen swore he only spent 10% of his work time on such work typically performed by hourly associates while the other named Plaintiff, Goldston estimated he spent 40% of his time on those duties. More critically, Goldston testified that the hourly associate duties he performed were not the same as the ones Haugen performed. Simply put, there are no facts here to demonstrate the named Plaintiffs are similarly situated even to each other, let alone to the other putative collective action members.

The Court should not force Mariano's to litigate a collective action and disrupt its workforce without requiring Plaintiffs to make at least an initial showing that Mariano's violated the law with respect to them and others similarly situated. The Motion for Conditional Certification should be denied.

## II. FACTUAL BACKGROUND

Plaintiffs worked as People Service Managers ("PSM") for Mariano's. The PSM position is a salary-exempt position, and accordingly, PSMs are not entitled to any overtime compensation. (Offer Ltr., Dkt. 40-4, PageID# 201.) PSMs are responsible for all HR functions at the Mariano's stores in the Chicago area. Mariano's has a job description that sets forth the PSMs' duties. The job description shows that PSMs have wide discretion in performing their duties. For example, PSMs do the following:

- Manage the hiring needs of the store;
- Handle all employee complaints and grievances, and interacts daily with team members on the floor to ensure high morale, service levels, productivity and job satisfaction;

- Manage the performance evaluation process;

- Ensure HR policies and procedures are adhered to; and

- Administer coaching and discipline for all employees in the store.

(Job Description, Dkt. 40-5, PageID # 203.)

Plaintiffs allege that the PSM position is a non-exempt position entitled to overtime compensation, and that they are similarly situated to other PSMs, but other than the common job description, Plaintiffs present **no evidence** that they are similarly situated to other PSMs. Accordingly, they have not met their burden for conditional certification, and this matter should proceed as an individual action only.

### III. ARGUMENT

#### A. Conditional Certification is Not a Mere Formality; Plaintiffs Must Demonstrate They Are Similarly Situated to the Putative Collective Members.

Section 216(b) of the FLSA gives employees the right to bring their FLSA claims through a collective action on behalf of themselves and other "similarly situated" employees. *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012)(citing *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010)). While the Seventh Circuit has not established specific criteria for determining whether employees are "similarly situated" for purposes of 216(b) certification, "'the majority of courts . . . have adopted a two-step process for determining whether an FLSA lawsuit should proceed as a collective action.'" *Id.* (citations omitted). *See also Franks v. MKM Oil, Inc.*, 2012 U.S. Dist. LEXIS 128205, at *28 (N.D. Ill. 2012). At the first stage – conditional certification – Plaintiffs bear the burden of showing facts sufficient to demonstrate that they and the other potential plaintiffs together were victims of a common policy or plan that violated the law. *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003).

3

Conditional certification—despite Plaintiffs' suggestion to the contrary—is not just a mere formality. Rather, it serves as an important step in the certification process. "It would be a waste of the Court's time and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated. *Adair v. Wis. Bell, Inc.*, 2008 U.S. Dist. LEXIS 68942, *9-10 (E.D. Wis. 2008)(internal quotation omitted). The Seventh Circuit has noted that a plaintiff's discovery demands upon even conditional certification may impose "a tremendous financial burden on the employer." *Id.* (citing *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982).) Considering the disruption and expense that even conditional certification causes an employer, Courts should not conditionally certify the collective action when Plaintiffs do not produce evidence that they are similarly situated to the other potential plaintiffs.

Although they originally alleged they performed substantial amounts of work normally performed by hourly associates, Plaintiffs have now chosen to ignore that allegation and have presented no **evidence** at all to show they are similarly situated. The only evidentiary support for Plaintiffs' motion at all consists of two nearly identical, "shell" declarations that do not allege that Plaintiffs' performed any specific non-exempt work, or that the Plaintiffs' situations are the same as each other or the other members of the putative collective. And neither declaration actually suggests the two Plaintiffs were subject to a common policy *that violated the law*. This is fatal to their request to conditionally certify this matter. Conditional certification has been denied in this district under nearly identical facts. *See Vazquez v. Ferrara Candy Co.*, 2016 U.S. Dist. LEXIS 110554 (N.D. Ill. 2016)(denying conditional certification where the only evidence plaintiff put forward was his affidavit and timesheets; finding that the evidence did not show plaintiff was subjected to a common policy that violated the law). Plaintiffs cannot expect the Court to

4

conditionally certify the matter without any producing any basis for it; they must produce some evidence to show they are similarly situated. Like in *Vazquez*, because Plaintiffs have not put forth evidence that they were subjected to a common policy or plan that violated the law, the Court should treat this matter as an individual action only and decline to certify this matter as a collective action.

### B. A Common, Facially-Lawful Job Description Does Not Show Plaintiffs are Similarly Situated to Other Class Members or Each Other.

Plaintiffs cannot establish they are similarly situated to other putative collective members by simply showing a common job description. *See, e.g., Costello v. Kohl's Illinois, Inc.*, 2014 U.S. Dist. LEXIS 124376, at * 4 (S.D.N.Y. 2014)("if a uniform job description by itself was sufficient, every business in corporate America would be subject to automatic certification of a nationwide collective action on the basis of the personal experiences of a single misclassified employee"). The job description does not show that Plaintiffs were part of any common policy or plan *that violated the law*, and therefore it cannot serve as the basis of Plaintiffs' claims that they are similarly situated to other putative collective members. *See Russel v. Ill. Bell Tel. Co.,* 575 F.Supp.2d 930, 935 (N.D. Ill. 2008)(where a company's rules do not facially demonstrate a common unlawful practice under the FLSA, the plaintiff must point to some other common, unlawful policy; something more than just a rogue manager or two that set a policy that violated the FLSA).

