IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HAUGEN AND CHRISTIAN GOLDSTON, on behalf of themselves, and all other Plaintiffs similarly situated, known and unknown,<br><br>                Plaintiffs,<br><br>                v.<br><br>ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S<br><br>                Defendant. | N<u>o.</u> 18-cv-07297<br><br>Honorable Judge Elaine E. Bucklo |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR STAGE-ONE CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE CLASS**

In opposition to Plaintiffs' Motion For Stage-One Conditional Certification of this Fair Labor Standards Act case, Defendant has offered a mere five (5) pages of argument that has been routinely and soundly rejected by this court and courts throughout the country in relation to stage-one certification. Plaintiffs' Motion should be granted, and Defendant ordered to provide Plaintiffs' counsel with the names and addresses of similarly situated past and present employees for the purpose of sending them Court approved Notice of their right to join their individual claims here.

    **I. Defendant's Assertion That Merit Issues Should Now Be Considered Has Been Rejected by Courts Throughout the Country**

Despite a bevy of case law to the contrary, and even having met with defeat itself in this district with the same argument, Defendant nevertheless attempts to persuade this Court that Plaintiffs must make some showing of the merits of their claims at this stage-one, conditional certification phase. Defendant asserts that Plaintiffs must at this juncture foster evidence

1

to prove not only that there was a policy or plan applied to all PSMs that is alleged to be against the law, but that Plaintiffs must also show that the manner in which the violations occurred were similar. Defendant's argument misstates the law and disingenuously defies the long-standing lenient standard that applies to conditional certifications under the FLSA.

As Defendant points out, Plaintiffs have, in the Amended Complaint (Am. Compl. ¶14, Dkt. 38), alleged that Plaintiffs and other current and former employees working as "Personal Services Managers" (PSMs) at their grocery stores, under the guise of a salary misclassification, work a significant amount of overtime (i.e., more than 40 hours per week) while performing a steady mix of non-exempt duties. Defendant attacks Plaintiffs' presentation for conditional certification on the basis that Plaintiffs have failed "to make at least an initial showing that Mariano's violated the law with respect to them and others similarly situated" – in other words prove the "merits" of their claims. See Defendant's Response Memorandum at page 2. But in making the argument, Defendant boldly ignores scores of rulings in this circuit and others that establish such is not the burden at this stage of the litigation.

Moreover, Defendant argues that Plaintiffs have failed to show that the named Plaintiffs are similarly situated to other PSMs who have been subject to the same salary-exempt classification as they. To the contrary, Plaintiffs have presented ample evidence that scores of PSMs within the statutory time period are similarly situated to them.[1]

---

[1] At the August 19, 2019 hearing on Plaintiffs' Motion To Compel the names and addresses of all PSMs within the statutory time covered by this case, on the record defense counsel represented there were approximately 88 past and present PSMs who have worked for Roundy's in the relevant time period.

2

## II. Plaintiffs, Through Their Declarations, Deposition Testimony and Presentation of Defendant's Company-wide Identical Job Description, Have Adequately Established That Other PSMs Are Similarly Situated To Satisfy the Lenient Standard For Stage-One Certification.

As argued in Plaintiffs' opening brief, in seeking conditional certification of FLSA collective cases a Plaintiff must make only a modest factual showing sufficient to demonstrate that they and other potential plaintiffs together were victims of a common policy or plan which is alleged to have violated the law. *Nicks v. Koch Meat Co.*, 265 F. Supp. 3d 841, (N.D. Ill 2017); *Howard v. Securitas Security Servs., USA Inc.*, No. 08 C 2746, 2009 WL 140126, at *5 (N.D. Ill. Jan 20, 2009). ('[T]he Court looks for no more than a 'minimal showing' of similarity"). However, here Defendant argues that Plaintiffs must prove liability at this stage, not just a common policy or plan.

As if a plethora of case law spanning decades is not sufficient, Defendant's arguments in this regard, made by the same attorneys for the same Company (Roundy's) in a salary misclassification case remarkably similar to the case at bar, were recently and soundly rejected in this district. In *Kujat v. Roundy's Supermarkets Inc.*, No. 18 C 5326, 2019 WL 1953107 (N.D. Ill. May 2, 2019), Judge Leinenweber rejected the very same arguments wherein Roundy's was defending yet another salary misclassification case relating to two (2) positions known as "Replenishment Manager" and "Bench Replenishment Manager" ("RMs"). There, Defendant argued, among other things, that the named Plaintiff had made an insufficient showing that the RM salary classification was illegal. In rejecting that such a showing was necessary at the stage-one conditional certification juncture and conditionally certifying the case against Roundy's, Judge Lienenweber followed years of precedent in holding that:

> "The Court's determination as to whether a collective action may be appropriate at the first step of the inquiry does not require an adjudication on the merits of the claims; the named plaintiff need only show that 'there is some factual nexus that connects her to other

> potential plaintiffs as victims of an unlawful practice". *Girolamo v. Community Physical & Assocs., Ltd.*, No 15 C 2361, 2016 WL 3693426, at *2 (N.D. Ill. July 12, 2016) (citations omitted); *see also Flores v. Lifeway Foods, Inc*., 289 F. Supp. 2d. 1042, 1045 (N.D. Ill. 2003).

