```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

James Haugen, et al.,         )
                              )
            Plaintiffs,       )
                              )
     v.                       )   No. 18 C 7297
                              )
Roundy's Illinois, LLC        )
d/b/a Mariano's,              )
                              )
            Defendant.        )
```

ORDER

Plaintiffs James Haugen and Christian Goldston move for conditional class certification and notice to putative class members pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons that follow, their motion is granted in part.

I.

Plaintiffs are former People Service Managers ("PSMs"), at defendant Roundy's Illinois, LLC d/b/a Mariano's ("Roundy's") grocery stores. They allege that Roundy's has improperly classified them and other PSMs as exempt from the FLSA's overtime wages requirement, 29 U.S.C. § 207(a)(1), and paid them a fixed salary with no overtime pay for hours worked in excess of 40 hours per week. Plaintiffs also assert supplemental claims for violations of wage provisions of state laws and local ordinances.

Plaintiffs ask that I grant conditional certification to a class of similarly-situated Roundy's employees, order Roundy's to produce the names and contact information of potential class-members and approve court-supervised notice to those potential class-members. Plaintiffs propose the following definition for their collective action:

> All individuals who worked for any of Roundy's Illinois LLC 44 "Mariano's" grocery stores in the past three (3) years and who were paid a fixed salary for all hours worked including those in excess of 40 hours in a single workweek.

Dkt. No. 40 at 2.

## II.

The FLSA authorizes private employees to bring an action for overtime pay on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). Unlike class actions authorized by Federal Rule of Civil Procedure 23, which proceed as opt-out actions, such actions proceed as collective or "opt-in representative" actions. *Schaefer v. Walker Bros. Enters.*, 829 F.3d 551, 553 (7th Cir. 2016); 29 U.S.C. § 216(b).

While the Seventh Circuit has not established a framework to govern the certification of collective actions under § 216(b), courts in this district routinely employ a two-stage approach to determine whether putative class members are similarly situated for purposes of certifying an FLSA collective action. *See, e.g., Jirak v. Abbott Laboratories, Inc.*, 566

F.Supp.2d 845, 847-48 (N.D.Ill. 2008). District courts have "wide discretion to manage collective actions." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010).

At the first stage, I consider whether to grant conditional certification of a collective action and allow plaintiffs to send notice of the case to other employees who may be similarly situated. *Jirak,* 566 F.Supp.2d at 848. To obtain this relief, plaintiffs must make a "minimal showing" that other potential class members are similarly situated. *Id.* (*citing Mielke v. Laidlaw Transit, Inc.,* 313 F.Supp.2d 759, 762 (N.D.Ill. 2004)). Plaintiffs must provide "some evidence in the form of affidavits, declarations, deposition testimony, or other documents" to support their allegations that they and putative class members were subjected to an unlawful policy. *Pieksma v. Bridgeview Bank Mortgage Co., LLC*, 15 C 7312, 2016 WL 7409909, at *1 (N.D.Ill. Dec. 22, 2016) (quoting *Binissia v. ABM Indus., Inc.,* No. 13 C 1230, 2014 WL 793111, at *3 (N.D.Ill. Feb. 26, 2014)). I make this determination using a "lenient interpretation" of the term "similarly situated." *Jirak*, 566 F.Supp.2d at 848 (citations and internal quotations omitted). I do not "make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Pieksma,* 2016 WL 7409909, at *1

(quoting *Briggs v. PNC Fin. Servs. Grp., Inc.,* No. 15-CV-10447, 2016 WL 1043429, at *2 (N.D.Ill. Mar. 13, 2016)).

The second stage occurs after the notice and opt-in process is complete. *Jirak*, 566 F.Supp.2d at 848. I then engage in a "more stringent" inquiry to determine whether there is sufficient similarity between plaintiffs and the class members who have opted-in to allow the matter to proceed as a collective action. *Id.*

## III.

Plaintiffs have satisfied the minimal factual requirements for showing that they and other PSMs are similarly situated for the purpose of conditional certification. Haugen worked as a PSM at two of Roundy's Chicago-area grocery stores from September 2014 until February 2019. Dkt. No. 40-1, Dec. of Haugen at ¶¶ 2-3. Goldston worked as a PSM at two other Roundy's Chicago-area grocery stores from June 2016 until January 2019. Dkt. No. 40-2, Dec. of Goldston at ¶¶ 2-3. Both Haugen and Goldston testified that they worked in excess of 40 hours per week during their employment at Roundy's but were paid a fixed salary and that other PSMs they exchanged information with were likewise salaried and routinely worked more than 40 hours per week. Dkt. No. 40-1, Dec. of Haugen at ¶¶ 5-7; Dkt. No. 40-2, Dec. of Goldston at ¶¶ 5-7. Plaintiffs provide letters sent to them by Roundy's showing that their PSM jobs were classified as salaried

4

positions and required a minimum of 50-55 hours per week. Dkt. Nos. 40-6, 40-6. Plaintiffs also provide examples of Roundy's common job description for all PSMs. At his deposition, Haugen testified that PSM duties included providing new hires with on-boarding packages and clerical data entry duties relating to payroll and employee schedules. *See* Dkt. No. 49-1, Haugen Dep. at 63:2-64:13.

