**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES HAUGEN,** | : | |
| | : | Case No. 1:18-cv-07297 |
| **Plaintiff,** | : | |
| | : | Judge Elaine E. Bucklo |
| v. | : | |
| | : | Magistrate Judge Sheila M. Finnegan |
| **ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C) AND MOTION FOR EXTENSION OF TIME TO COMPLETE PHASE II FACT (DEPOSITION) DISCOVERY**

Defendant Roundy's Illinois, LLC respectfully requests that the Court deny Plaintiff's Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(C) and Motion for Extension of Time to Complete Phase II Fact (Deposition) Discovery ("Motion for Protective Order"). In his Motion for Protective Order, Plaintiff significantly mischaracterizes the parties' communications concerning the discovery at issue. As described more thoroughly below, the parties came to an agreement with respect to the Store Director depositions that Plaintiff requested, as reflected in the parties' August 25, 2020 Joint Status Report. Moreover, Defendant did not oppose Plaintiff's later attempt to depose more than the agreed-upon number of Store Directors, subject to Rule 30(a)'s ten-deposition limitation. Plaintiff's counsel never attempted to schedule these depositions and did not seek leave to conduct additional depositions.

Regardless, Plaintiff's Motion for Protective Order should be denied because Plaintiff has not identified any discovery from which he seeks protection, and it is not even clear what relief Plaintiff actually seeks from the Court. In any event, Plaintiff has not satisfied his burden of

1

proving that he is entitled to a protective order (or any other relief). Finally, Plaintiff did not satisfy his duty to meet and confer prior to the filing of his Motion for Protective Order where he did not even attempt to communicate with Defendant's counsel by telephone prior to filing it – and indeed notified counsel of his intention to file his motion only hours before it was filed. While Defendant does not oppose a short extension of the Phase II discovery period in order to complete depositions (as described below), Defendant respectfully requests that the remainder of Plaintiff's Motion for Protective Order be denied.

### A. **Plaintiff's Recitation Of The Relevant Factual Background Is Incomplete And Inaccurate.**

In their Rule 26(f) report, the Parties requested that discovery in this matter be bifurcated into Phase I discovery (relating to issues concerning Plaintiff's anticipated motion for conditional certification) and Phase II discovery (relating to the merits of Plaintiff's class claims and alleged damages). (*See* ECF No. 16.) The Court adopted the parties' proposed discovery schedule, and Phase I discovery ended November 1, 2019. (ECF Nos. 17, 30.) Plaintiff later filed a Motion for Conditional Certification, which the Court granted in part on December 13, 2019. (ECF No. 51.) Notices were sent to putative members of the FLSA collective action, and 30 consented to join the case. The Court set November 1, 2020 as the deadline for Phase II discovery. (ECF. No. 71.)

On August 10, 2020, Plaintiff served a 30(b)(6) deposition notice requiring Defendant to produce "the corporate representative or representatives with knowledge of the day to day job duties" of each of the 30 Plaintiffs/opt-in plaintiffs. (*See* ECF 82-1.) On August 17, 2020, counsel for Defendant responded, describing their objections to the 30(b)(6) deposition notice and asking to schedule a telephone conference to discuss this issue and to confer regarding scheduling depositions of opt-in plaintiffs:

2

> We object to the notice because it is overly broad, unduly burdensome, and it seeks to circumvent Rule 30's ten-deposition limit. We made clear in our discovery responses that the list of the individuals with potential knowledge of the job duties of each plaintiff is substantial. We explained that Lee Kunselman and Christa Bertolini and the store directors for each opt-in plaintiff would have such information, and that there may be others. It is unreasonable that we would be required to prepare and/or consult with all of these individuals for the deposition, particularly given the fact that it would involve well over ten individuals.
>
> . . .
>
> We would like to discuss the 30(b)(6) notice with you, and we would also like to discuss dates for the depositions of your clients. Please let us know when you are available for a call to do so.

(*See* ECF No. 82-2.)

