**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES HAUGEN,** | : | |
| | : | Case No. 1:18-cv-07297 |
| **Plaintiff,** | : | |
| | : | Judge Elaine E. Bucklo |
| **v.** | : | |
| | : | Magistrate Judge Sheila M. Finnegan |
| **ROUNDY'S ILLINOIS, LLC d/b/a** | : | |
| **MARIANO'S,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**<u>DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT TWO (2) DEPOSITIONS IN EXCESS OF RULE 30(a)(2)(A)(i)</u>**

Defendant Roundy's Illinois, LLC respectfully requests that the Court deny Plaintiffs' Motion for Leave to Conduct Two (2) Depositions in Excess of Rule 30(a)(2)(A)(i) ("Motion for Leave"). As an initial matter, Plaintiffs' Motion for Leave should be denied because Plaintiffs failed to satisfy their meet and confer obligations prior to filing the Motion for Leave, as they did not consult with counsel telephonically or in person as required by Local Rule 37.2.

Notwithstanding Plaintiffs' failure to satisfy Local Rule 37.2, Plaintiffs' Motion for Leave should be denied for the additional reason that they have not demonstrated why they need additional depositions beyond the ten permitted under Rule 30, much less offered any reasonable justification for why Plaintiffs should be permitted to take more depositions than Defendant. Although Defendant does not agree that additional depositions are necessary, in an effort to compromise Defendant previously informed Plaintiffs that it was willing to stipulate to an additional two depositions beyond Rule 30's 10-deposition limit provided that the extension was mutual – i.e., that Defendant also would have the opportunity to take up to 12 depositions. Plaintiffs refused this offer, and in doing so mischaracterized the parties' previous discussions and

1

agreements concerning depositions.  Accordingly, Defendant respectfully requests that the Court

deny Plaintiffs' Motion for Leave, or alternatively, issue an order permitting both parties to take

up to twelve depositions.

### A.     Plaintiffs Did Not Satisfy Their Meet And Confer Obligations Under Local Rule 37.2 Prior To Filing Their Motion For Leave.

Initially, Plaintiffs' Motion for Leave should be denied because they did not fulfill their

meet and confer obligations under Local Rule 37.2 prior to filing it.  Pursuant to Local Rule 37.2,

Plaintiffs were required to confer in person or telephonically with Defendant prior to filing their

Motion for Leave:

> To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that *after consultation in person or by telephone and good faith attempts to resolve differences* they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

L.R. 37.2 (emphasis added).

Plaintiffs did not consult with the undersigned counsel telephonically or in person (or even

attempt to do so) prior to filing their Motion for Leave – despite multiple invitations from

Defendant's counsel to do so.  (*See* email correspondence between counsel, attached as Exhibit 1,

p. 3 ("Happy to discuss further if you would like."), p. 1 ("Happy to discuss.").)  Not surprisingly,

Plaintiffs' Motion for Leave does not contain the statement required by Local Rule 37.2 confirming

when and with whom the required consultation occurred.  This is the second time in just over a

month that Plaintiffs ignored their meet and confer obligations:  Plaintiffs previously filed another

discovery motion (*see* ECF 82) and did not satisfy their meet and confer obligations with respect

to that motion either. (*See* ECF 85, p. 7.)  In the November 16, 2020 telephonic hearing in which the Court described its reasons for denying that motion, the Court specifically called out Plaintiffs' failure to satisfy their meet and confer obligations.  (*See* Nov. 16, 2020 Tr., p. 4 ("As an initial matter, I don't think plaintiff met the duty even to meet and confer before filing the motion.").)  During the hearing, the Court expressly advised Plaintiffs to meet and confer before filing any future motions. (*See id.* at p. 9 ("I'm not foreclosing you from filing other motions.  Make sure you don't do them at the last minute and that you do confer beforehand.").).

Plaintiffs' Motion for Leave should be denied on this basis alone.

**B.**　　**Plaintiffs Have Not Demonstrated The Need For Additional Depositions Beyond The Ten Permitted Under Rule 30; Even If They Could, Any Extension Of Rule 30's Limit Should Apply Equally To Both Parties**.

Plaintiffs' Motion for Leave should be denied for the additional reason that Plaintiffs have not demonstrated why additional depositions are necessary.  As Plaintiffs indicate in their Motion for Leave, Defendant has deposed five of the opt-in plaintiffs and Plaintiffs have deposed two Store Directors under whom these opt-in plaintiffs have worked.  Plaintiffs now seek to depose an additional eight Store Directors, as well as three current People Service Managers (who have not opted-in to the case) whose declarations Defendant produced several months ago.[1] (*See* Pl. Motion for Leave, ¶¶5-6.)  Plaintiffs, however, offer no explanation for why they need to depose more than one Store Manager for each opt-in plaintiff who has been deposed. Nor do they provide a reason why they need to depose three PSMs who have chosen not to join the case.  Indeed, Plaintiffs' position that they require additional depositions is particularly curious given that their claims are based on the underlying premise that they are so alike that their claims can be decided

---

[1] Although Plaintiffs seemingly seek to take a total of 13 depositions (two Store Directors have already been deposed, eight additional Store Directors, and three People Service Managers whose declarations have been produced), Plaintiffs seek leave to take just 12 depositions.

on a collective basis. If the opt-in plaintiffs are truly similarly-situated to each other (and to Plaintiffs), Plaintiffs have not and cannot explain why they need to depose every Store Director for whom they worked – much less three PSMs who chose not to join the case. Simply put, Plaintiffs fail to provide any reasonable justification for why this case is different from any other, where counsel must prioritize the discovery that it seeks within the bounds of the Federal Rules.

