IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HAUGEN AND CHRISTIAN GOLDSTON, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S<br><br>Defendant. | No. 18 cv 7297<br><br>**The Honorable Elaine E. Bucklo District Court Judge**<br><br>The Honorable Sheila M. Finnegan Magistrate Judge |

**PLAINTIFFS' MOTION TO CLARIFY DISMISSAL OF OPT-IN PLAINTIFFS AND MOTION TO TOLL STATUTE OF LIMITATIONS FOR DECERTIFIED CLAIMS**

NOW COME all Plaintiffs, by their attorneys of record, and for their Motion to Clarify Dismissal of Opt-In Plaintiffs and Motion to Toll Statute of Limitations for Decertified Claims, state as follows:

1. On March 11, 2021, Defendant moved to decertify the FLSA collective action conditionally certified by this Court. Dkt. 109.

2. On March 16, 2021, the Court entered a briefing schedule on Defendant's Motion to Decertify. Dkt. 111. Following contested briefing, the Court granted Defendant's Motion to Decertify and decertified the class of People Service Manager ("PSM") Plaintiffs who were staffed at Mariano's grocery store locations across Illinois. Dkt. 124-125. These PSMs alleged they were misclassified as "salary-exempt" and did not receive overtime compensation for hours worked in excess of 40 in individual work weeks.

3. The Court's opinion, which discussed the merits of decertification and the Court's view of prevailing law in that regard, decertified the class of PSM plaintiffs, but did

not definitively state the present status of the claims of the former opt-in Plaintiffs, all of whom filed Consent forms asserting federal, state and municipal wage claims against Defendant. It is Plaintiffs' counsels' understanding that the claims would, subsequent to the Court's Memorandum and Opinion Order, be dismissed without prejudice with leave to refile on an individual basis.

4. However, the Court's ruling does not specifically dismiss the claims of opt-in Plaintiffs without prejudice, leaving uncertain the status of the opt-in Plaintiffs' claims. Plaintiffs, and their counsel, seek clarification from this Court's order decertifying the FLSA collective action as to whether the claims of the former opt-in Plaintiffs are, in fact, dismissed without prejudice with leave to refile individually.

5. Additionally, if and when the collective claims of the former opt-in plaintiffs are dismissed without prejudice with leave to refile individually, Plaintiffs request that this Court toll their statutes of limitations from the date their Consent forms were filed and find that claims of any refiling plaintiffs relate back to the *Haugen* matter, filed November 1, 2018. Dkt. 1.

6. It is well established in this District that upon decertification of an FLSA collective action previously conditionally certified under 29 U.S.C. 216(b), that the statute of limitations for remaining, former opt-in plaintiffs who elect to refile their claims on an individual basis, have their statute of limitations tolled from the date their consent form to join the FLSA collective action was filed.

7. After an FLSA collective action was decertified in *Blakes v. Ill. Bell Tel. Co.*[1], a number of former opt-in plaintiffs in that matter filed their own individual claims against

---

[1] No. 11 CV 336, 2013 WL 6662831, at *1 (N.D.Ill.Dec. 17, 2013).

defendant. One of those former opt-in plaintiffs, Winston Hodges, re-asserted claims under the FLSA and IMWL against Illinois Bell Telephone Company ("Ill. Bell") sought to dismiss Hodges' claims in large part because Ill. Bell believed Hodges' claims had become time barred by the statute of limitations.

8. In denying Ill. Bell's motion to dismiss, Judge St. Eve found that Hodges' claims related back to the *Blakes* complaint, pursuant to Fed. R. Civ. P. 15(c)(1)(B), in that "Hodges' present FLSA claim [arises] out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the *Blakes* lawsuit" and that "Illinois Bell [had] notice of Hodges' claims." *Hodges v. Illinois Bell Tel. Co.*, No. 15 C 2711, 2015 WL 6407757, at *4 (N.D. Ill. Oct. 21, 2015). Ultimately, the *Hodges* court concluded that Hodges' "present Amended Complaint relates back to the *Blakes* lawsuit in which Hodges filed a written consent on August 15, 2011, all of Hodges' claims are timely." *Id*. at 5.

9. Judge St. Eve reached a similar conclusion in *Miller v. Ill. Bell Tel. Co.* Miller, a former opt-in of the *Blakes* action, asserted individual FLSA and IMWL claims against Ill. Bell. Despite similar arguments by Ill. Bell as proffered in *Hodges*, Judge St. Eve again concluded that Miller's claims "[relate] back to the *Blakes* Action in which Miller filed a written consent on August 24, 2011, Miller's FLSA claims are timely." *Miller v. Illinois Bell Tel. Co.*, 157 F. Supp. 3d 749, 757 (N.D. Ill. 2016).[2]

10. Other courts in this District have, for additional reasons, found that new, individual claims filed by former opt-in plaintiffs are not time barred. See *Wiggins v. Illinois Bell Tel. Co.*, No. 15 C 02769, 2015 WL 6408122, at *4 (N.D. Ill. Oct. 22, 2015) (J .Chang

---

[2] The Court did dismiss Miller's claims under the Illinois Wage Payment and Collection Act, finding that those claims, not at issue in the original *Blakes* matter, were not sufficiently plead by Miller.

3

ruled that the Supreme Court's holding in *American Pipe & Construction Co. v. Utah* applied to the claims of former opt-in plaintiffs in *Blakes*, such that "*American Pipe* tolling applies here: 'Because [Wiggins] timely filed his individual complaint after the decertification order in the *Blakes* action, Illinois Bell does not dispute that the statute of limitations was tolled.'"). See also *Alphonse v. Illinois Bell Tel. Co.*, No. 15 CV 2692, 2015 WL 7251953 (N.D. Ill. Nov. 17, 2015) (Judge Shah denied in part Ill. Bell's motion to dismiss, finding only those new claims seeking relief beyond August 11, 2011 (the date Alphonse filed his consent to join the *Blakes* action) were time barred. The Court also held that Ill. Bell was put on notice of Alphonse's FLSA claims when he joined the *Blakes* case, such that Alphonse's FLSA claims that arose under the same conduct, transaction, and occurrence as the *Blakes* matter were proper under either the relate-back doctrine or tolling principles.).

11. While Defendants may argue that any of the dismissed, opt-in claims asserted in *Haugen* which might later be reasserted on an individual basis by former opt-in plaintiffs are new claims, such that they become time barred once filed, courts in this District have repeatedly rejected those positions by employer-defendants. See again *Hodges, Miller, Wiggins* and *Alphonse*.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their Motion to Clarify Dismissal of Opt-In Plaintiffs and Motion to Toll Statute of Limitations for Decertified Claims and enter and order:

A) formally dismissing the opt-in plaintiffs in *Haugen* from the action with leave to refile on an individual basis;

4

B) tolling the statute of limitations of the FLSA, IMWL and CMWO claims of all opt-in Plaintiffs in the *Haugen* collective action to the date each former opt-in Plaintiff filed their consent form;

D) holding that to the extent any former opt-in plaintiff in the *Haugen* matter reasserts the same FLSA, IMWL and CMWO as contained alleged in *Haugen*, that those claims relate back to the *Haugen* matter pursuant to Fed. R. Civ. P. 15(c)(1)(B); and

C) and for all such other relief the Court deems appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 08/30/2021*

<u>s/John W. Billhorn</u>

John W. Billhorn
Samuel D. Engelson
Attorneys for Plaintiffs

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604

5