# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HAUGEN AND CHRISTIAN GOLDSTON, on behalf of themselves, and all other Plaintiffs similarly situated, known and unknown, | ) ) ) ) | |
| | ) | Case No. 18-cv-07297 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Honorable Judge Elaine E. Bucklo** |
| | ) | |
| ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S | ) ) | **Magistrate Judge Sheila M. Finnegan** |
| | ) | |
| Defendant. | ) | |

## RESPONSE IN OPPOSITION TO MOTION TO CLARIFY DISMISSAL OF OPT-IN PLAINTIFFS AND MOTION TO TOLL STATUTE OF LIMITATIONS FOR DECERTIFIED CLAIMS

On August 5, 2021, this Court entered an order ("Decertification Order") granting the motion of Defendant Roundy's Illinois, LLC d/b/a Mariano's ("Mariano's") to decertify the collective action it previously conditionally certified pursuant to the Fair Labor Standards Act ("FLSA").

Seventeen days later, Plaintiffs filed the instant motion requesting the Court clarify whether the 28 Plaintiffs who opted-in to this lawsuit ("Opt-In Plaintiffs") will be dismissed without prejudice.  Plaintiffs further request that the Court toll the statute of limitations for any claims these Opt-In Plaintiffs may potentially file under the FLSA, the Illinois Minimum Wage Law ("IMWL"), and the Chicago Minimum Wage Ordinance ("CMWO") for an indefinite amount of time.

Mariano's responds, first, that in light of the Decertification Order, the Opt-In Plaintiffs should be dismissed without prejudice.  Second, the Court should not enter a blanket order

tolling the statute of limitations and should instead leave the fact-specific question of tolling to the Judges assigned to the Opt-In Plaintiffs' subsequent lawsuits (if any).  Finally, if the Court is inclined to enter a tolling order, it should limit the scope of the order to the FLSA claims decertified here and should be for a brief period not to exceed 30 days, which is more than sufficient for the limited amount of potential individual lawsuits.

**I.      The Court Should Dismiss the Opt-In Plaintiffs Without Prejudice.**

Plaintiffs seek clarification "as to whether the claims of the former opt-in Plaintiffs are . . . dismissed without prejudice with leave to refile individually."  Motion at ¶ 4.

The Court should dismiss the Opt-In Plaintiffs without prejudice.  "When a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs." *Alvarez v. City of Chicago*, 605 F.3d 445, 450 (7th Cir. 2010).  Accordingly, upon decertifying collective actions, courts in the Seventh Circuit routinely dismiss the opt-in plaintiffs without prejudice to their ability to file an individual lawsuit. *See*, *e.g.*, *Elder v. Comcast Corp.*, 2015 U.S. Dist. LEXIS 70231 * 32 (N.D. Ill. Jun. 1, 2015) ("This case is decertified as a collective action and the claims of the opt-in plaintiffs and unnamed class members are dismissed without prejudice."); *Miller v. Thedacare Inc.*, 2018 U.S. Dist. LEXIS 7767 * 40 (E.D. Wis. Jan. 17, 2018) ("The collective action is decertified and the claims of the opt-in plaintiffs are dismissed without prejudice."); *Ahad v. Bd. of Trs. Of S. Ill. Univ.*, 2019 U.S. Dist. LEXIS 53392 * 28 (S.D. Ill. Mar. 28, 2019) ("Defendants' Motion to Decertify Collective Action [] is granted.  The claims of the opt-in plaintiffs are dismissed without prejudice.").

Accordingly, the Court should dismiss the Opt-In Plaintiffs without prejudice, and this case should proceed on behalf of the named plaintiffs individually. *See Alvarez*, 605 F.3d at 450.

## II.     The Court Should Not Enter a Blanket Tolling Order.

"The statute of limitations for a plaintiff in a collective action is tolled after the plaintiff

has filed a consent to opt in to the collective action, and begins to run again if the court later

decertifies the collective action." *See Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d

1088, 1106 (D. Kan. 2012) (citing 29 U.S.C. § 256(b)).  Accordingly, the limitations periods

applicable to the Opt-In Plaintiffs began to run as of the Court's August 5, 2021 Order.  Plaintiffs

have now asked the Court to enter an order tolling the limitations period indefinitely for all Opt-

In Plaintiffs who might decide to file individual actions.  Motion at ¶ 5.  The Court should deny

Plaintiffs' request.