Other than point out that PSMs have a common job description, Plaintiffs present **no evidence** they are similarly situated to each other or to any of the other putative collective members. Along these same lines, they present no evidence to corroborate the allegations in their complaint that they perform significant amounts of work normally performed by hourly associates such as cashiering, bagging, slicing deli products, delivering orders, and working in the floral

department. This is not surprising, because during their depositions, they testified that their duties were very different. For example, Haugen indicated he worked in the floral department at times. (Haugen Dep. 73, excerpts attached as Ex. A.) But, Goldston testified he never worked in the floral department. (Goldston Dep. 61, excerpts attached as Ex. B.) Instead, he performed bagging, cashiering, and worked in nearly every department other than the floral department. (Goldston Dep. 61.) Each Plaintiff testified they spent different amounts of time on non-exempt duties; Haugen spent about ten percent of his time on them (Haugen Dep. 49); Goldston spent nearly forty percent of his time on them. (Goldston Dep. 60.) Plaintiffs' testimony during their depositions, alone, proves why they did not follow through with the central allegation in their case: the allegation that their duties are similar is simply not true. Because Plaintiffs are not similarly situated to each other or to the other putative collective members, the Court should deny their motion.

### C. **If the Court Grants the Motion for Conditional Certification, it Should Restrict Plaintiffs' Requests Regarding the Notice.**

1. The Court should not require Mariano's to provide email addresses or phone numbers.

Because Plaintiff proposes sending its proposed notice via first class U.S. mail to the putative collective action members, Plaintiff has no need for their email addresses or telephone numbers. If a putative collective member desires to join this suit, he or she can provide Plaintiffs' counsel at that time with his or her email address and telephone number to effectuate communications with counsel, but such information is unnecessary for the purpose of mailing the proposed notice now. *See Alexander v. Caraustar Industries, Inc.*, 2011 U.S. Dist. LEXIS 68865, *7 (N.D. Ill. 2011) (denying request for email addresses and phone numbers); *Brand v. Comcast Corp.*, 2012 U.S. Dist. LEXIS 137714 *27 (N.D. Ill. 2012) ("While email address and phone numbers are not as sensitive as social security numbers, the court finds that this information is not

6

critical to issuing notification of this lawsuit.").

### 2. The Court should not allow Plaintiffs to send notice via text message.

The Court should also deny Plaintiffs' request to send the notice via text message. Courts do not allow this. *See Muir v. Guardian Heating & Cooling Servs.*, 2017 U.S. Dist. LEXIS 35232 (N.D. Ill. 2017)(denying request to allow text message notice). Plaintiffs cite no case from this district that has allowed text message notices.

### 3. The Court should not allow Plaintiffs to solicit putative collective members by phone.

Plaintiffs' counsel should also not be able to make follow-up phone calls to solicit putative collective members. This is an inappropriate. *See, e.g., Ceuric v. Tier One, LLC*, 2018 U.S. Dist. LEXIS 16033 (W.D. Pa. 2018)("[t]he court does not perceive these measures to be necessary and they present the risk of venturing into the area of solicitation, rather than notice."). Should Plaintiffs' counsel be permitted to contact the putative collective members directly, the risk of improper conduct is high. The Court should not allow Plaintiffs' counsel to call the putative collective members.

### 4. The Court should not force Mariano's to post a notice in its stores.

Plaintiffs' request to force Mariano's to post a notice of the opt-in period in all of its stores should be denied. Posting a notice in the workplace is unnecessarily intrusive. This is especially true in situations where, like here, a U.S. Mail notice would also be sent. This district does not allow such notices absent some special showing that U.S. Mail is insufficient. *Bigger v. Facebook, Inc.*, 375 F.Supp.3d 1007, 1025 (N.D. Ill. 2019)(denying request to post notice in the workplace where plaintiff made no showing it was necessary). Because Plaintiffs have made no such showing here, their request to force Mariano's to post notices in its stores should be denied.

### IV. CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion for Conditional Certification should be denied.

                                          Respectfully submitted,

/s/ *David K. Montgomery*
David K. Montgomery (*pro hac vice*)
Matthew R. Byrne (*pro hac vice*)
Mark B. Gerano (*pro hac vice*)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: matthew.byrne@jacksonlewis.com
Email: mark.gerano@jacksonlewis.com

Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com
Email: amaxwell@grglegal.com

*Counsel for Defendant*
*Mariano's Illinois, LLC, d/b/a Mariano's*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th day of October 2019, a true and accurate copy of the foregoing was filed with the Court's CM/ECF system which will send electronic notice to the following:

      John W. Billhorn
      Samuel Engelson
      BILLHORN LAW FIRM
      53 West Jackson Blvd., Suite 401
      Chicago, IL 60604
      Telephone: (312) 853-1450
      Email: jbillhorn@billhornlaw.com
      Email: sengelson@billhornlaw.com

      *Counsel for Plaintiff*

      */s/ David K. Montgomery*

4824-1294-1987, v. 1