*Id*. at 3.

Defendant's argument before this Court is the same as it argued, in vain, before Judge Lienenweber. Plaintiffs here have sufficiently shown a "factual nexus" between themselves and the scores of other PSMs who were similarly classified as salary exempt. Defendant continues to assert that Plaintiffs must now prove the merits of their claims and show the salary exemption was against the law. As other courts have done at this stage of the proceedings, Judge Lienenweber rejected that argument, recognizing that the Plaintiff in his case had provided evidence that Roundy's, as in this case, used a single job description for the RM position at issue and, as here, classified all employees working in that position as exempt and therefore not eligible for overtime. Like the Plaintiffs herein, the Plaintiffs in *Kujat* offered declarations to show that they routinely worked more than forty hours, knew or spoke to other RMs that also performed the same tasks, received the same salary and were not compensated for overtime hours, and spent most of their time performing non-exempt tasks unrelated to their job description. Here, Plaintiffs establish even more evidence than is needed.

Plaintiffs Haugen and Goldston established by declaration that they were employed as PSMs at Roundy's (Haugen at two (2) different Roundy's locations), that during the entirety of their employment as PSMs, they were paid a salary ranging between approximately $40,000 – $47,500 annually, worked in excess of 40 hours per week (many times as much as 60-65 hours) and that to their knowledge gathered by viewing the job postings Roundy's utilized to hire additional PSMs and from numerous exchanges of information with other PSMs, were all paid by salary. See declarations attached to Plaintiffs' Memorandum in Support as Exhibits 1 and 2.

In his deposition testimony, Plaintiff Haugen provided numerous accounts of his PSM job functions being the same or similar to that of other PSMs. Haugen recounted that he would be called away from his regular job duties (i.e., those described on the PSM job description) about 10% of the time for "front end" cashier duties (*not* that he spent only 10% of his time on tasks performed by other hourly associates, as Defendant mischaracterizes in its brief). See Haugen dep. excerpt, pages 49-50, attached hereto as **Exhibit A.** Haugen testified that he and other PSMs were expected to "jump in and help out if there were lines" at the cash register, and that he was aware of this because other PSMs shared that information with him. **Exhibit A,** Haugen dep. excerpt, pages 52-53. Haugen established that he and other PSMs would assure that new hires had their on-boarding packages including employee discount information, would perform other clerical computer inputting duties, perform the function of processing payroll information as well as inputting of employee schedules. **Exhibit A**, Haugen dep. excerpt, pages 63-64. Haugen was able to credibly testify to these similar duties not only because he was aware that Roundy's maintained a general job description and duty list for PSMs, but also because he attended periodic meetings with other PSMs (from all the Chicagoland stores) every other month or so at one of the new stores or at Roundy's headquarters in Rosemont, Illinois. **Exhibit A,** Haugen dep. excerpt, pages 59-60.

Goldston's deposition testimony revealed strikingly similar testimony as Haugen's. While Haugen testified that the job description was accurate in terms of the uniform PSM duties described, Goldston testified that his experience involved being assigned to other departments and clerical tasks that were not within the Company's PSM job description. Goldston testified that while working with another PSM, they both were pulled away from PSM "duties" as much as 30% of the time because help was needed in other departments or front-end store cashier functions. See Goldston dep. excerpt, pages 14-16, attached as **Exhibit B.** Goldston would get assigned non-PSM duties as far-fetched as delivering cakes and other clerical tasks so much that his PSM duties

were not getting completed, and as a result he authored a letter of concern in that regard to Defendant's vice president of HR. **Exhibit B,** pages 26-27. Goldston specifically testified that he "got a lot of feed back from a lot of different PSM colleagues" who concurred with his position that PSMs were being assigned random duties not within the Company's job description. **Exhibit B**, pages 26-27. Goldston, like Haugen, also referred to the "PSM meetings" where he became privy to the "mutual complaint" of PSMs being assigned to non-PSM duties. **Exhibit B**, pages 63-64. In assessing similar evidence in *Kujat*, Judge Lienenweber found that '[T]he foregoing is more than enough evidence to pass the lenient test for conditional certification" (citations omitted).

### III. While Establishing The Necessary Factual Nexus That Connects Plaintiffs to Other Potential Plaintiffs Who Performed Non-PSM Duties, Further Support For Certification is Found in Defendant's Concession That the Core PSM Duties Were Uniform Throughout.