Plaintiffs have also offered evidence that they and other PSMs were victims of a common practice that violated the FLSA, namely, that Roundy's required them and other PSMs to perform the work of non-exempt employees and work more than 40 hours per week without overtime pay. For example, Haugen testified that he and other PSM's would be called away from their regular job duties about 10% of the time for "front end" cashier duties and that they were expected to "jump in and help out if there were lines" at the cash registers. *Id*. at 49:2-53:23. Goldston testified that he and another PSM he was shadowing were pulled away from PSM "duties" as much as 30% of the time to work in other departments such as the bakery and the front-end cashiers. Dkt. No. 49-2, Goldston Dep. at 14:11-16. Plaintiffs have shown a "factual nexus" connecting plaintiffs to other PSMs as victims of an alleged unlawful overtime wage practice and, therefore, have met the requirement for conditional certification. *Kujat v.*

5

*Roundy's Supermarkets Inc.*, 18 C 5326, 2019 WL 1953107, at *3 (N.D.Ill. May 2, 2019) (citations omitted).

Roundy's retorts that plaintiffs have not provided any evidence that Haugen and Goldston are similarly situated to each other or to other PSMs. Roundy's argues that Haugen and Goldston's testimony show that they were assigned to different types of non-PSM work: Haugen was taken away from his duties to work in the floral department, whereas Goldston never worked in the floral department but performed non-PSM work in other departments. *See* Dkt. No. 48-1, Haugen Dep. at 73:16-22; Dkt. No. 48-2, Goldston Dep. at 61:2-11. Roundy's also points out that Haugen and Goldston spent different percentages of their workweek on non-exempt duties. These objections are premature. Arguments regarding "a lack of common facts among potential collective members and the need for individualized inquiries" are properly raised and addressed at step two. *Kujat*, 2019 WL 1953107, at *4 (citing *Lukas v. Advocate Health Care Network & Subsidiaries*, 14 C 2740, 2014 WL 4783028, at *3 (N.D.Ill. Sept. 24, 2014); *see also Jirak*, 566 F.Supp.2d at 848 (courts consider "whether the plaintiffs share similar or disparate employment settings" at step two).

Roundy's also contends that plaintiffs have not shown that the common PSM job description violated the FLSA, "and therefore it cannot serve as the basis of Plaintiffs' claims that they are

6

similarly situated to other putative collective members." Dkt. No. 48, Resp. Br. at 5. This argument is belied by the case that Roundy's relies on to support it. Whatever a company's official documents state, plaintiffs can meet the requirements of conditional certification by showing "more than a rogue manager or two" subjected employees to FLSA-violating practices. *Russell v. Illinois Bell Tel. Co.*, 575 F.Supp.2d 930, 935 (N.D.Ill. 2008). Here, Haugen and Goldston both testified about Roundy's alleged unlawful overtime practice based on their experience over years at four separate Roundy's stores and their communications with other PSMs during that time. Moreover, "[c]ourts have granted conditional certification based on a common job description even though the description did not accurately describe the plaintiffs' job duties." *Kujat*, 2019 WL 1953107, at *4 (citing *Ibea v. Rite-Aid Corp.*, No. 11 Civ. 5260, 2012 WL 75426, at *3 (S.D.N.Y Jan. 9, 2012)).

I next address plaintiffs' proposed definition of potential class members. As plaintiffs allege that Roundy's FLSA violations were willful, notice should be sent to all potential plaintiffs that could fall within a three-year statute of limitations. *See Salmans v. Byron Udell & Associates, Inc.*, 12 C 3452, 2013 WL 707992, at *6 (N.D.Ill. Feb. 26, 2013). That said, plaintiffs' proposed class definition is overbroad in one significant aspect: they have not provided evidence that "all

7

individuals" who were salaried but worked more than 40 hours a week were unlawfully denied overtime pay. Plaintiffs' briefing and the exhibits attached thereto do not mention any salaried position at Roundy's stores apart from the PSMs. Accordingly, I will limit the collective action to those employees who worked as PSMs.

IV.