Counsel for the parties conferred by phone on August 25, 2020, and agreed that Plaintiff would withdraw his 30(b)(6) deposition notice, Defendant could depose five opt-in plaintiffs, and Plaintiff could depose five Store Directors (who supervised the People Service Manager position at issue in this case). The parties' agreement is reflected in the Joint Status Report that the parties filed the same day:

> The parties conferred on August 25, 2020 regarding the remaining depositions to be taken in this case. ***The parties have tentatively agreed that Defendants will identify 5 opt-in plaintiffs for deposition and Plaintiffs will identify 5 store managers for depositions.*** Those depositions will proceed within approximately the next thirty days. Should the parties require additional depositions, they will meet and confer to discuss a procedure regarding the nature and extent of those depositions.
>
> . . .
>
> ***Plaintiffs served Defendants with a 30(b)(6) notice, but based upon the parties' discussion on August 25, 2020 and the procedure outlined above, Plaintiffs have withdrawn the notice.***

(ECF No. 76 (emphasis added).)

As the parties' Joint Status Report demonstrates, Plaintiff's representation that he was limited by the parties' agreement to deposing only the Store Directors of those opt-in plaintiffs

3

who Defendant selected for deposition is not accurate. Plaintiff was free to select Store Directors of any opt-in plaintiff.

Weeks passed after the parties' August 25 conference, and Plaintiff's counsel never identified the opt-in plaintiffs whose Store Directors he sought to depose. On September 24, 2020, counsel for Defendant identified the five opt-in plaintiffs that it sought to depose and suggested the week of October 26 for the depositions. (ECF 82-3, p. 10.) Plaintiff's counsel responded that he was not available the week of October 26, and falsely suggested that the parties had agreed that (1) Plaintiff would depose only the Store Directors of the opt-in plaintiffs that Defendant selected for deposition; and (2) the Store Director depositions would occur before the depositions of the opt-in plaintiffs. (*See* ECF No. 82-3, pp. 9-10.) The parties never agreed to either of those terms, and counsel traded several emails on the subject. Ultimately, because Plaintiff's counsel never offered any dates when the five opt-in plaintiffs whom Defendant had selected were available for deposition, on October 7, 2020, Defendant served notices for their depositions on October 21-23, 2020 (and offered to reschedule these depositions to mutually-agreeable dates if the opt-in plaintiffs were not available on the noticed dates). (*See* ECF No. 82-3, p. 7.) In the same email correspondence, counsel for Defendant identified one Store Director for each of the opt-in plaintiffs that it had selected for deposition and asked Plaintiff's counsel for dates when he was available for those depositions. (*See id.*)

Plaintiff's counsel responded a few days later, promising to provide dates when the selected opt-in plaintiffs were available for deposition, and suggesting that a discovery extension would be necessary – without offering any dates when counsel was available for the Store Director depositions that he sought. (ECF No. 82-3, pp. 6-7.) Counsel for Defendant responded on October 16 that it did not believe an extension was necessary, as it was prepared to complete its five

4

depositions in just 2.5 days as noticed, and was available for the five Store Director depositions that Plaintiff wanted to take. (*Id.* at 6.) In response, Plaintiff's counsel stated that he was not available to complete the depositions within the discovery period due to "family health issues" and, for the first time, stated that contrary to the parties' August 25 agreement he needed to depose *all* of the Store Directors under whom the five opt-in plaintiffs that Defendant had selected to depose had worked unless Defendant would stipulate that it would not rely at trial on the testimony from Store Directors beyond the five. (ECF No. 82-3, pp. 4-5.) Defendant did not agree to Plaintiff's proposed stipulation; however, in subsequent email communications, Defendant did agree: (1) to take the opt-in plaintiff depositions that had been properly noticed for October 21-23 off the calendar and reschedule them, based on the representation by Plaintiff's counsel that he was unavailable during those dates due to "family health issues"; (2) not to oppose a 45-day extension to the discovery deadline in order to get the opt-in plaintiff and Store Director depositions completed; (3) to provide Plaintiff the names of all Store Directors under whom the five opt-in plaintiffs worked during the relevant time frame; and (4) to not object to Plaintiff deposing as many of the Store Directors as he wished to do so, subject to the 10-deposition limit of Rule 30(a). (ECF No. 82-3, pp. 1-4.)

Plaintiff never responded to Defendant's last proposal, never offered a single date when the five opt-in plaintiffs whom Defendant had selected were available for deposition, never identified the Store Directors he wished to depose, and never suggested any dates when he was available for such depositions. Instead, Plaintiff notified counsel for Defendant, for the first time, at approximately 4:30pm local time on October 27 that he intended to file the instant Motion for Protective Order – and even then, Plaintiff's counsel did not provide any information regarding the nature of the forthcoming motion, and mentioned it only in conjunction with his proposed

5

revisions to the parties' Joint Status Report that was due that day. (*See* relevant email communications between counsel, attached as Exhibit 1.)