Furthermore, even if Plaintiffs could demonstrate the need for the two additional depositions that they now seek, there is no reason that the extension of Rule 30's limit should not be made mutual so that both parties have the opportunity to take up to 12 depositions if they wish. In their Motion for Leave and correspondence with counsel prior to filing their Motion for Leave, Plaintiffs have suggested that Defendant agreed to limit itself to just five depositions. This is not true, and mischaracterizes the parties' previous discussions and agreement concerning depositions.

By way of background, Plaintiffs served a 30(b)(6) deposition notice on August 10, 2020, requiring Defendant to produce "the corporate representative or representatives with knowledge of the day to day job duties" of each of the 30 Plaintiffs/opt-in plaintiffs. (*See* ECF 82-1.) On August 17, 2020, counsel for Defendant responded, describing their objections to the 30(b)(6) deposition notice and asking to schedule a telephone conference to discuss this issue and to confer regarding scheduling depositions of opt-in plaintiffs. (*See* ECF No. 82-2.) Counsel for the parties conferred by phone on August 25, 2020, and agreed that Plaintiffs would withdraw their 30(b)(6) deposition notice, Defendant could depose five opt-in plaintiffs, and Plaintiffs could depose five Store Directors (who supervised the People Service Manager position at issue in this case). The parties' agreement is reflected in the Joint Status Report that the parties filed the same day:

> The parties conferred on August 25, 2020 regarding the remaining depositions to be taken in this case. ***The parties have tentatively agreed that Defendants will identify 5 opt-in plaintiffs for deposition and Plaintiffs will identify 5 store managers for depositions.*** Those depositions will proceed within approximately

the next thirty days.  Should the parties require additional depositions, they will meet and confer to discuss a procedure regarding the nature and extent of those depositions.

 (ECF No. 76 (emphasis added).)

Months later, as the parties attempted to schedule these depositions, Plaintiffs' counsel for the first time stated that contrary to the parties' August 25 agreement he needed to depose *all* of the Store Directors under whom the five opt-in plaintiffs that Defendant had selected to depose had worked unless Defendant would stipulate that it would not rely at trial on the testimony from Store Directors beyond the five.  (ECF No. 82-3, pp. 4-5.)  Defendant did not agree to Plaintiffs' proposed stipulation; however, in subsequent email communications, Defendant did agree to provide Plaintiffs the names of all Store Directors under whom the five opt-in plaintiffs worked during the relevant time frame (which it has since done) and to not object to Plaintiff deposing as many of the Store Directors as he wished to do so, subject to the 10-deposition limit of Rule 30(a). (ECF No. 82-3, pp. 1-4.)

On December 13, 2020, Plaintiffs' counsel asked if Defendant would be agreeable to a stipulation permitting Plaintiffs to take 12 depositions, two in excess of Rule 30's ten-deposition limit.  (*See* Exhibit 1, p. 5.)  Counsel for Defendant responded that it was agreeable to Plaintiffs' proposed stipulation "provided that Roundy's has the opportunity to take an equal number of depositions." (*See* Exhibit 1, p. 4.)  In a series of emails, counsel for Plaintiffs explained that he would not agree to a mutual extension of Rule 30's ten-deposition limit, purportedly relying on the parties' original agreement to each take five depositions.  (*See id.* at pp. 1-4.)  Counsel for Defendant nonetheless confirmed that it was willing to agree to a mutual stipulation.  (*See id.* at p. 1 ("John – we originally agreed to 5 depositions each. You now want to take 12 and that is

5

agreeable as long as we have the same right.  I doubt we would take that many, but whatever limits we agree to have to be equal. Happy to discuss. Thanks.").)

In other words, Plaintiffs expect Defendant to adhere to the parties' August 2020 agreement (wherein the parties agreed that each side would take five depositions), while ignoring their own obligations under the same agreement.  This position makes no sense.  Defendant *never* agreed that it would be limited to a certain number of depositions if Plaintiffs were not similarly restricted. If Plaintiffs are permitted to take more than ten depositions, Defendant should be given the opportunity to take an equal number of depositions.

### C.     Conclusion

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Leave.  Furthermore, considering that the Court reminded Plaintiffs of their meet and confer obligations just one month before they filed their Motion for Leave, and that counsel for Defendant repeatedly invited Plaintiffs to confer, sanctions are appropriate. *See, e.g., Kramer v. Am. Bank & Trust Co., N.A.*, 2015 U.S. Dist. LEXIS 177335 (N.D. Ill. Aug. 17,  2015). Accordingly, Defendant respectfully requests that the Court award it its reasonable attorneys' fees incurred in responding to Plaintiffs' Motion for Leave.[2] Alternatively, if the Court grants Plaintiff leave to take two additional depositions, Defendant respectfully requests that it be afforded the opportunity to take the same number of depositions.

Respectfully submitted,

/s/*David K. Montgomery*
Christopher S. Griesmeyer (ARDC #6269851)
Adam C. Maxwell (ARDC #6306534)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602

---

[2] If the Court grants Defendant's request for sanctions, Defendant will submit documentation supporting their requested fees.

Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com
Email: amaxwell@grglegal.com

David K. Montgomery (admitted *pro hac vice*)
Jamie M. Goetz-Anderson (admitted *pro hac vice)*
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: jamie.goetz-anderson@jacksonlewis.com

*Counsel for Defendant*
*Roundy's Illinois, LLC, d/b/a Mariano's*

## CERTIFICATE OF SERVICE

I certify that on January 6, 2021, the foregoing was electronically filed with the Court's CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ David K. Montgomery*
David K. Montgomery

4821-2486-4469, v. 1

7