"[T]here is no language in the FLSA that provides for tolling the claims of former opt-in

plaintiffs following decertification of a collective action." *Espenscheid v. DirectSAT USA, LLC*,

2011 U.S. Dist. LEXIS 157339 ** 6-7 (W.D. Wis. July 27, 2011).  While courts have taken

different approaches to this issue (*see* Section IV, *infra*) some courts have held it is

"inappropriate [for the decertifying court] to enter a broad order compelling tolling . . . because

the issue of tolling should be addressed by the courts in which [the opt-ins] file their [individual]

lawsuits." *Espenscheid*, 2011 U.S. Dist. LEXIS 157339 * 4; *see also Green*, 888 F. Supp. 2d at

1106 (denying motion to toll statute of limitations after decertification).  As one Judge in this

circuit explained, it is impossible for the decertifying court to evaluate the fact-specific tolling

issue because it does not know which opt-ins will file individual lawsuits: "[P]laintiffs are

seeking tolling for the benefit of an unknown group of potential plaintiffs who may, in the future,

choose to file individual actions, and whose claims may be adversely affected by the normal

running of the limitations periods.  Under such circumstances, I cannot determine whether tolling

would be appropriate." *Espenscheid*, 2011 U.S. Dist. LEXIS 157339 * 4.  Mariano's

respectfully requests that this Court follow this approach and leave the question of tolling up to

the Judges assigned to the Opt-In Plaintiffs' subsequently-filed individual lawsuits (if any).

### III.     Plaintiffs Have Not Asserted a Basis for Equitable Tolling.

Even if the tolling issue were ripe at this juncture (and it is not), Plaintiffs have not set

forth any evidence that they are entitled to equitable tolling.  Equitable tolling is "granted

sparingly only when extraordinary circumstances far beyond the litigant's control prevented

timely filing."  *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922,

930-31 (7th Cir. 2015).  If a Plaintiff is able to identify such "extraordinary circumstances," they

must be "balanced against any prejudice that the delay might cause the defendants."  *Savory v.*

*Lyons*, 469 F.3d 677, 673-74 (7th Cir. 2006).

Here, this Court entered the Decertification Order 28 days ago.  Plaintiffs do not identify

any "extraordinary circumstances" that prevented them from filing a timely claim in the interim,

nor do they explain why they waited more than three full weeks before filing the instant motion.

Even if Plaintiffs had identified such "extraordinary circumstances," they have not set forth any

argument that those circumstances outweigh the potential prejudice to Mariano's of having to

defend otherwise time-barred claims.

### IV.     If the Court Enters a Tolling Order, it Should Be Limited in Substantive Scope and For No More Than 30 Days.

Despite the fact that tolling is not required in decertified FLSA cases, Plaintiff cites to

several cases in this district which tolled plaintiffs' subsequent individual claims following

decertification.  Essentially all of the relevant case law in this district arose in the context of

individual plaintiffs re-filing claims after decertification of a collective action in *Blakes v. Ill.*

*Bell Tel. Co.*, 2013 U.S. Dist. LEXIS 176496 (N.D. Ill. Dec. 17, 2013).  Plaintiffs correctly state

that some courts in this district held individual, post-decertification claims were "tolled" (or were

4

otherwise timely) based on either Rule 15(c) and/or *American Pipe & Constr. Co. v. Utah*, 414

U.S. 538 (1974).  However, the reasoning of the many district court orders on this issue are far

from uniform, and Plaintiffs are not entitled to the broad relief they request.