Defendant, in its Reply brief, actually supports the assertion that a factual nexus connects Plaintiffs to other PSMs. See Defendant's Memo in Support, pages 2-3, where it is asserted:

"PSMs are responsible for all HR functions at the Mariano's stores in the Chicago area. Mariano's has a job description that sets forth the PSMs' duties. The job description shows that PSMs have wide discretion in performing their duties.[2]

While insisting on arguing the merits of the exemption, Defendant amply points to the job description as evidence that all PSMs perform substantially the same, if not identical, job duties on a day to day basis. Despite the fact that Plaintiffs have established that PSMs are routinely assigned clerical tasks in other departments that are not listed on the PSM job description, Defendant actually concedes that all PSMs at least perform core duties that are similar if not identical.

---

[2] Of course, as prevailing case law in this District and across the country makes clear, the merits of Plaintiff's claims are not at issue at this juncture, and Defendant's assertion that these uniform job duties reveal "wide discretion" is thus irrelevant to the considerations before the Court. Relevant here is that Defendant illustrates that the PSMs' core job duties are uniform and similar from store to store.

### IV. In Discovery, Plaintiffs Sought But Were Denied Access To The Identity of Other PSMs Which Could Have Further Established the Factual Nexus

To the extent Defendant argues Plaintiffs herein have failed to show sufficient similarity between themselves and other PSMs, it is important to remember that Plaintiffs sought, but were denied, access to that exact kind of evidence. In written discovery, Plaintiffs sought the identity of all past and present "PSMs" within the statutory time frame for the purpose of gathering the precise evidence Defendants now say Plaintiffs lack. After extended L.R. 37.2 dialogue and Defendant's persisting objection and refusal to supply the names and addresses, Plaintiffs brought their Motion To Compel Dkt. 31-32. Although still within the discovery time for first phase discovery, this Court denied Plaintiffs' request for the names and addresses of these pertinent witnesses and reasoned (correctly) that Plaintiffs could support their Motion For Conditional Certification without testimony of other PSMs regarding their experiences. See Dkt. 34. Still, it is important to note that Defendant asserted Plaintiffs were not entitled to the additional evidence they now criticize them for not presenting.

Obviously, Plaintiffs complied with the Court's order and proceeded to marshal the best evidence possible under the circumstances in support of the Motion for Conditional Certification. They have illustrated that Defendant's own common job description applies to all PSMs it employs and, on its face, illustrates that the job paid all PSMs a salary and required a minimum of 50 hours per week. By way of declarations, Plaintiffs have illustrated that they worked in excess of 50 hours per week, they and other PSMs were always paid a salary, and other PSMs also worked in excess of 40 hours per week – consistent with the common job description. Finally, Plaintiffs' evidence establishes that along with common core job duties, PSMs consistently were assigned other clerical duties that would adversely impact the claimed salary classification. Here,

Plaintiffs have easily satisfied the modest factual showing necessary for stage-one conditional certification of these FLSA claims.

### V. Plaintiffs' Proposed Notice and Consent Schedule and Documents Are Reasonable, And the Court Should Task the Parties With Working Out an Agreement in That Regard

Defendant argues Plaintiffs should be restricted to the most minimum and unreliable of platforms while trying to notify putative class members of their right to join their claims in this lawsuit – street addresses. Defendant likely only possesses street addresses that were provided to them by PSMs at some time during a PSMs employment. It is extremely unlikely that Defendant has current street addresses for many PSMs, particularly those that no longer work for them. Street addresses change often, particularly for those who rent. Assuming Defendant was not constantly updating addresses for its PSMs, particularly with regard to its former employees, it is increasingly likely that Notices sent to those addresses would not reach the intended recipient and the prospective class member would not receive timely notice of the lawsuit and be deprived their right to make a decision to opt in. These circumstances caused by relying only on street addresses also lead to additional expensive motion practice, as those that may receive notice late via mail forwarding must move this Court for leave to file an opt-in consent, to which Defendant would undoubtedly object. Phone numbers and personal email addresses are much more reliable as they are more likely to remain unchanged despite a person's changing life circumstances.

Nothing in Plaintiffs' proposed process or Notice and Consent form content is overreaching, and in some form or another the crux of what Plaintiffs request in order to reasonable facilitate proper Notice has been approved in this District. Rather than toil in a ruling in this regard, after granting Plaintiffs' Motion For Stage-One Conditional Certification, Plaintiffs suggest the Court order the Parties to meet and confer and if an agreement cannot be reached, set a date certain by which the Parties shall submit a short status report identifying any remaining

disagreements relative to the schedule of the Notice and the content of the Notice and Consent documents.

### VI. Conclusion

For the reasons stated herein, Plaintiffs' Motion For Conditional Certification should be granted.

Respectfully Submitted,

*Electronically Served 11/13/2019*

/s/John W. Billhorn

John W. Billhorn

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450
 jbillhorn@billhornlaw.com