As I have determined that conditional certification is appropriate, I turn next to the plaintiffs' proposals for notice. Plaintiffs have submitted a notice document and consent form. *See* Dkt. No. 40-11. They ask that I approve those documents and allow them to be sent to potential class members according to the following schedule:

1. <u>10 days from order approving notice to Potential Class Members</u>: Defendant to provide to Plaintiffs' counsel in Excel (.xlsx) format the following information regarding all Putative Class Members: full name; last known address(es) with city, state, and zip Code; last known e-mail address(es) (non-company address if applicable); last known telephone number(s); beginning date(s) of employment; and ending date(s) of employment (if applicable).

2. <u>20 days from order approving notice to Potential Class Members</u>: Plaintiffs' Counsel shall send a copy of the Court-approved Notice and Consent Form to the Putative Class Members by First Class U.S. Mail, email, and text message. Defendant shall be required to post the Notice and Consent Forms at all 44 Mariano locations for 60 days in an area frequented by PSMs and open and obvious to PSMs. Plaintiffs' Counsel may follow-up the mailed and emailed Notice and Consent Forms with contact by telephone of former employees or those Putative Class Members whose mailed contact information is not valid.

8

3. <u>60 days from mailing of Notice and Consent Forms to Potential Class Members</u>: The Putative Class Members shall have 60 days to return their signed Consent forms to Plaintiffs' Counsel for filing with the Court. Defendant may remove the posted Notice and Consent forms.

4. <u>30 days from mailing of Notice and Consent Forms to Potential Class Members</u>: Plaintiffs' Counsel is authorized to mail, email, and text a second, identical copy of the Notice and Consent Form to the Putative Class Members reminding them of the deadline for the submission of the Consent forms.

Dkt. No. 40 at 10-11.

Roundy's does not take issue with the content of plaintiffs' proposed notice and consent form, their proposed notice period, or their proposed notice reminder. Notice is adequate if it provides potential class members "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989). Upon reviewing plaintiffs' proposed notice and consent form, I approve these documents for issuance to potential class members. I likewise approve plaintiffs' proposed timeline and the issuance of a notice reminder halfway through the 60-day notice period.

Roundy's also does not object to providing the names, physical addresses, and dates of employment for potential opt-in plaintiffs. It is a common practice to grant requests for discovery of such information. *See, e.g., Boltinghouse v. Abbot*

9

*Labs., Inc.,* 196 F.Supp.3d 838, 844 (N.D.Ill. 2016) (names and physical addresses); *Girolamo v. Community Physical Therapy & Asscs., Ltd.,* 2016 WL 3693426, at *5-6 (N.D.Ill. July 12, 2016) (dates of employment). Roundy's does object to providing email addresses and phone numbers. It contends that such information is not necessary for providing notice. But, providing that information is "standard fare" upon conditional certification. *Muir v. Guardian Heating & Cooling Servics, Inc.*, 16 C 9755, 2017 WL 959028, at *10 (N.D.Ill. Mar. 13, 2017) (citations omitted). Plaintiffs' request for discovery is granted.

Moving next to the means of transmitting notice, the parties do not dispute that sending notice by U.S. mail is appropriate. Roundy's, however, objects to notice being issued by email, text message, posting in Roundy's workplaces, and by telephone calls to potential plaintiffs for whom there is no known valid mailing information. Rather than reply to these objections, plaintiffs propose that I order "the Parties to meet and confer and if an agreement cannot be reached, set a date certain by which the Parties shall submit a short status report identifying any remaining disagreements . . . ." Dkt. No. 49, Reply. Br. at 8-9. I will do so. The parties are ordered to meet-and-confer in an attempt to resolve their disputes over the appropriate means of transmitting notice and to submit a status report identifying which issues have been resolved and which

10

issues remain. Any remaining issues identified on that status report may be referred to a Magistrate Judge for resolution.

V.

For the foregoing reasons, I grant plaintiffs' motion in part as follows:

1. I conditionally certify a collective action by plaintiffs and similarly situated individuals pursuant to 29 U.S.C. § 216(b), defined as:

    > All individuals who worked for any of Roundy's Illinois LLC 44 "Mariano's" grocery stores as People Service Managers in the past three (3) years and who were paid a fixed salary for all hours worked including those in excess of 40 hours in a single workweek.

2. I approve plaintiffs' proposed notice and proposed consent form. I likewise approve a 60-day notice period and the issuance of a notice reminder halfway through that period.

3. Within 10 days of this order, defendant Roundy's is ordered to provide to plaintiffs' counsel in Excel (.xlsx) format the following information regarding all putative class members: full name; last known address(es) with city, state, and zip Code; last known e-mail address(es) (non-company address if applicable); last known telephone number(s); beginning date(s) of employment; and ending date(s) of employment (if applicable).

4. Within 20 days of this order, the parties are ordered to meet and confer regarding the appropriate means of issuing notice to potential opt-in plaintiffs and to jointly submit a short status report identifying those issues on which the parties have agreed and those issues on which the parties have not reached an agreement.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: December 13, 2019

12