### B. Plaintiff Has Not Satisfied His Burden Of Proving That He Is Entitled To A Protective Order.

As the party seeking a protective order, Plaintiff bears the burden of establishing that good cause exists for its issuance. *See Pfizer Inc. v. Apotex Inc.*, 744 F.Supp.2d 758, 762 (N.D. Ill. Sept. 29, 2010) ("The party seeking a protective order bears the burden of proof to show that good cause exist for its issuance."); *see also* Fed. R. Civ. P. 26(c). Plaintiff can satisfy his burden only by making a "particular and specific demonstration of fact." *See Estate of Richard McNamara v. Navar*, 2020 U.S. Dist. LEXIS 70813 (N.D. Ind. Apr. 22, 2020).

Here, Plaintiff has not even come close to satisfying this burden. Plaintiff's Motion for Protective Order is not clear as to what relief he seeks from the Court. He has not identified any discovery sought by Defendant that he seeks to prevent. Indeed, the only discovery currently sought by Defendant is the depositions of five opt-in plaintiffs, which Plaintiff has not (and cannot) argue is impermissible. It appears that Plaintiff is actually asking is for the Court to force the parties to enter into a stipulation prohibiting Defendant from offering the testimony, at trial or otherwise, of any Store Director other than those whom Plaintiff decides to depose. Not surprisingly, Plaintiff offers no legal authority to support this request, nor does he offer a corresponding limitation on the witnesses on whose testimony *he* can rely at trial. This case is no different than any other: Neither party is limited at trial to calling only those witnesses whom the other party deposed during discovery. If Plaintiff believes that he requires more than ten depositions, he must either secure a stipulation to that effect from Defendant or seek leave from the Court (which he has not done). There is no legal or factual basis for the protective order that Plaintiff seeks, and his request for a protective order should be denied.

C. **Plaintiff Did Not Satisfy His Meet And Confer Obligations Under Local Rule 37.2.**

Plaintiff's Motion for Protective Order should be denied for the additional reason that he did not fulfill his meet and confer obligations under Local Rule 37.2. Pursuant to Local Rule 37.2, Plaintiff was required to confer in person or telephonically with Defendant prior to filing his Motion for Protective Order:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that *after consultation in person or by telephone and good faith attempts to resolve differences* they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's.

L.R. 37.2 (emphasis added).

As described above, Plaintiff did not raise the issue of additional Store Director depositions until October 17. (*See* Ex. 1, p. 6-7.) Although counsel for Defendant requested a telephone conference to discuss Plaintiff's concerns regarding the Store Director depositions (*see* Ex. 1, p. 6 ("When you are able, we would like to set up some time to discuss rescheduling the opt in depositions and resolving any issues relating to the store manager depositions . . .")), Plaintiff never responded to this request and no such telephone conference ever occurred. Plaintiff did not notify Defendant if his intention to file the instant Motion for Protective Order until late afternoon on October 27, mere hours before it was filed, and even then did not provide any information regarding the nature of the motion or the relief sought. (*See* Ex. 1, p. 1.) Under these circumstances, Plaintiff did not satisfy his meet and confer obligations under Local Rule 37.2, and his Motion for Protective Order should be denied for this additional reason.

### D. Defendant Does Not Oppose A Short Extension Of Discovery To Complete Depositions.

Finally, with respect to Plaintiff's request to extend the deadline of the Phase II discovery period, Defendant does not oppose a short extension of the discovery deadline to permit the parties to complete depositions. Defendant submits that an extension of no more than 45 days will be sufficient to complete the remaining discovery.

### E. Conclusion

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Protective Order.

Respectfully submitted,

/s/*David K. Montgomery*
Christopher S. Griesmeyer (ARDC #6269851)
Adam C. Maxwell (ARDC #6306534)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com
Email: amaxwell@grglegal.com

Case: 1:18-cv-07297 Document #: 85 Filed: 11/06/20 Page 9 of 10 PageID #:537

David K. Montgomery (admitted *pro hac vice*)
Jamie M. Goetz-Anderson (admitted *pro hac vice)*
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: jamie.goetz-anderson@jacksonlewis.com

*Counsel for Defendant*
*Roundy's Illinois, LLC, d/b/a Mariano's*

## CERTIFICATE OF SERVICE

I certify that on November 6, 2020, the foregoing was electronically filed with the Court's CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ David K. Montgomery*
David K. Montgomery

4812-8034-2737, v. 1