Initially, Plaintiffs appear to request that the Court toll the limitations period for Plaintiffs

to file any FLSA, IMWL, or CMWO claims.  *See* Motion at ¶ 10 (referencing "new" claims); *id.*

at p. 5 (B), (D) (requesting tolling of both "FLSA, IMWL and CMWO claims" generally as well

as the claims specifically asserted here).  The better reasoned cases on this issue limit any

potential tolling to the precise claims that were argued and decertified.  *See Bowen v. Ill. Bell*

*Tel. Co.*, 2016 U.S. Dist. LEXIS 4903 * 12 (N.D. Ill. Jan. 14, 2016) ("[E]ven if the instant action

could be construed as a continuation of the [decertified] case and [plaintiff] seeks to have his

complaint in this case relate back to the complaint . . . pursuant to [Fed. R. 15(c)(1)], it would

only apply to the same FLSA claims asserted in [decertified case], not to the additional conduct

that has been introduced in this case[.]"); *Scott v. Ill Bell Tel. Co.*, 169 F. Supp. 3d 845, 854

(N.D. Ill. 2016) ("*American Pipe* applies only when the earlier class suit involves exactly the

same cause of action subsequently asserted.").  Accordingly, any tolling order should be limited

to the claims the Opt-In Plaintiffs asserted here, specifically, the FLSA claim that this Court

decertified.[1]

Second, Plaintiffs suggest that their claims relate back to the filing of *Haugen*, *i.e.*,

November 1, 2018.  Motion at ¶ 5.  This argument fails as a matter of law.  Any tolling or

relation back should only go back to the date in which each Opt-In Plaintiff filed their written

---

[1] There is no need to expressly toll Opt-In Plaintiffs' IMWL or CMWO claims because they are already tolled by Named Plaintiffs' pending putative class action.  Pursuant to *American Pipe*, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class" and the limitations period "remains tolled for all members of the putative class until class certification is denied."  *Crown v. Parker*, 462 U.S. 3435, 353-54 (1983).

consent notice, not the date the *Haugen* complaint was filed. *See* 29 U.S.C. § 256(b) (action for opt-ins commences when the individual files his written consent in the court in which the action is brought).

Third, Plaintiffs' motion requests tolling for an endless amount of time. The Court should not allow Plaintiffs an indefinite amount of time to prepare and file their new claims. When courts toll the limitations period in decertified collective actions, they do so for a limited period of time. *See*, *e.g.*, *Johnson v. Big Lots Stores*, 2008 U.S. Dist. LEXIS 123265 ** 4-5 (E.D. La. July 24, 2008) (tolling limitations period for 45 days in a case in which the decertification order "dismissed 936 plaintiffs that reside across the country"); *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 284 (N.D. Tex. 2008) (tolling limitations period for 30 days after decertifying class of over 1,000 plaintiffs); *Reyes v. Texas Ezpawn, L.P.*, 2007 U.S. Dist. LEXIS 1461 * 32 (S.D. Tex. 2007) (tolling the statute of limitations for 30 days after decertifying a class of 82 plaintiffs). Here, there are only 28 Opt-In Plaintiffs and they have already had more than three weeks since the Court's Decertification Order to prepare their individual claims. Mariano's respectfully requests that any tolling order be limited to a period of 30 days.

For the foregoing reasons, Mariano's respectfully requests that the Court dismiss the Opt-In Plaintiffs without prejudice. Mariano's also requests that the Court not enter a blanket tolling order, or alternatively, limit the scope of any tolling order to the specific claims asserted and decertified in this lawsuit and for a period of no more than 30 days.

6

Respectfully submitted,

/s/ *David K. Montgomery*

David K. Montgomery (Pro Hac Vice)
Jamie M. Goetz-Anderson (Pro Hac Vice)
JACKSON LEWIS P.C.
PNC Center, 26th Floor
201 E. Fifth Street
Cincinnati, OH 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
Email: david.montgomery@jacksonlewis.com
Email: Jamie.Goetz-Anderson@jacksonlewis.com


Christopher S. Griesmeyer (ARDC #6269851)
GREIMAN, ROME & GRIESMEYER, LLC
2 North LaSalle Street, Suite 1601
Chicago, IL 60602
Telephone: (312) 428-2750
Email: cgriesmeyer@grglegal.com

*Counsel for Defendant*

7

8

## CERTIFICATE OF SERVICE

I certify that on September 2, 2021, the foregoing was electronically filed with the Court's CM/ECF system, which will send electronic notification to all counsel of record.

*/s/ David K. Montgomery*
David K. Montgomery

4811-2840-2169, v. 1

8